UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

FILED by _____ D.C.

JAN 1 4 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

CASE NO: 9-12-cv-80762-RYSKAMP-HOPKINS

GHAHAN, LLC,
An Ohio Limited Liability Company,

       Plaintiff,

Vs.

PALM STEAK HOUSE, LLC, Et Al.,

       Defendants.

_____/

## NOTICE OF FILING
## AFFIDAVIT OF THOMAS FARESE
## IN SUPPORT OF DEFENDANTS PALM STEAK HOUSE AND SUZANNE FARESE'S
## RESPONSE IN OPPOSITION TO PLAINTIFF GHAHAN'S
## MOTION TO DISQUALIFY (DE-29)

Defendant, THOMAS FARESE, Pro Se, hereby notices the filing of the attached

Affidavit of Thomas Farese with Exhibits A-D, in support of Defendant Palm Steak House and

Suzanne Farese's opposition to Plaintiff's Motion to Disqualify Counsel (DE-29), or any other

purposes in this proceeding.

       Dated: January 7, 2013

                        Respectfully submitted,

                        Thomas Farese, Pro Se
                        65 N. E. 4th Ave, Townhouse "G"
                        Delray Beach, Florida 33483
                        Fax: 561-276-7099 Cell: 561-452-0022
                        tfarese@comcast.net

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY THAT I have furnished a copy of the forgoing to each of the
following persons by First Class postage paid mail on this 7th day of January 2013:

Gregory R. Elder, Esquire
Foreman Friedman, PA
2. S. Biscayne Boulevard
Miami, Florida 33130
Phone: 305-358-6555 Fax: 305-374-9077
gelder@fflegal.com
Erin Elizabeth Boatman, eboatman@fflegal.com;
mfonticiella@fflegal.com
For Plaintiff Ghahan, LLC

Barry Roderman, Esquire
One East Broward Blvd., Suite 700
Fort Lauderdale,, Florida 33301
Tel: 954-761-8810 Fax: 954-761-9911
bgr@barryroderman.com
For Defendants PSH and Suzanne Farese

David M. Goldstein, Esquire
Law Offices of David M. Goldstein, P.A.
12000 Biscayne Blvd., Suite 802
Miami, Florida 33181
V. 305-372-3535 F. 305-577-8232
For Defendants PSH and Suzanne Farese

Thomas Farese, Pro Se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO: 9-12-cv-80762-RYSKAMP-HOPKINS

GHAHAN, LLC,
An Ohio Limited Liability Company,

       Plaintiff,

Vs.

PALM STEAK HOUSE, LLC, Et Al.,

       Defendants.

_____/

### AFFIDAVIT OF THOMAS FARESE
### OPPOSING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

State of Florida          )
County of Palm Beach    )

      Before me, the undersigned authority, personally appeared THOMAS FARESE, who after

being first duly sworn by me, deposes and states as follows:

      1.     My name is THOMAS FARESE, and I am over the age of 21 years, am of
sound mind and capable of making this affidavit and I am personally acquainted with the facts.
I am a defendant in this case.  All facts stated in this affidavit are true and within my personal
knowledge.

      2.     I make this affidavit in support of my co-defendants' opposition to
Plaintiffs' Motion to disqualify attorneys Barry Roderman and David Goldstein from
representing my spouse, Suzanne Farese and Palm Steak House, LLC. (Docketed as Entry 29).

#### PLAINTIFF'S INTENTIONAL ERRONEOUS STATEMENTS

      3.     Plaintiff's Motion to Disqualify erroneously states that : "Roderman and
Goldstein previously represented Defendant Thomas Farese ("Farese") in this same dispute
against Plaintiff, during which time they presumptively obtained client confidences from
Farese...." (See the Motion at page 2 ¶1). **This statement made by Plaintiff's counsel is not
true.** Barry Roderman and David Goldstein did not represent me in the course of dealings with
Steve Roumaya concerning the proposal for me to purchase Roumaya's member interest in
Ghahan, LLC.

4.     Additionally, Plaintiff erroneously states that: "Roderman and Goldstein represented PSH and Farese as their attorneys prior to the filing of the subject lawsuit in this same dispute with Plaintiff, as evidenced, in part, by a November 29, 2011 letter, purporting to terminate the Management Agreement between Plaintiff and PSH. (See letter, DE 18-2)." **This statement made by Plaintiff's counsel is also not true.** As I stated in paragraph 3 above, Barry Roderman and David Goldstein did not represent me in the course and dealings with Steve Roumaya concerning the proposal for me to purchase Roumaya's interest in Ghahan, LLC. Barry Roderman and David Goldstein, to my knowledge, did, however, represent Palm Steak House, LLC in the matter of the "automatic" termination of the Management Agreement.

5.     In its motion (DE 29), Plaintiff references a prior federal lawsuit styled: *Jeff George and Congress Shopping Center vs Thomas Farese and Palm Beach Gentlemens Club, LLC,* Case No. 08-81048-CIV-MIDDLEBROOKS. That case (No. 08-81048) is not about the dispute between myself and Steve Roumaya. In that case there were several cross claims filed and counterclaims with other parties being added. But Plaintiff Ghahan, LLC never became a party to that lawsuit. Case (No. 08-81048) was a Landlord Tenant dispute and various tenant counterclaims. The Court remanded that case to the 15th Judicial Circuit State Court. Furthermore, Case No 08-81048 not about the same dispute as the instant lawsuit. Case No. 08-81048 involved various Landlord Tenant disputes and various claims brought under a master lease and a sublease. Nor did it involve the purchase and sale of a nightclub in Columbus, Ohio.

6.     Plaintiff Ghahan's implication  that the dispute in case no 08-80148 and the instant action are the same dispute involving Thomas Farese is a blatant misrepresentation to the court.

7.     I am attaching the following documents from Case No 08-81048 as exhibits for the court's review and consideration in determining that these lawsuits are simply not over the same dispute and that Plaintiff's counsel has misrepresented the facts:

   a) Amended Complaint of Jeff George and Congress Shopping Center against Thomas Farese and Palm Bach Gentlemens Club.

   b) Answer, Affirmative Defenses and Counterclaims to the Amended Complaint by Thomas Farese and Palm Bach Gentlemens Club.

   c) Final Order of Remand to State Court

   d) Complete Docket Sheet

8.     I have discussed this matter in detail with attorneys Barry Roderman and Attorney David Goldstein.  I hereby voluntarily waive any possible conflict that may arise as a result of Mr. Roderman and Mr. Goldstein having represented me in the past in other matters and my spouse at this time.

AFFIDAVIT OF THOMAS FARESE
Page 2 of 3

FURTHER YOUR AFFIANT SAYETH NAUGHT

THOMAS FARESE

      I hereby certify that on this day, before me, an officer duly authorized in the aforesaid State and in the County aforesaid to take oaths and acknowledgements, the forgoing instrument was acknowledged and sworn to before me by THOMAS FARESE, who is personally known to me or who has produced his/her Florida Driver License # F620-826.42.25 as identification, and who did take an oath.

      WITNESS my hand and official seal in the County and State last aforesaid this 9 day of January, 2013.

_____
Notary Public

_____
Printed, typed or Stamped name of Notary Public

My Commission Expires:



CAMERON M VARGO
Notary Public - State of Florida
My Comm. Expires Jan 20, 2015
Commission # EE 59094

AFFIDAVIT OF THOMAS FARESE
Page 3 of 3

# EXHIBITS
# ATTACHED TO

**AFFIDAVIT OF THOMAS FARESE**
**OPPOSSING PLAINTIFF'S MOTION TO DISQUALIFY OPPOSING COUNSEL**

A.  Amended Complaint of Jeff George and Congress Shopping Center against Thomas Farese and Palm Bach Gentlemens Club.

B.  Answer, Affirmative Defenses and Counterclaims to the Amended Complaint by Thomas Farese and Palm Bach Gentlemens Club.

C.  Final Order of Remand to State Court

D.  Complete Docket Sheet

# EXHIBIT- A

**TO AFFIDAVIT OF THOMAS FARESE**
**OPPOSING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

EXHIBIT- A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81048-CIV-MIDDLEBROOKS

PALM BEACH GENTLEMEN'S CLUB, LLC, et al.

Plaintiff,

v.

CONGRESS SHOPPING CENTER, LTD., et al., etc.

Defendant
_____/

JEFF GEORGE, as Assignee of
CONGRESS SHOPPING CENTER, LTD.,

Plaintiff,

v.

THOMAS R. FARESE,
PALM BEACH GENTLEMEN'S CLUB, LLC,
and all others in possession,

Defendants.
_____/

## **AMENDED COMPLAINT**

Plaintiff, JEFF GEORGE, as assignee of CONGRESS SHOPPING CENTER, LTD, by and

through his undersigned counsel, sues Defendant, THOMAS R. FARESE (hereinafter "Farese") and

PALM BEACH GENTLEMEN'S CLUB, LLC (hereinafter "PBGC") and all others in possession and

alleges:

### **General Allegations**

1.    This is an action to recover possession of commercial real property located in Palm

1



Beach County, Florida and for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of attorneys' fees, costs and interest.

      2.     Plaintiff is resident of the State of Florida and is *sui juris.*

      3.     Defendant Farese is a resident of the State of Florida and is *sui juris.*

      4.     Defendant Farese is authorized to, and conducts business in the State of Florida.

      5.     Congress Shopping Center, Ltd. is the owner of certain real property located at 1000 North Congress Avenue, West Palm Beach, Palm Beach County, Florida 33409.

      6.     On or about December 20, 2006, Farese entered into a written lease with Congress Shopping Center, LLP for the property located at 1000 North Congress Avenue, West Palm Beach, Florida. A true and correct copy of the Lease is attached hereto and incorporated herein as **Exhibit "A."** PBGC is currently in possession of real property located at 1000 North Congress Avenue, West Palm Beach, Palm Beach County, Florida 33409, as Farese subleased to PBGC all of his rights under Exhibit "A." On or about April 30, 2008, Congress Shopping Center, Ltd. ("Assignor") assigned, transferred, conveyed and set over unto Jeff George ("Assignee"), all of Assignor's right, title, and interest in and to that certain Lease dated December 20, 2006, between Assignor, Congress Shopping Center, Ltd. c/o Harold Dude, as Landlord, and Farese, relating to the premises located at 1000 North Congress Avenue, West Palm Beach, Palm Beach County, Florida 33409. A true and correct copy of the Assignment and Assumption of Lease is attached hereto and incorporated herein as **Exhibit "B."**

2

Case 9:08-cv-80484-DMM   Document 32   Entered on FLSD Docket 04/30/2008   Page 3 of 9

7.      Under the terms of Section 6 of the Lease, Farese is obligated to pay Base Rent in the amount of Eighteen Thousand Dollars ($18,000.00) per month, plus Florida Sales Tax, plus pro-rated actual insurance and maintenance to the premises from the date Farese obtained possession of the premises and continuing on the same day of each month thereafter during the term, plus 20% of actual real estate taxes ("Rent").

8.      Under the terms of Section 10 of the Lease, Farese is obligated to pay for all phone bills for the premises, as well as for utility and service and bills relating to the premises, which includes electricity, water, sewer and garbage/dumpster bills ("Utility and Services").

9.      Under the terms of Section 11, Farese is obligated to maintain his area of the parking lot and exterior portion of the premises, as well as the air conditioners ("Maintenance and Repairs").

10.     In material breach of the Lease, Farese has failed to pay Landlord in full for Rent, Maintenance and Utilities, Taxes and Insurance, due January 1, 2008, February 1, 2008, March 1, 2008, April 1, 2008, May 1, 2008, June 1, 2008, July 1, 2008, August 1, 2008, September 1, 2008, and October 1, 2008.

11.     On or about March 18, 2008, Plaintiff, through his attorney and pursuant to Section 12 of the Lease, gave Farese written notice to pay the outstanding and unpaid balance within forty-five days of Farese's receipt of said notice in the amount of $37,432.00, or to give Plaintiff possession of the Premises (the "Notice"). A true and correct copy of the Notice is attached hereto and incorporated herein as **Exhibit "C."**

12.     Despite the Notice, Farese has failed to pay all amounts due, in material breach of the lease, and has failed and refused to turn over possession of the Premises.

13.     On or about October 17, 2008, Plaintiff through his attorney, posted a Three-Day Notice for Nonpayment of Rent to PBGC, giving PBGC notice to pay the outstanding balance of

3

Case 9:08-cv-80404-DMM   Document 32   Entered on FLSD Docket 4/30/2008   Page 4 of 9

$229,173.51, or to give Plaintiff possession of the Premises (the "Three-Day Notice"). A copy of the Three Day Notice of Nonpayment of Rent is attached hereto as **Exhibit "D."**

14.     Despite the Notice, PBGC has failed to pay all amounts due, in material breach of the lease, and has failed and refused to turn over possession of the Premises.

15.     As of the time of filing this Amended Complaint, Farese owes the sum of approximately $229,173.51.

16.     The Plaintiff has elected to recover possession of the property because of the Defendant's default for nonpayment of the rent and seeks summary procedure as allowed by Florida Statutes Section 51.011 and which is specifically allowed in the Florida Statutes Section 83.21.

17.     Due to the actions of Farese, and his default under the Lease, Plaintiff has been required to obtain the services of the undersigned attorneys and is obligated to pay them costs, attorney's fees and expenses incurred in this action, which are the responsibility of Farese pursuant to Section 12 of the Lease.

18.     All conditions precedent to this action have been performed, have occurred or have been waived.

### Count I - Eviction - Thomas R. Farese

19.     Plaintiff incorporates by reference paragraphs 1 through 18 above as though set forth fully herein.

20.     This is an action for eviction of Farese from non-residential real property located in Palm Beach County, Florida.

21.     Farese is in material breach and default under the terms of the Lease for his failure to pay Rent, Maintenance and Utilities, Taxes and Insurance.

4

22.    As a result of Farese's continuing material breach of the Lease, Plaintiff is entitled to possession of the Premises.

23.    Plaintiff requests that this action be afforded the summary procedure provided in Florida Statutes § 51.011, as authorized by Florida Statutes § 83.21.

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Thomas R. Farese and all others in possession awarding Plaintiff possession of the Premises for Farese's account, and an award of attorney's fees and costs pursuant to Sections 12 and 19 of the lease and Florida Statute 83.231, together with such other and further relief as this Court deems just and proper.

### Count II - Money Damages Against Thomas R. Farese

24.    Plaintiff incorporates by reference paragraphs 1 through 18 above as though set forth fully herein.

25.    This is an action against Farese for money damages for breach of the Lease.

26.    Plaintiff has suffered damages due to Farese's material breach of the Lease.

27.    As of the time of filing this Amended Complaint, Farese owes the approximate sum of $229,173.51 for all Rents, Maintenance and Utilities, Taxes and Insurance.

WHEREFORE, Plaintiff requests judgment in his favor and against Thomas R. Farese and all others in possession for damages, attorneys fees and costs pursuant to Section 12 and 19 of the Lease and Florida Statute 83.231, together with such other and further relief as this Court deems just and proper.

### Count III - Eviction - Palm Beach Gentlemen's Club

28.    Plaintiff incorporates by reference paragraphs 1 through 18 above as though set forth fully herein.

5

29. This is an action for eviction of PBGC from non-residential real property located in Palm Beach County, Florida.

30. Upon information and belief, Farese has assigned the Lease to PBGC.

31. PBGC is now in possession of the subject premises.

32. PBGC is in material breach and default under the terms of the Lease for its failure to pay Rent, Maintenance and Utilities, Taxes and Insurance.

33. As a result of PBGG's continuing material breach of the Lease, Plaintiff is entitled to possession of the Premises.

34. Plaintiff requests that this action be afforded the summary procedure provided in Florida Statutes § 51.011, as authorized by Florida Statutes § 83.21.

WHEREFORE, Plaintiff requests entry of judgment in his favor and against PBGC, and all others in possession awarding Plaintiff possession of the Premises for PBGC's account, and an award of attorney's fees and costs pursuant to Sections 12 and 19 of the lease and Florida Statute 83.231, together with such other and further relief as this Court deems just and proper.

### Count IV - Money Damages Against Palm Beach Gentlemen's Club

35. Plaintiff incorporates by reference paragraphs 1 through 18 above as though set forth fully herein.

36. This is an action against PBGC for money damages for breach of the Lease.

37. Plaintiff has suffered damages due to PBGC's material breach of the Lease.

38. As of the time of filing this Amended Complaint, PBGC'S owes Landlord the approximate sum of $229,173.51 for all Rents, Maintenance and Utilities, Taxes and Insurance.

6

WHEREFORE, Plaintiff requests judgment in his favor and against Palm BBGC and all others in possession for damages, attorneys fees and costs pursuant to Section 12 and 19 of the Lease and Florida Statute 83.231, together with such other and further relief as this Court deems just and proper.

Dated: November 7, 2008

Randall M. Shochet, Esquire
1880 N. Congress Avenue, Suite 205
Boynton Beach, Florida 33426
Telephone: (561) 244-5308
Facsimile: (877) 805-6628
email: rshochetesq@comcast.net;
shochetlawoffice@comcast.net
Attorneys for Plaintiff, Jeff George

/s/ Randall M. Shochet
Florida Bar No. 959421

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished through the U.S.

District Court CM/EFC filing system to counsel of record on the attached Service List.

Dated: November 7, 2008

Randall M. Shochet, Esquire
1880 N. Congress Avenue, Suite 205
Boynton Beach, Florida 33426
Telephone: (561) 244-5308
Facsimile: (877) 805-6628
email: rshochetesq@comcast.net
Attorneys for Plaintiff, Jeff George

/s/ Randall M. Shochet
Florida Bar No. 959421

## SERVICE LIST

| | |
|---|---|
| Marshall E. Rosenbach, Esquire<br>Florida Bar No. 698032<br>California Bar No. 214214<br>468 N. Camden Drive, Suite 200<br>Beverly Hills, CA 90210<br>Telephone: (310) 860-4764<br>Facsimile: (310) 860-4763<br>E-mail: rosenbachlaw@yahoo.com<br>Attorneys for Defendant, Congress Shopping<br>Center, Ltd. and Harold Dude | Law Offices of Aldo Beltrano, P.A.<br>Florida Bar No. 139300<br>601 Heritage Drive, Suite 138<br>Jupiter, FL 33458<br>Telephone: (561) 799-6577<br>Facsimile: (561) 799-6241<br>E-mail: acbeltrano@aol.ocm<br>Attorneys for Defendant, Congress Shopping<br>Center, Ltd. and Harold Dude |
| Barry G. Roderman, Esquire<br>Florida Bar No. 105637<br>500 W. Cypress Creek Road, Suite 550<br>Fort Lauderdale, FL 33309<br>Telephone: (964) 761-8810<br>Facsimile: (954) 761-9911<br>bgr@barryroderman.com<br>Attorney for Plaintiff, Thomas Farese<br>and Palm Beach Gentlemen's Club | David M. Goldstein, Esquire<br>Florida Bar No. 156003<br>Law Offices of David M. Goldstein, P.A.<br>The Four Seasons, Suite 1013<br>1441 Brickell Avenue<br>Miami, FL 33131<br>Telephone: (305) 372-3535<br>Facsimile: (305) 577-8232<br>david@dmgpa.com |
| Gregory Schustrin Starr, Esquire<br>Mayersohn & Starr<br>100 S.E. Third Avenue, Suite 1514<br>Fort Lauderdale, FL 33394<br>Telephone: (954) 765-1900<br>Facsimile: (954) 779-7595<br>e-mail: gstarr@gregorystarr.com<br>chakim@gregorystarr.com | |

May 14 08 12:38p                                                               p.8



## LEASE AGREEMENT: 1000 N. CONGRESS AVENUE, WPB

This Lease Agreement made and entered into this 20th day of December, 2006 by and between CONGRESS SHOPPING CENTER, LTD, hereinafter called "Landlord" or "Lessor" and THOMAS R. FARESE, hereinafter called "Tenant" or Lessee" ("Lease").

### WITNESSETH

WHEREAS, Lessor owns certain property located in Palm Beach County, Florida known as 984-1000 North Congress Avenue, West Palm Beach, Florida, a more particular description thereof being attached hereto as Exhibit-A. Part of which property has been improved by the construction of buildings, approximately 8000 square feet of which is currently used as a bar/nightclub;

WHEREAS, Landlord desires to lease to Tenant the approximate 8000 square feet portion of the Property currently used as a bar/nightclub/adult entertainment known as Club Diamonds aka Rare Elegance, free and clear of all liens and encumbrances;

NOW THEREFORE, for an in consideration of the premises and covenants and agreements contained herein, the parties hereto obligate themselves as follows:

### 1. RECITALS.
The above recitals are true and correct and are incorporated herein as though fully set forth.

### 2. PARTIES.
The parties to this LEASE AGREEMENT (sometimes referred to hereinafter as "Lease", "Lease Agreement", or "Agreement") are Congress Shopping Center, ltd., having an address of 1460 Enclave Circle, West Palm Beach, Florida 33411 ("Landlord" or "Lessor") and Thomas R. Farese, having an address of 55 NE 4th Ave., Suite O, Delray Beach, FL 33483 ("Tenant" or "Lessee").

### 3. COVENANT OF LANDLORD AND PREMISES.
Landlord covenants that it is the owner in fee simple of the approximate 8000 square foot portion of the Property currently used as a bar/nightclub/adult entertainment known as Club Diamonds aka Rare Elegance and that said bar/nightclub/adult entertainment may be used for the purposes intended by the Tenant, namely for a bar/nightclub/adult entertainment with restaurant facilities, and that Tenant, on paying the said rent and performing the covenants herein agreed by it to be performed, shall and may peaceably and quietly have, hold, and enjoy the 8000 square foot portion of the Property currently used as a bar/nightclub/adult entertainment for the term of this lease.

Lease Agreement CSC/Farese   Page 1 of 10 TF:        CSC:



Landlord agrees that any and all prior leases entered into by Congress Shopping Center, Ltd., Bare Elegance LLC, Mobile Management Corp., Palm Beach Ventures, Inc. and Florida Ventures, Inc. are hereby null and void. In particular this lease replaces the lease dated April 1, 2003 between CSC and MM, May 30, 2001 between CSC/MM, dated February 12, 2006 between CSC and Bare Elegance, and any other leases entered for these premises by CSC and any other person and entity, known and unknown.

4.  PREMISES.
Lessor hereby leases to Lessee and Lessee hereby leases from Lessor the following described property (hereinafter referred to as the "Premises"):

Those certain premises located at 1000 North Congress Avenue, West Palm Beach, Palm Beach County, Florida 33409, which premises consist of bar/nightclub/restaurant/adult entertainment and contain approximately 8,000 +/- square feet and constitute those portions of that certain building (hereinafter referred to as the "Building") located on the real property described on Exhibit "A" attached hereto and made a part hereof (said real property together with the Building shall hereinafter be referred to as the "Property") that are depicted by the shaded areas on Exhibit "B" attached hereto and made a part hereof.

Additionally, the "Premises" includes the south half of the back adjacent unattached warehouse-storage-office premises (behind the Club) (hereinafter referred to as the "warehouse premises") as part of and for the duration of this lease. See Exhibits "A" and "B" attached.

5.  TERM.
This Lease becomes effective on the date of signing, and the term begins on the date of possession of the premises being turned over to Lessee or the date upon which Lessee obtains possession. Lessee is to have and to hold the entire Premises for a period of sixty (60) years commencing on the date of possession free and clear of liens, encumbrances and claims (hereinafter referred to as the "term").

6.  RENT.
Lessee agrees to pay Lessor and Lessor agrees to accept the following sums as rent: BASE RENT. The base rent for the term of the Lease shall be $18,000.00 per month, said rent being payable in monthly installments of EIGHTEEN THOUSAND and 00/100 DOLLARS ($18,000.00), plus Florida State sales tax (currently 6%), and plus pro rated actual insurance and maintenance to the Premises, Units A-F, used as a bar/nightclub/restaurant/adult entertainment, commencing on the date Lessee obtains possession of the premises and continuing on the same day of each month thereafter during the term; *PLUS 20% of Gross Rent Lease Terms*

Lease Agreement CSC/Farese Page 2 of 10 If: ____  CSC:

The base rent shall increase according to the cost of living index every 5th year of the lease.

At the termination of the current leases for the office units to the south and adjacent to the Club, known as 1000 N. Congress Avenue, Units G-H, Farese shall have the right of first refusal to lease units G and H subject to the existing lease terms and annual cost of living increases, which shall be exercised within five (5) days of receiving notice of the dates of termination of the current leases, or notice if the units become vacant any time sooner;

Tenant has the right to remodel and refurbish the entire premises at Farese's sole discretion and expense, subject to all governmental requirements;

Tenant has the right to construct a second story over the building in which the premises are located, that is a second story over 1000 North Congress Avenue, WPB, Florida, at Farese's cost, without Landlord's approval of the design plan, which shall be consistent with the existing building, for which there shall be no additional rent or increase in rent, and which added second story space shall automatically become a part of this lease as an amendment to this lease. All necessary permits and other necessary building and zoning requirements shall be satisfied by Tenant.

PAYMENT OF RENT. All rent due in accordance with section 6. above must be paid at Lessor's address provided in section 20.

**7. CONDITION AND UPKEEP OF PREMISES.**
Lessee has examined and knows the condition of the Premises and agrees to accept the premises in "as is" condition satisfactory to Lessee, and acknowledges that no representations as to the condition and repair thereof have been made by Lessor prior to or at the execution of this Lease that are not herein expressed; Lessee will keep the Premises in a clean and healthful condition according to the applicable municipal ordinances and the direction of the proper public officials during the term of this Lease.

**8. ASSIGNMENT AND SUBLETTING.**
Lessee shall have the right to sublet all or any of the Premises or assign this Lease or any portion of it freely and without the prior written permission and consent of the Lessor.

**9. COMPLIANCE WITH ENVIRONMENTAL REGULATIONS.**
The Lessee shall, in conducting any activity or business on the Premises, comply with all federal, state and local laws (including the common law), statutes, ordinances, rules, regulation and other requirements (including but not limited to

Lease Agreement CSC/Farese Page 3 of 10 TF:          CSC:

judicial orders, administrative orders, consent agreements, and permit conditions) relating to health, safety and the protection of the environment

**10. UTILITIES AND SERVICES.**
Lessee shall be responsible for all phone bills for the Premises. Lessee also agrees to pay utility or service bills relating to the Club premises, including the Club electricity, water, sewer and garbage/dumpster bills.

**11. MAINTENANCE AND REPAIRS.**
Farese will maintain his area of the parking lot and exterior portion of 1000 N. Congress building. The roof will be maintained by the landlord; the air conditioners will be maintained by the tenant. At lessee's sole discretion, Lessee may construct a new roof, which and only if Lessee constructs a new roof, said new roof shall be maintained and repaired at Lessee's expense. If the landlord does not repair the roof within 30 days of written notice to the landlord, the tenant may repair the roof and deduct the cost thereof from the rent payments.

**12. DEFAULT BY TENANT OR LANDLORD.**
In the event that either the Tenant or the Landlord shall violate or default any of the terms and provisions of this Lease, such shall, as the case may be, pay to the prevailing party all costs and expenses, including reasonable attorney fees, which the prevailing party may incur or pay by reason of the other party's default. If default be made in the payment of the above rent, or in any of the covenants herein contained   Lessee shall have forty five (45) days to cure same following the receipt of written notice of said default

**13. INSURANCE.**
Lessee shall obtain, pay for, and keep in full force during the term of this Lease and any renewals or extensions thereof a Comprehensive General Liability Insurance policy, to include fire insurance coverage naming Lessor, its agents and beneficiaries, as additional parties insured and containing a limit of $1,000,000.00 combined single limit. Said policy shall be with a financially sound and reputable insurance company or association and Lessee shall maintain coverage during the entire term of this Lease and any renewal or extension thereof. Lessor shall be provided with a Certificate of Insurance as evidence of said coverage prior to the commencement date of this Lease and Lessee's occupancy of the Premises, and Lessee shall promptly furnish Lessor with renewal certificates of Insurance on or before the date of expiration of the then current Certificates of Insurance.

**14. DEPOSIT.**
There shall no security deposit required in connection with this Lease.

**15. LIABILITY FOR DAMAGE TO OR THEFT OF LESSEE'S PROPERTY.**
All personal property of Lessee in or on the Premises shall be utilized or stored thereon at the risk of Lessee and Lessor shall not be liable to Lessee for any damage

Lease Agreement CSC/Farese Page 4 of 10 FF:          CSC:

to or loss or theft of such personal property unless caused by Lessor, its agents, invitees or employees.

**16. RENOVATIONS/IMPROVEMENTS.**
Lessee accepts the Premises "as is" but may, without prior approval of Lessor, perform necessary renovations, repairs, and improvements to the Premises. Any and all costs in connection with such renovations, repairs and/or improvements shall be the sole responsibility of Lessee. All construction work done by Lessee within the Premises shall be performed in good and workmanlike manner, in compliance with all governmental requirements.

**17. SUCCESSORS.**
All of the covenants and agreements contained herein shall be binding upon and inure to the respective successors, heirs, executors, administrators, and assigns of the parties to this Lease Agreement.

**18. SEVERABILITY.**
Whenever possible each provision of this Lease shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Lease shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provisions or the remaining provisions of this Lease.

**19. ATTORNEYS' FEES.**
In the event of any litigation arising out of this Lease Agreement, the prevailing party shall be reimbursed all attorneys' fees and costs, including appellate attorney's fees, by the nonprevailing party.

**20. NOTICES.**
Any notice or document required or permitted to be delivered hereunder shall be deemed to be delivered when personally delivered or delivered by a nationally recognized overnight courier, or delivered by the United States Mail, postage prepaid, certified or registered mail, addressed to the parties hereto at the respective addresses set out below, or at such other address as they have theretofore specified by written notice delivered in accordance herewith:

As to Lessee/Tenant:  Thomas R. Farese
                      65 N.E. 4th Avenue, Suite "G"
                      Delray Beach, Florida 33483
                      T. 561-279-0733 F. 561-276-7099
                      And
                      David Goldstein, Esquire
                      The Four Seasons
                      1441 Brickell Avenue Suite 1003
                      Miami, Florida 33131

Lease Agreement CSC/Farese Page 5 of 10 TF: _____ CSC: _____

May 14 09 12:39p                                                              p.13

T. 305/372-5535 F. 305-577-8232

As to Lessor/Landlord:    Congress Shopping Center Ltd
                          c/o Harold Dada
                          1450 Enclave Circle
                          West Palm Beach, Florida 33411
                          And
                          Marshall Rosenbach, Esquire
                          Law Offices of Marshall E. Rosenbach
                          468 N. Camden Drive, Suite 200
                          Beverly Hills, California 90210

**21. PARKING**
Lessee's employees, agents, customers and patrons shall have the right to use the parking spaces located on the Property as designated by the shaded areas on Exhibit "B" attached hereto and made a part hereof consisting of: All of the parking in front of and behind 1000 North Congress Avenue, West Palm Beach, Florida consisting of _____ parking spaces, sufficient to meet county parking requirements for the permitted use.

**22. SIGNS.**
Lessee shall be permitted to place any sign or notice on the Premises or on any other portion of the building at 1000 North Congress Avenue, West Palm Beach, Florida without obtaining the prior written approval of the Lessor providing that such signage does not violate any municipal or governmental ordinance or law.

**23. LESSEE'S USE OF THE PREMISES.**
The premises shall be used, subject to all applicable laws, for the operation of a bar, nightclub, restaurant, adult entertainment and offices, and for storage in Lessee's portion of the rear warehouse building and any related business ("Permitted Use").

**24. CASUALTY.**
If the Premises are damaged by fire or other casualty to the extent of less then 70% of the rentable square footage, Lessor shall restore the premises. Lessor must proceed with restoration promptly and pursue the work diligently to completion.

Lessee's obligation for rent will abate for the portion of the Premises that is unusable by reason of casualty for the period from the date of casualty until the Premises are fully restored.

**25. LESSOR'S RIGHT OF ACCESS TO THE PREMISES.**
Lessor and its agents shall have the right, upon 7 days prior written notice to Lessee to access and enter the Premises in the presence of Lessee or a representative of Lessee.

Lease Agreement CSC/Farese  Page 6 of 10  TF:___  CSC:___

**26. OPTION TO PURCHASE:**

The Tenant shall have the option to purchase the entire Premises at any time during the first three (3) years of this lease. The purchase price shall be Four Million Five Hundred Thousand and 00/100 Dollars ($4,500,000.00), such price subject to a ten percent (10%) per annum increase in the purchase price for the first two successive years that this option to purchase is not exercised, and thereafter, the purchase price shall increase by five percent (5%) for the third year successive years that this option to purchase is not exercised. The option expires at the end of the third year after commencement of the lease. Title shall be marketable by Landlord in accordance with Title Standards adopted from time to time by the Florida Bar, and the transactions shall be closed in accordance with the usual standards adopted in Palm Beach County, Florida.

**25. DELAYED POSSESSION**

If possession of the premises can not be obtained, or if Bare Elegance, the current tenant, refuses to vacate prior to the day fixed for the commencement of the term herein demised shall not have surrendered the Premises, or if for any other reason LANDLORD should be unable to give TENANT possession of the Premises at the time of the commencement of the term as above provided, the commencement of the term shall be postponed until LANDLORD is able to give possession, and the rent for the Premises shall not commence until such possession is given to TENANT; provided however, that LANDLORD shall not be liable for damages, if any, sustained by TENANT on account of the failure to obtain possession and provided also that delay in giving possession shall in no other way affect the terms and conditions of this Lease and obligations of TENANT or landlord hereunder, irrespective of the duration of such delay, and further providing Lessor, its agents and representatives has not engaged in any intentional acts to cause or prolong delay of possession. In the event of a delayed possession, this lease is subject to the terms and conditions of that certain Stipulation of Agreement entered by the parties in Farese v. Scherer, et al., 00-8950-CIV-MIDDLEBROOKS/VITUNAC.

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the dates set forth above.

LESSOR/LANDLORD:
Congress Shopping Center, Ltd.

By:
Hafaki Dude as Manager of/
Deimar Dude as Manager Member of
Congress Management, LLC,

Lease Agreement CSC/Farese Page 7 of 10 TFT _____ CSC: _____

May 14 08 12:39p                                                                                    p.15

a Florida limited liability Company,
General Partner of
Congress Shopping Center, Ltd.

WITNESS

Print Name

WITNESS

Print Name

LESSEE/TENANT:
Thomas R. Farese

By:

WITNESS

Print Name

WITNESS

Print Name

Lease Agreement CSC/Farese   Page 3 of 10   TE        CSC:

May 14 08 12:39p                                                                p.16

**Exhibit A**
**Legal Description of Property**

Lease Agreement CSC/Parcea Page 9 of 10

May 14 08 12:40p                                                           p.17

**Exhibit B**
Diagram of Property, Premises and Parking areas

Lease Agreement CSC/Faxase Page 10 of 10   TPY_____   CSC:

## ASSIGNMENT AND ASSUMPTION OF LEASE

KNOWN ALL MEN BY THESE PRESENTS, that for the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and adequacy of which are acknowledged hereby:

(i)     Effective as of April 7, 2008, Congress Shopping Center, LTD. c/o Harold Dude ("Assignor"), does hereby assign, transfer, convey and set over unto Jeff George ("Assignee"), all of Assignor's right, title and interest in and to that certain Lease dated December 27, 2005, between Assignor, Congress Shopping Center, LTD. c/o Harold Dude, as Landlord, and Thomas K. Furse, as Tenant, relating to the premises located at 1000 North Congress Avenue, West Palm Beach, Palm Beach County, Florida 33409.

(ii)    Assignee hereby accepts the foregoing Assignment of Lease, subject to the terms and conditions of the Lease.

IN WITNESS WHEREOF, this instrument is executed this ___ day of ____, 2008.

Assignor:   Congress Shopping Center, Ltd

By: _____
Harold Dude, as Managing Member
of Congress Management, INC. general
partner of Congress Shopping Center, Ltd.

Assignee: _____

By: _____
Jeff George, as his



George000673

RES 1REP000001

LAW OFFICES
## MARSHALL E. ROSENBACH
468 N. CAMDEN DRIVE, SUITE 200
BEVERLY HILLS, CALIFORNIA 90210
TELEPHONE (310) 860-4764
FACSIMILE (310) 860-4763

March 18, 2008

### VIA TELECOPIER AND CERTIFIED MAIL

Thomas R. Farese
65 N.E. 4ᵗʰ Avenue, Suite "G"
Delray Beach, Florida 33483

David Goldstein, Esq
The Four Seasons
1441 Brickell Avenue, Suite 1003
Miami, Florida 33131

Barry G. Roderman & Associates, P.A.
500 W. Cypress Creek Road, Suite 370
Fort Lauderdale, Florida 33309-6141

Re:   *Notice of Default of Lease Agreement/dated December 20, 2006*

Dear Sirs:

As you know, I represent Congress Shopping Center, Ltd. This letter serves as Congress Shopping Center's notice of Mr. Farese's default under the December 20, 2006 lease.

Attached is a Schedule of the rent and payments reflecting an unpaid balance of $37,432.00. Under paragraph 12 of the lease, "if default be made in the payment of the above rent. or in any of the covenants herein contained, Lessee shall have forty five (45) days to cure same following receipt of written notice of said default."

Please be advised that if the default amount of $37,432.00 is not made within 45 days of your receipt of this letter, we will commence proceedings to terminate the lease, remove you from the premises, and collect the monies due. Please be reminded this 45 day time period in no way excuses your continuing obligation to pay rent for April and May 2008 under the terms of the lease.

## Exhibit "C" Page 1 of 2



PAGE. 032 OF 033

@006/008

LAW OFFICES OF MARSHALL E. ROSENBACH
re: *Notice of Default*
March 18, 2008
Mr. Farese
Mr. Goldstein
Mr. Roderman
Page 3

      Please govern yourselves accordingly.

                        Very truly yours,

                        MARSHALL E. ROSENBACH

cc: Harald Dude, Congress Shopping Center, Ltd. (via U.S. mail)

Date:   October 17, 2008

To:    Palm Beach Gentlemens Club, LLC
       1000 N. Congress Ave, #A-H
       West Palm Beach, FL   33409

### THREE-DAY NOTICE FOR NONPAYMENT OF RENT

You hereby are notified that you are indebted to me in the sum of $229,173.51 for the rent and use of the premises located at 1000 N. Congress Ave, #A-H, West Palm Beach, Palm Beach County, Florida, now occupied by you.  That rent was due on October 1, 2008, and I demand payment of the rent or possession of the premises within three days (excluding Saturdays, Sundays, and legal holidays) from the date of delivery of this notice, specifically, on or before October 23, 2008.

### CERTIFICATE OF SERVICE

I certify that a copy of this notice has been furnished to the above-named tenant on October 17, 2008 at *Congress Shopping Center* by:

1. _____ Delivery.
2. ___✓___ Posting in a conspicuous place on the premises.

Jeff George, Assignee of Congress Shopping Center, Ltd.
900 Osceola Drive, Suite 100-a
West Palm Beach, FL 33409
(561) 722 7988



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81048-CIV-MIDDLEBROOKS

PALM BEACH GENTLEMEN'S CLUB, LLC. et al.

Plaintiff,

v.

CONGRESS SHOPPING CENTER, LTD., et al., etc.

Defendant
_____/

JEFF GEORGE, as Assignee of
CONGRESS SHOPPING CENTER, LTD.,

Plaintiff,

v.

THOMAS R. FARESE, and
PALM BEACH GENTLEMEN'S CLUB, LLC,
and all others in possession,

Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COMES NOW, the Plaintiff, JEFF GEORGE, as Assignee of CONGRESS SHOPPING

CENTER, LTD., by and through its undersigned counsel, files this Motion for Leave to File

Amended Complaint, and as ground therefore states as follows:

### A. Introduction

Plaintiff sued Defendant, Thomas R. Farese (hereinafter "FARESE"), and all others in

possession, for Eviction and money damages in Palm Beach County Circuit Court, Case No.

1

502008CA 012541 XXXX MB, on or about May 10, 2008.

FARESE filed an Answer on September 23, 2008. The case was then removed to this Court, and is now re-assigned to Judge Donald M. Middlebrooks.

## B. Argument

Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Forman v Davis*, 371 U.S. 178, 182, 83, S.Ct. 227, 230 (1962); *see* Fed. R. Civ. P. 15(a).

The court should allow the filing of the Plaintiff's Amended Complaint against Defendant, Palm Beach Gentlemen's Club, LLC (hereinafter "PBGC") because newly discovered evidence indicates that FARESE assigned the lease that is the subject matter of the Complaint to PPGC.

On or about March 18, 2008, Plaintiff gave FARESE written notice to pay all outstanding and unpaid balances within forty-five days or surrender possession of the Premises. Despite the Notice, FARESE failed to pay and subsequently assigned the Lease to PBGC, who is now in possession of the premises. Therefore, FARESE cannot be prejudiced by the filing of Plaintiff's Amended Complaint because he is in possession of the leased premises.

Attached hereto as **Exhibit "A"** is Plaintiff's Amended Complaint.

## C. Conclusion

As a result of FARESE'S continuing material breach of the Lease and PBGC's, continued possession of the premises, Plaintiff respectfully requests this Court grant leave to file the attached proposed Amended Complaint.

2

## Certificate of Good Faith

Pursuant to Rule 7.1(A)(3), undersigned counsel hereby certifies that he has acted in good faith in attempting to resolve the filing of this Motion but has been unable to do so for the reasons set forth below

On or about October 24, 2008, undersigned counsel faxed a copy of the proposed Amended Complaint to counsel of record. On or about October 25, 2008, counsel for Defendant, FARESE, advised undersigned counsel that he will not agree to the filing of an Amended Complaint.

WHEREFORE, Plaintiff, respectfully requests this Court enter an Order granting leave to file Amended Complaint.

Dated: November 7, 2008

Randall M. Shochet, Esquire
1880 N. Congress Avenue, Suite 205
Boynton Beach, Florida 33426
Telephone: (561) 244-5308
Facsimile: (877) 805-6628
email: rshochetesq@comcast.net;
shochetlawoffice@comcast.net
Attorneys for Plaintiff, Jeff George

/s/ Randall M. Shochet
Florida Bar No. 959421

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished through the U.S.

District Court CM/EFC filing system to counsel of record on the attached Service List.

Dated: November 7, 2008.

<div style="margin-left: 40%;">

Randall M. Shochet, Esquire
1880 N. Congress Avenue, Suite 205
Boynton Beach, Florida 33426
Telephone: (561) 244-5308
Facsimile: (877) 805-6628
email: rshochetesq@comcast.net
Attorneys for Plaintiff, Jeff George


/s/ Randall M. Shochet
Florida Bar No. 959421

</div>

4

## SERVICE LIST

| | |
|---|---|
| Marshall E. Rosenbach, Esquire<br>Florida Bar No. 698032<br>California Bar No. 214214<br>468 N. Camden Drive, Suite 200<br>Beverly Hills, CA 90210<br>Telephone: (310) 860-4764<br>Facsimile: (310) 860-4763<br>E-mail: rosenbachlaw@yahoo.com<br>Attorneys for Defendant, Congress Shopping Center, Ltd. and Harold Dude | Law Offices of Aldo Beltrano, P.A.<br>Florida Bar No. 139300<br>601 Heritage Drive, Suite 138<br>Jupiter, FL 33458<br>Telephone: (561) 799-6577<br>Facsimile: (561) 799-6241<br>E-mail: acbeltrano@aol.ocm<br>Attorneys for Defendant, Congress Shopping Center, Ltd. |
| Barry G. Roderman, Esquire<br>Florida Bar No.105637<br>500 W. Cypress Creek Road, Suite 550<br>Fort Lauderdale, FL 33309<br>Telephone: (964) 761-8810<br>Facsimile: (954) 761-9911<br>bgr@barryroderman.com<br>Attorney for Plaintiff, Thomas Farese and Palm Beach Gentlemen's Club | David M. Goldstein, Esquire<br>Florida Bar No. 156003<br>Law Offices of David M. Goldstein, P.A.<br>The Four Seasons, Suite 1013<br>1441 Brickell Avenue<br>Miami, FL 33131<br>Telephone: (305) 372-3535<br>Facsimile: (305) 577-8232<br>davidf@dmgpa.com |
| Gregory Schustrin Starr, Esquire<br>Mayersohn & Starr<br>100 S.E. Third Avenue, Suite 1514<br>Fort Lauderdale, FL 33394<br>Telephone: (954) 765-1900<br>Facsimile: (954) 779-7595<br>e-mail: gstarr@gregorystarr.com<br>ehakim@gregorystarr.com | |

# EXHIBIT- B

**TO AFFIDAVIT OF THOMAS FARESE**
**OPPOSING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

EXHIBIT- B

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
(Palm Beach Division)

Case No: 08-81048-CIV-MIDDLEBROOKS-JOHNSON

PALM BEACH GENTLEMEN'S CLUB, LLC,
and THOMAS FARESE,
     Plaintiffs,
Vs.                                                 [State Case No: 08-012541-AN]
                                                  *Earlier Filed Case*
CONGRESS SHOPPING CENTER, LTD.,
and HARALD DUDE, Individually,
     Defendants.
_____/

JEFF GEORGE, as Assignee of CSC,
     Plaintiff,
Vs.                                                 [State Case No: 08-013614-MB AN]
THOMAS R. FARESE, PALM BEACH
GENTLEMENS CLUB, LLC, and all others
In possession,
     Defendants.
_____/

### FARESE AND PBGC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO AMENDED COMPLAINT DE 38

Defendants, THOMAS R. FARESE and PALM BEACH GENTLEMENS CLUB ("PBGC"), by and through undersigned counsel, as defendants in removed State Case No. 08-013614-MB AN, file this their Answer to the Amended Complaint (DE 38), Affirmative Defenses and Counterclaims, and allege as follows:

### ANSWER

Defendants, THOMAS R. FARESE and PBGC, by and through their undersigned counsel, file their Answer to the Amended Complaint (DE 38), as follows:



1.    Defendants admit that Plaintiff filed an action but denies the remaining allegations in paragraph 1 because Plaintiff does not have standing to sue as a sham or straw assignee of CSC.

2.    Defendants admit paragraph 2.

3.    Defendants admit paragraph 3.

4.    Defendants admit that Farese conducts business in the State of Florida but denies the remaining allegations in paragraph 4 and demand strict proof thereof.

5.    Defendant denies paragraph 5.

6.    Defendants admit the first sentence of paragraph 6 ending with the word "Florida," but denies that Exhibit-A to the Amended Complaint is a true and correct copy of the lease, and deny the rest of paragraph 6.  Additionally, paragraph 6 is lengthy and ambiguous and Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of paragraph 6, and therefore Defendants can neither admit nor deny that portion of paragraph 6 beginning with the word "On" and ending with the word "Exhibit-B."

7.    Defendants admit that Farese is obligated to pay base rent in the amount of $18,000.00 per month but denies the remaining allegations in paragraph 7.

8.    Defendants deny paragraph 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and demand strict proof thereof.

WHEREFORE, Defendants having fully answered the Amended Complaint filed herein, move that same be dismissed and/or alternatively that said matter be set for trial by jury of all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants, by and through their undersigned counsel of record file this their Affirmative Defenses herein and allege as follows:

1.      The Court lacks jurisdiction over the subject matter of this action because there is no federal statute or question involved as set forth in Defendants Motion for Remand.   The Trustee in the related action, Farese v. Dude, 00-8950-CIV (USDC/SDF) has filed a dismissal of the case (See DE 1434 on 5-5-09).   Additionally, see Defendants Motion to Remand filed in the instant case (DE 36).

2.      ACCORD AND SATISFACTION.   Defendant delivered to Plaintiff and Plaintiff accepted from Defendant full payment in the form of a promissory note in full satisfaction of Plaintiff's claim.   See Motion to Compel Enforcement and Specific Performance of Promissory Note and Addendum Agreement (DE 1394 in Case No. 00-8950-CIV), a copy of which is attached hereto and incorporated herein as though fully set forth as Exhibit A.

3.      ADVICE OF COUNSEL.   The action described in the complaint was begun by this defendant in good faith on the advice of an attorney after a full and fair disclosure of the facts.

4.      Before commencement of this action, Defendants discharged Plaintiff's claim and each item of it by payment in the form of payments, deposits into the registry of the court, credits, setoffs, and promissory note.

5.      There was fraud, misconduct and other undue conspiratorial means between Dude, Congress Shopping Center, Ltd (CSC) and George to damage Farese and to bring about a sham eviction prejudicing and injuring Farese's rights, business and property.

6.      Farese has a sixty (60) year lease on the property which is tantamount to ownership of the real property.   Dude and George have trespassed on Farese premises and property for the purpose of carrying out a nefarious scheme to manufacture sham eviction proceedings, to take Farese's business and lease for their own benefit and profit.   George and Dude continuously enter Farese's property without consent and have been ordered to leave.

Plaintiffs refuse to leave the property after Defendants request and continue their campaign of harassment, abuse and disruption of the quiet enjoyment of the tenancy.

7.      Plaintiff does not have the authority to sue as the assignee in this action because the alleged assignment from CSC to George is fraudulent having been effected for nefarious and illegal purposes in furtherance of a scheme to manufacture sham eviction proceedings, to take Farese's business and lease for their own benefit and profit.

8.      Harald Dude, acting for CSC, told Farese that Dude/CSC did not want to evict but that he wanted money and compensation or an interest or piece of the business, and that all the harassment would stop if Farese signed over a an interest in the business of Diamonds.

9.      Harald Dude told Farese that Farese would be reimbursed as a credit to the rent for Farese's renovations to the common areas of parking, landscaping, water, electrical repairs and other matters which were not Farese's obligation under the lease.

10.     Harald Dude/CSC represented to Farese that Farese could use the north end sign and any other signage on the property.

11.     Dude/CSC and Plaintiff have waived and are now estopped from claiming that the monies Farese advanced should not be credited to the lease.

12.     During the time of the dispute over rent payments, the ownership of the property was a matter in dispute, and the deeds during that time were in the name of Defendant Farese and held in trust, making Farese the equitable and beneficial owner of the property during the time alleged in the complaint, negating any claim for eviction or damages during the time alleged in the complaint.

13.     Plaintiff and Dude have continuously and continue to endeavor to bait Farese into arguments over the terms of the lease for the purpose of fomenting a manufactured basis for eviction.

14.     Harald Dude/CSC represented that the promissory note would be full payment of any and all rent due and owing subject to the accounting by attorneys Rosenbach and Roderman. Plaintiff led Farese to believe that the matter of any rent and rent credits and setoffs would be settled by the terms of the note and addendum.

15.     Plaintiff knew that Dude/CSC and Farese executed a promissory note for the full payment and satisfaction of any rent disputes at least one year before filing the suit, and that the promissory note was intended to settle all rent disputes. Plaintiff George had full knowledge of the settlement. George and Dude took no action since entering the promissory note and addendum to initiate the accounting called for the in the promissory note.  Farese had no knowledge that Plaintiff would assert claims of eviction and damages over the alleged back rent so Plaintiff is now barred by laches from doing so.

16.     Any payments not made were not made with leave of Plaintiff Dude and CSC.  All credits and set offs taken by Defendant were taken with the agreement, approval, permission and leave of Dude and CSC.

17.     In negotiating the lease with Dude/CSC, Dude/CSC made representations concerning the use to which the building and all parking areas, herein called the premises, would be put, the type of tenants to which parts of the building would be rented, the character and surroundings of the building and the method of operation of the building and specifically represented that the premises would include parking in all common areas exclusively for Farese after 5:PM, subject to spaces allotted specifically to the other tenants, that all signage would be

permitted, that unlimited repairs and remodeling and adding a second floor could be made without prior approval of the landlord, that Farese would not be required to pay for other parts of the property occupied by other tenants, that space in the shopping center would not be let to any other adult related entertainment business. Farese would not have entered the lease in the absence of the forgoing representations and Defendants belief that the representations would be performed. These representations are binding on Plaintiff as the original landlord's successor in interest and Farese is entitled to have the representations inure to defendants' benefit, regardless of any assignment of the lease by CSC or property management. Defendants' possession put plaintiff on notice to inquire about any rights of defendant under the lease. Plaintiff's actions and demands violate these and other prior representations. (a) Harald Dude/CSC rented the adjacent unit to Defendants' premises to Jeff George, for use as an adult massage parlor. The rental to George for a massage parlor violates the representations because: (1) it is a business in conflict and competition with the business of Defendants. The representations made to defendant on which defendant based the decision to execute the lease and take possession of the leased property have not been complied with by plaintiffs. Defendant had a right to rely on the representations at the time they were made and on the ability and willingness of the landlord to comply with the representations. At all times Plaintiffs knew that they were violating the representations made to defendant concerning the concept of operations and use of the building.

18.    *Plaintiff is now estopped from asserting the restrictions on the use and operation of the property in a manner inconsistent with prior representations.*

19.    The sole consideration for the execution and delivery of the promissory note and addendum, a copy of which is attached hereto and incorporated herein as Exhibit-B, was the original landlord's (Dude/CSC) promise to instruct his counsel to meet and confer and conduct an

accounting with Defendants' counsel to resolve amounts owed by CSC and by Farese. The original landlord refused to conduct the accounting.

20.     At the time the original action in this case was filed, plaintiff was not the undisputed landlord where the deeds were in the Defendants' name, Thomas Farese.

21.     Based on the terms of the lease, Defendants' remodeled and renovated the building, premises and shopping center and expended in excess of $1,000,000 in renovations and improvements to the property.  At no time did plaintiff tell defendant to stop working on the renovations until after hatching Plaitniffs scheme to put Plaintiff out of business, evict Farese and take his business.  With full knowledge of the ongoing improvements, its consummation and the erection of the improvements on the real property, Dude/CSC and plaintiff stood by and permitted these acts to occur without taking any steps to evict or complain of the improvements.

22.     Defendant did what is complained of by plaintiff's leave when Dude/CSC entered the promissory note agreement and addendum.

23.     The lease attached to the complaint requires plaintiff to give defendant written notice of any alleged default under the lease and to give defendant 45 days within which to cure the default. Plaintiff cured any default, by the promissory note.

24.     The original landlord and defendant orally agreed that defendant would execute a promissory note in favor of plaintiff for a contested and disputed amount owed the under the lease, subject to credits, set offs and payments, and both parties would thereupon hold an accounting an increase or decrease the amount of the promissory note as full payment of any rent owed as alleged in the amended complaint. Defendant executed and delivered the promissory note and the Addendum Agreement to the Note and plaintiff accepted it and the parties thereby effected a novation.

25.     A prior action is pending between the parties to this action which has been consolidated with the amended complaint based on the same facts and parties as the instant case. Relief is requested for an accounting and adjustment of the promissory note.

26.     After plaintiff's claim in this action accrued, the original landlord released defendant from it, by agreeing to the promissory note and addendum, a copy being attached.

27.     Plaintiff George lacks standing to bring the eviction or money damages counts where George, acting as a straw for CSC and Harald Dude, took a wrongful assignment based on fraud and misrepresentation in a non arms-length transaction.

28.     Defective Notice is a jurisdictional issue.   The notice sent or delivered to Defendants is defective.

29.     Defendants have failed and refused to resolve the accounting required in the Promissory Note by failing to meet and resolve amount to be reduced per addendum.

30.     Plaintiffs have disrupted the quiet enjoyment of the tenancy to which Defendants are entitled.

31.     Any assignment of the lease from CSC to George is invalid, depriving Plaintiff George of any standing, because the lease is pledged as collateral for the CSC's mortgage with Flagler Bank, therefore an assignment of the lease constitutes a breach of the mortgage and a breach of the stipulation of settlement and is void ab initio.   Thus, Plaintiff George has no standing to bring this action.

32.     Harald Dude and Jeff George have broadcast slanderous remarks that together they were evicting Farese to take over the business and that they would be owners of the business. This was done as part of their scheme to concoct a sham eviction, undermine Defendants' business, and gain control of the business.

33.     Farese had a bona fide buyer for the business. Dude/CSC and Plaintiff brought the eviction action to intimidate the buyer and hold up Farese for an interest in the sale proceeds.

34.     Plaintiff has failed or refused to provide Defendant with a new roof.  Defendant has given proper notice pursuant to Florida Statute that Defendant would withhold rent until the new roof was installed and to make deductions from the rent of the amounts used for the repairs and new roof.

35.     Affirmative Defense of estoppel in that defendants were the equitable and beneficial owners of the property during the time of the owed rent and the filing of the original action, and therefore are not subject to an eviction proceeding as set forth in the complaint.

36.     Dude/CSC and Plaintiffs filed the original action and the amended complaint for the wrongful purpose of blocking and interfering with Farese obtaining a new mortgage to purchase the property.

37.     The amended complaint constitutes a malicious prosecution and abuse of process having been filed for an improper purpose.

38.     Dude/CSC refuse to lease Units J & K of the building alleging that Jeff George is the tenant therein.  However, Jeff George states under oath that he does not and refuses to pay rent.

39.     Dude/CSC made the assignment to Jeff George while a valid contract to sell the property was in existence to Farese.  Such underhanded conduct invalidated the assignment ab initio depriving Plaintiff of any standing to bring this suit. Such conduct also undermined Farese's rights in the contract to purchase and deprived him of his purchase rights. See Notarized Agreement to Sell attached hereto and incorporated herein as Exhibit-C.

40.     Dude promised that Farese could use all parking and use all signs.   Dude fraudulently induced Farese to sign the lease because Dude promised Farese that unlimited and unrestricted parking and signage, as interpreted by the terms of the lease, would be available to Farese.  Thus, Plaintiff is now estopped from preventing Farese from the use of the parking and signs. Plaintiffs are estopped from charging Farese extra rent therefore.

41.     Defendants have exercised and orchestrated a course of conduct of harassment, abuse, vandalism and malicious conduct designed to disrupt Plaintiffs' business and disrupt the quiet enjoyment of the Lease and tenancy, and prevent parking, towing cars, and threatening conduct.  See attached Exhibit-B to the lease.

42.     There is a disparity as to how much is actually alleged to be owed where the notice states $229,000 and the Amended Complaint states: "approximately $229,000.   The original complaint alleges yet another amount as do the various notices and letters from CSC and Plaintiff. The landlord does not know how much allegedly is owed or not owed.

43.     There is a pending Motion to strike the order permitting the amendment (DE 37) and the amended complaint (DE 38) itself, because the order was entered and the amendment filed before the court resolved the jurisdictional issue raised in Farese's motion to remand (DE 36).   Jurisdiction must be resolved before the Court may go forward on any other matter. Defendant should then have a right to amend his answer.

44.     The promissory note must be enforced by a court of competent jurisdiction.

45.     George and Dude are estopped from alleging any back rent owed or otherwise due by the payment evidenced in the promissory note.

46.     There is an accord and satisfaction of any alleged back rent by the Promissory Note.

47.     Dude/George and CSC failed to comply with the terms of the promissory note by refusing meeting and resolving amount of the note.

48.     George, Dude and CSC have breached the terms of the lease by: harassment, abuse, malicious conduct, campaign of threats, towing cars, vandalism to the sign connecting wires, vandalism to the air conditioning, among others.

49.     The amended complaint must be stricken because the jurisdictional question is pending in the motion to remand (DE 36) before the amended complaint was filed.

50.     The amount owed as stated in the amended complaint has been increased from approximately 39,000 to 229,000 without any change in the circumstances. Notice is defective unless it states an exact amount owed. Thus, the court lacks jurisdiction to try this case.

51.     Defendants have enhanced the property by 1,000,000 in refurbishing and remodeling and renovations.

52.     Dude/CSC and Plaintiff waived any complaint about the parking and the sign and are estopped because Dude orally gave approval therefore in the past.

53.     The Assignment from Dude/CSC to George is not valid where George is simply the alter ego of Dude along with Deitmar Dude and CSC. Thus, the amended complaint, as well as Dude's cross complaint, are sham pleadings. Jeff George lacks standing to prosecute this action. He is not the proper party to prosecute.

54.     Plaintiff does not have standing to sue as assignee because it was a fraudulent assignment entered for nefarious reasons, that is, as part of a scheme to extort the premise and business from Farese.

55.     On October 29, 2008. Plaintiffs, acting for Dude and CSC dispatched a swat team guard carrying a loaded pistol in full view trespassing on Defendants premises at the direction of

Harald Dude. The swat team man thereupon guarded the front entrance to Dreamgirls and intimidated all in the vicinity, including employees and workers of Dreamgirls, by his appearance and pistol and black swat gear, instilling fear by his very appearance of taking control and possession of the property and business of Dreamgirls and in fact did attempt to do so. Several bystanders discussed telephoning emergency police help because of the fear they experienced. Several employees were intimidated. Dude's, the original landlord's security man by his intimidation caused the employees to cease their jobs. Such conduct is illegal and constitutes business interference and tortuous interference with business among other tortuous wrongs.

56.     Conditions Precedent. Plaintiff has not performed all conditions precedent that he was required to perform before filing suit.

57.     **DEFENSE OF PAYMENT.**     Defendants, in an abundance of caution with regard to the payment of rent, have deposited into the Registry of this Court of the 15th Judicial Circuit in and for Palm Beach County, the sum of Thirty Nine Thousand Five Hundred Ninety Two Dollars ($39,592.00) as a good faith deposit. Moreover, a Complaint for Declaratory Judgment, monetary Damages and Other Relief had been filed by Defendants on or about May 1, 2008, in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida seeking a declaratory judgment, monetary damages and other relief. The two cases are consolidated for discovery and trial. *See* Complaint for Declaratory Judgment, Monetary Damages and Other Relief, Case No. 502008CA012541XXXXMBAN, a copy of which is attached hereto and marked as Defendants' Exhibit D.     Defendants attach **herein to support the Affirmative Defense of payment a letter** dated April 14, 2008 directed to Plaintiff's attorney setting forth a specific accounting of rent payments and credits which should be due

Defendants as of April 14, 2008. *See* Defendants' Exhibit E - David Goldstein letter to Marshall Rosenbach, dated April 14, 2008, attached hereto and marked as Defendants' Exhibit E. The eviction action should therefore be dismissed under Florida Rule of Civil Procedure 1.140(b)(6) as the Complaint fails to state a cause of action.

58.   **COLLATERAL ESTOPPEL.** In the matters styled *Thomas R. Farese, Plaintiff vs. Kenneth J. Schear, et al., Defendants*, United States District Court Southern District of Florida Case No. 00-8950-CIV-MIDDLEBROOKS/VITUNICK (Civil RICCO case), Plaintiff and Defendant, Congress Shopping Center and Harald Dude entered into a stipulation of settlement resolving an Amended Final Judgment in favor of Plaintiff, Thomas R. Farese, in the sum of $13,875,000.00. A copy of said Stipulation of Settlement is attached hereto and marked as Defendants' Exhibit F. Because of the terms and conditions set forth in said Stipulation, specifically, Paragraph 23, Page 15 of the Stipulation of Settlement, dated December 12, 2006; Congress Shopping Center, Ltd. (Harald Dude) lacked the authority ab initio for the alleged assignment to Jeff George, Plaintiff herein. Therefore, the instant litigation should be dismissed and declared moot. Said Plaintiff is barred by the doctrines of collateral estoppel.

59.   **FAILURE TO MEET CONDITIONS PRECEDENT TO EVICTION.** Affirmative Defense of lack of conditions precedent not met. Plaintiff has not satisfied all conditions precedent to the filing of this action for eviction/money damages, nor have said conditions precedent been waived. The parties have agreed by virtue of a Promissory Note dated January 25, 2008, that there would be communications between the respective attorneys for the parties with regard to any discrepancy in rent. The parties agreed that if there was such a discrepancy a mediation/arbitration would be had should the parties be unable to agree. *See* Exhibit F a copy of which is attached hereto.

60.     DUDE and Defendant George orchestrated a pattern of harassment and abuse against Farese, PBGC and its management company, Ghahan, LLC designed to put Dreamgirls out of business enabling Dude and George to take over the business and Farese's 60 year lease. Dude and George's harassment forced Farese, et al to seek injunctive relief and damages in state court. See Dreamgirls, *PBGC vs. George, Dude, CSC, et al.,* Case No. 09-010990-A0 (15TH Judicial Circuit Court).  Nature of the Injunction Action (No 09-010990-AO).  The action for injunctive relief seeks to enjoin Dude and George's malicious interruption of business using and by employing an intentional pre planned scheme of harassment, abuse, destruction of property, unauthorized towing of cars, threats, intimidation and other abusive and malicious conduct designed to put Farese, PBGC, Dreamgirls and Ghahan out of business, enabling Dude together with George to take over the leasehold and lucrative adult entertainment grandfathered status; for declaratory judgment regarding parking spaces, right to use egress and ingress of common areas of a strip shopping center, rights to post signs or restricting the posting of signs on sixty (60) year leasehold property; disruption of the quiet enjoyment of the tenancy, for mandamus relief, declaratory relief, temporary and permanent injunction; for violations of damages under Title xl, Chapter 715.07 Fla. Stats; for tortuous interference with business; malicious destruction, business interruption, for money damages for unauthorized towing of vehicles on and from Plaintiff's parking lot, for money damages and relief from interruption of the peaceful and quiet enjoyment of Farese's leasehold.

**61.**     Deposits Made To The Registry Of State Court. While Farese filed several motions to deposit funds in the registry of this Court, permission to do so was never granted. Therefore, Farese continued to utilize the 15th Judicial Circuit Court Registry for the deposit of

good faith rent payments.   Additionally, Farese made rent payments to Dude/CSC/George pursuant to the agreed order entered by Judge Cox in State Court after the removal.

## PRAYER

WHEREFORE, for these reasons, defendants ask the court to enter judgment that plaintiff take nothing, dismiss plaintiff's suit with prejudice, assess costs against plaintiff, and award defendant all other relief to which Defendants are entitled.   Defendants, having fully answered the Complaint filed herein move that same be dismissed, or alternatively, set for trial. Defendants' demand a trial by jury of all issues so triable.

I, THOMAS R. FARESE, under penalty of perjury, do hereby state that the foregoing facts are true and correct to the best of my knowledge.

_____
THOMAS R. FARESE

## COUNTERCLAIMS

Defendants/Counter-Plaintiffs, THOMAS R. FARESE, individually, and PALM BEACH GENTLEMEN'S CLUB, LLC, file this their Counterclaim against the Defendants, CONGRESS SHOPPING CENTER, LTD., a Florida corporation, HARALD DUDE, individually, and JEFF GEORGE, individually, and as assignee of CONGRESS SHOPPING CENTER, LTD., and allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      This is an action for damages exceeding $15,000.00.

2.      Defendant/Counter-Plaintiff, THOMAS FARESE, is over the age of 18, is a resident of Palm Beach County, Florida and is *sui juris*.

3.      Plaintiff/Counter-Defendant, HARALD DUDE, is over the age of 18, is a resident of Palm Beach County, Florida and is *sui juris*.

4.      Plaintiff/Counter-Defendant, JEFF GEORGE, is over the age of 18, is a resident of Palm Beach County, Florida and is *sui juris*

5.      Defendant/Counter-Plaintiff CLUB DIAMONDS is a duly organized Florida corporation with its principle place of business of West Palm Beach, Palm Beach County, Florida.

6.      Plaintiff/Counter-Plaintiff CLUB DIAMONDS is a licensed adult entertainment establishment operating legally in West Palm Beach, Palm Beach County, Florida.

7.      Plaintiff/Counter-Defendant CSC is a corporation authorized to do business in the state of Florida and located in West Palm Beach, Palm Beach County, Florida.

## COUNT I - DECLARATORY JUDGMENT

8.      Defendants/Counter-Plaintiffs reallege the allegations of Paragraphs 1 though 7 as if fully set forth herein.

9.      This is an action for declaratory relief under Chapter 86, Florida Statutes.

10.     There is an actual, present, bona fide controversy that has arisen between Defendants/Counter-Plaintiffs and Defendants.

11.     Plaintiffs/Counter-Defendants have been involved in extensive litigation in the United States District Court for the Southern District of Florida in the matter styled <u>Thomas R. Farese vs. Kenneth J. Scherer, et al.</u>, Case No. 00-8950-CIV-MIDDLEBROOKS/VITUNIC (Civil RICCO action).   The issues in that case involve allegations against HARALD DUDE for committing bankruptcy fraud and violation of a Federal Protective Order.   A jury verdict was rendered for Farese.   On or about February 17, 2006, an Amended Final Judgment was entered against Defendant, DUDE, CSC and other entities, in the amount of $13,875,000.00. Consequently, on or about December 12, 2006, the parties entered into a Stipulation of Settlement.

12.    As part of the consideration of the Stipulated Settlement, FARESE was given a 60 year lease from CSC and agreed to pay rent to CSC, under the terms and conditions of the new Lease which commenced on the date he received possession of the premises (March 28, 2007).

13.    FARESE, in order to take possession of the premises in accordance with the terms and conditions of the Stipulation of Settlement, obtained a Writ of Possession. FARESE obtained legal possession on March 28, 2007, the date that the Palm Beach County Sheriff's Office posted the executed Writ of Possession on the front door of CLUB DIAMONDS and removed a prior tenant, an alter ego and associate of Dude's.

14.    The Plaintiffs/Counter-Defendants and Defendants/Counter-Plaintiffs have taken different positions with regard to when the Lessees' obligation to pay rent commenced. There is a significant dispute over how much rent is owed and how much money in credits and set offs is owed to Farese. Since the entry of the Stipulation of Settlement there have been various rent issues, and a general conflict as to each parties rights, duties, obligations under the Stipulated Settlement Agreement as well as the Lease Agreement entered into by the parties herein. Defendants/Counter-Plaintiffs letter by counsel for Farese summarizes the factual history leading up to the filing of the instant action on May 1, 2008.

15.    Defendants/Counter-Plaintiffs contend that the actual rent owed to the Plaintiffs/Counter-Defendants CSC/DUDE changes from time to time. Dude/CSC and George refuse to have an accounting or a meeting of the minds to determine the amount of rent owed and the amount of set offs and credits in rents paid to Dude and CSC. Defendants/Counter-Plaintiffs have in good faith deposited $39,592.00 into the Registry of this Court as a demonstration of good faith prior to the time any eviction action was filed.

16.     In effort to avoid his obligations under the Stipulation of Settlement, entered in the United States District Court Southern District of Florida, Case No. 00-895-CIV-MIDDLEBROOKS/VITUNICK, Defendant, DUDE, attempted an assignment to Counter-Defendant, JEFF GEORGE, as stated in the Complaint herein.  However, the Stipulation of Settlement, Page 15, Paragraph 23, prohibits changes of the status quo of the subject properties. Moreover, a change of the status quo of the subject properties may even trigger a foreclosure by Flagler Bank, a mortgagee in the sum of approximately $1.3 million.

17.     The case referenced in Paragraph 15, herein is on Appeal with a decision expected soon.  Any change of status of the property would be improper.

18.     Defendants/Counter-Plaintiffs have incurred attorney's fees and costs herein as a result of Plaintiffs/Counter-Defendants' DUDE and CSC breach of agreements.

WHEREFORE, Defendants/Counter-Plaintiffs, PALM BEACH GENTLEMEN'S CLUB, LLC and THOMAS FARESE, individually, demand that the declaratory judgment be entered declaring and adjudging that:

(a)     That rent owed by the tenants under the Master Lease Agreement is in the sum of an amount to be determined by an accounting and this court and that the sum of $39,592 on deposit in the 15th Judicial Circuit Court Registry be credited as full payment of the rent.

(b)     That the Defendants have no cause of action for eviction on all of the facts and circumstances established herein;

(c)     That Plaintiffs be awarded to costs pursuant to Florida Statute § 86.081;

(d)     The Court order a hearing of this action; and

(f)     For such other relief as to this Court shall deem just and proper under the circumstances.

## COUNT II - ACCOUNTING FROM CSC AND DUDE

19.     Defendants/Counter-Plaintiffs reallege the allegations of Paragraphs 1 though 7 as if fully set forth herein.

20.     This is an action for accounting of Defendants, DUDE and CSC.

21.     The parties disagree substantially as to the amounts of the rent currently due. Defendants/Counter-Plaintiffs, have filed a detailed analysis (the April 14, Goldstein letter) and are prepared to factually back up the representations and statements made at an evidentiary hearing.

22.     Without an accounting, Defendants/Counter-Plaintiffs would not know the exact amount of monies that the Plaintiffs/Counter-Defendants are claiming is owed for rents or the methodology used by the Plaintiffs/Counter-Defendants in determining same.

23.     An issue to be determined herein, is the date of possession.  Plaintiffs/Counter-Defendants claimed that possession starts March 28, 2007, and Defendants/Counter-Plaintiffs disagree.

24.     The parties have no adequate remedy at law for the reasons indicated above and failure to include this cause of action in this Complaint would result in the multiplicity of actions. FARESE and PBGC demand a total accounting from the original landlord, Harald Dude. CSC and Jeff George for all transactions, payments, credits, set offs, including the roof maintenance and costs of new roof by Defendants/Counter-Plaintiffs.  The original landlord and Jeff George have failed and refused to provide such an accounting and continue to fail and refuse to render same.

WHEREFORE, Defendants/Counter-Plaintiffs, PALM BEACH GENTLEMEN'S CLUB, LLC and THOMAS FARESE, individually, demand judgment against Plaintiffs/Counter-Defendants as follows:

    (a)    For an accounting between the parties herein;

    (b)    Such and other and further relief as to this Court may seem just and proper under the circumstances.

## COUNT III - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS BETWEEN HARALD DUDE/CSC, AND JEFF GEORGE

25.    Counter-Plaintiffs reallege the allegations of Paragraphs 1 though 7 as if fully set forth herein.

26.    Under the terms and conditions of the Master Lease Agreement, FARESE was entitled to first right of refusal in connection with the rental of any portion of premises owned by CSC. CSC is a small shopping plaza wherein Dreamgirls occupies approximately 8,000 square feet and 12,000 square feet are other stores. Dreamgirls business is providing entertainment to the public pursuant to the terms and conditions of its adult license and acquired a substantial investment of time, resources and good will.

27.    Plaintiffs/Counter-Defendants knowingly acted to directly and indirectly interfere with Dreamgirls valuable resources and goodwill by leasing space within the same shopping center to a massage parlor knowing that said massage parlor would directly compete with Dreamgirls and proceed to solicit and steal Dreamgirls employees, business, good will, and undermined the operation of Dreamgirls.

28.    Plaintiffs/Counter-Defendants', HARALD DUDE, CSC and JEFF GEORGE, tortious conduct of intentionally interfering with Dreamgirls business relationships with its

customers is ongoing and continuing, with the purpose to induce Dreamgirls customers to cease

doing business with Dreamgirls and to do business with the massage parlor.

29.    As a direct and proximate result of Plaintiff/Counter-Defendants, HARALD

DUDE, CSC and JEFF GEORGE, tortious conduct, Dreamgirls has suffered immediate and

irreparable harm, damage to its business reputation, loss of good will, and loss of business.

Plaintiffs/Counter-Defendants' actions were intentional, unjustified, willful, wanton, malicious

and in reckless disregard of FARESE and Dreamgirls rights under the Master Lease Agreement.

WHEREFORE, PALM BEACH GENTLEMEN'S CLUB, LLC  and THOMAS FARESE,

individually, demand judgment against Plaintiffs/Counter-Defendants and trial by jury of all

issues so triable and; relief as follows:

(a)    Compensatory damages in excess of 15,000.00 exclusive of costs and fees incurred

herein;

(b)    Costs and attorneys' fees pursuant to Florida Statute § 57.105 and any other relief

to which this Court may deem FARESE and Dreamgirls to be entitled.

FARESE and PBGC reserve their rights to assert a demand for punitive damages pursuant

to applicable Florida Statutes.

## COUNT IV - RECISSION

30.     Counter-Plaintiffs reallege the allegations of Paragraphs 1 though 7 as if fully set forth herein.

31.     This is an action for recission of assignment from Plaintiff/Counter-Defendant, HARALD DUDE to Plaintiff/Counter-Defendant, JEFF GEORGE.

32.     On or about December 2006, the parties thereto, Defendant/Counter-Plaintiff, THOMAS R. FARESE and Plaintiff/Counter-Defendants, CONGRESS SHOPPING CENTER and HARALD DUDE, entered into a Stipulation of Settlement in the matter styled Thomas R. Farese vs. Kenneth J. Scherer, et al., Case No. 00-8950-CIV-MIDDLEBROOKS/VITUNIC (Civil RICCO action).

33.     Pursuant to the terms and conditions of Exhibit 2 in Page 15, Paragraph 23 it is stated as follows:

> The parties agree that at all times during the pendency of the Appeal proceedigns, CSC shall keep all obligations and responsibilities under the mortgage with Flagler Bank current and in good standing. However, if during the eviction proceedgins BE does not pay any rent to Farese, then Farese is not obligated to pay rent to CSC until BE submits payment to Farese. Farese agrees to pay the pass through rent to CSC on ly when Becal, BE, or its representative, pays or when Farese has possession of the Club. Farese agrees to pay rent to CSC under the new lease commencing from the date he receives possession of the premises. If Farese does not obtain possession of the Club within 90 days from the date of this Agreement, Farese's rent obligations to CSC shall accrue as of the day he takes possession of the Club or collects the rent monies. Further, CSC agrees and guarantess that title to the properties described above shall remain in the status quo, that is, in the name of CSC, and shall not be transferred or conveyed in any manner, and shall not be further encumbered by liens, additional loans, mortgages, or any other type of encumbrance during the pendency of the Appeal. The properties to remain in status quo are: (a) Congress Shopping Center real property located at 960-1000 North Congress, West Palm Beach, Florida, and the adjacent lot and lot with a street address of 1020-1040 North Congress Avenue, West Palm Beach, Florida

Ans.to Am.Complaint (DE 38), Aff. Defs & Counterclaims
Prepared: May 4, 2009
Page 22 of 24

34.    Counter-Defendants, HARALD DUDE, CONGRESS SHOPPING CENTER, LTD. and JEFF GEORGE, entered into the purported Assignment of Lease Agreement unlawfully and in violation of the Stipulation of Settlement stated herein. Counter-Defendants knew or should have had knowledge of the Stipulation of Settlement and its preclusion from any change of the status quo of the subject property without further agreement of the parties thereto or Court Order.

WHEREFORE, Counter-Plaintiffs, THOMAS R. FARESE, individually, and all others in possession, including but not limited to PALM BEACH GENTLEMEN'S CLUB, LLC request that this Honorable Court enter a final judgment rescinding the alleged assignment between the parties herein and grant to the Counter-Plaintiffs such other and further relief as shall be proper and just under the circumstances, including but not limited to costs and attorney's fees incurred herein.

Respectfully submitted,

By: /s/ Barry Roderman
Barry Roderman, Esquire
500 West Cypress Creek Road, Suite 550
Fort Lauderdale, Florida 33309
T. 954-761-8810 Fax 1-954-761-9911
Fla. Bar. No. 105637

By: /s/ David M. Goldstein
David Goldstein, Esquire
DAVID M. GOLDSTEIN, P.A.
The Four Seasons Office Tower
1441 Brickell Avenue Suite 1003
Miami, Florida 33131
T.305/372-3535 F. 305-577-8232
Fla Bar No. 156003
For the Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the forgoing to each of the counsel and or persons listed below through the U.S. District Court CM/EFC electronic filing system on this __ day of May, 2009.

By: /s/ Barry Roderman, Esquire

## SERVICE LIST

Marshall E. Rosenbach, Esquire
468 N. Camden Drive, Suite 200
Beverly Hills, California 90210
Phone: (310) 860-4764
Fax: (310) 860-4763

Aldo Beltrano, Esquire
Law Office of Aldo Beltrano, P. A.
601 Heritage Drive, Suite 138
Jupiter, Florida 33458
V.561-799-6577 F.561-799-6241

Randall M. Shochet, Esquire
1880 N. Congress Avenue, Suite 205
Boynton Beach, Florida 33426
V. 561-244-5308 F. 877-805-6628
rshochetesq@comcast.net;
shochetlawoffice@comcast.net

# EXHIBIT- C

**TO AFFIDAVIT OF THOMAS FARESE**
**OPPOSING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

EXHIBIT- C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
08-81048-CIV-MIDDLEBROOKS/JOHNSON

JEFF GEORGE, as Assignee of
Congress Shopping Center, Ltd.,
      Plaintiff,

v.

THOMAS R. FARESE,
PALM BEACH GENTLEMEN'S CLUB, LLC,
and all others in possession,
      Defendants.

_____/

PALM BEACH GENTLEMEN'S CLUB, LLC.,
and THOMAS FARESE,
      Plaintiffs,

v.

CONGRESS SHOPPING CENTER, LTD.,
and HARALD DUDE,
      Defendants.

_____/

CLOSED
CIVIL
CASE

### FINAL ORDER OF REMAND

THIS CAUSE comes before the Court upon Thomas Farese's ("Farese's") and Palm Beach

Gentlemen's Club's ("PBGC's") Motion to Remand to State Court (DE 36), filed on April 20, 2009.

No other parties responded.  Having reviewed the record and given the matter due consideration, the

Court shall remand this litigation, as discussed below.

Farese and PBGC sought to remove this consolidated action pursuant to 28 U.S.C. §§ 1441

and 1446(a), alleging federal question diversity.  They now aver that the allegations in the notice of

removal do not authorize federal jurisdiction.  The Court concurs.  Federal courts are courts of

limited jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).

Statutes permitting removal are to be strictly construed against removal. *Hill v. Wachovia Corp.*,

1

2008 WL 4938424 (S.D.Fla. 2008) (citing *Syngenta Crop Prot., Inc., v. Henson*, 537 U.S. 28, 32

(2002)). Eleventh Circuit precedent dictates that "[a]ll doubts about jurisdiction should be resolved

in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411 (citations omitted).

      Farese and PBGC relied upon a settlement agreement reached by the parties in a separate

federal civil RICO action to invoke federal jurisdiction. They assert that, now that the Eleventh

Circuit's April 2009 mandate has been posted in the civil RICO action, the issues permitting federal

jurisdiction over this litigation no longer exist. The Court finds the parties' reliance upon the

settlement agreement to invoke federal jurisdiction tenuous at best.[1] Moreover, given the current

status of litigation among the parties and the lack of additional jurisdictional bases alleged in the

Notice of Removal (DE 1), the Court shall remand this action for lack of subject matter jurisdiction.

      Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

    (1) Farese's and PBGC's Motion to Remand (DE 36) is **GRANTED**;

    (2) Pursuant to 28 U.S.C. § 1447(c), the above-captioned case is **REMANDED** to the State
       court for further proceedings;

    (3) The Clerk of the United States District Court for the Southern District of Florida is
       instructed to **mail a certified copy of this Order** to the Clerk of the Court of the
       Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, in Case Nos. 08-
       012541-AN and 08-013614-MB AN; and

    (4) All pending motions are **DENIED AS MOOT**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _5_ day of May,

2009.

                         DONALD M. MIDDLEBROOKS
                         UNITED STATES DISTRICT JUDGE

Copies to counsel of record.

---

   [1] It appears to the Court that Farese and PBGC improperly may have sought refuge in the
federal courts to avoid an adverse judgment in the state court.

# EXHIBIT- D

**TO AFFIDAVIT OF THOMAS FARESE**
**OPPOSING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

EXHIBIT- D

**U.S. District Court**
**Southern District of Florida (West Palm Beach)**
**CIVIL DOCKET FOR CASE #: 9:08-cv-81048-DMM**

George et al v. Farese et al
Assigned to: Judge Donald M. Middlebrooks
Case in other 15th Judicial Circuit of Palm Beach
court:          County, 08-012541-MB & 08-00001
Cause: 28:1446 Notice of Removal

Date Filed: 09/23/2008
Date Terminated: 05/06/2009
Jury Demand: Defendant
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Jeff George**
*as Assignee of Congress Shopping*
*Center, Ltd.*

represented by **Gregory Schustrin Starr**
101 NE Third Avenue
Suite 1250
Fort Lauderdale, FL 33301
954-779-7827
Fax: 954-779-7598
Email: gstarr@gregorystarr.com
*TERMINATED: 11/13/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Randall Mark Shochet**
Randall M Shochet JD DMD
4897 S. Jog Road
Greenacres, FL 33467
561-244-5308
Fax: 561-253-2695
Email: Rshochet@shochetlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Congress Shopping Center Ltd**

represented by **Marshall Rosenbach**
Marshall E. Rosenbach
468 N Camden Drive
Suite 200
Beverly Hills, CA 90210
310-860-4767



Fax: 860-4763
Email: rosenbachlaw@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aldo Beltrano**
Aldo Beltrano PA
601 Heritage Drive
Suite 138
Jupiter, FL 33458
561-799-6577
Fax: 561-799-6241
Email: acbeltrano@aol.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Harald Dude**                             represented by   **Marshall Rosenbach**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Aldo Beltrano**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Palm Beach Gentlemen's Club,**            represented by   **Barry G. Roderman**
**LLC**                                                     Barry G. Roderman & Associates
                                                            500 W Cypress Creek Road
                                                            Suite 550
                                                            Fort Lauderdale, FL 33309
                                                            954-761-8810
                                                            Fax: 761-9911
                                                            Email: bgr@barryroderman.com
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Thomas Farese**                           represented by   **Barry G. Roderman**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Thomas Farese**                           represented by   **Barry G. Roderman**
835 Canary Walk                                             (See above for address)

Gulfstream, FL 33483
*an all others in possession*

LEAD ATTORNEY
*ATTORNEY TO BE NOTICED*

**David Michael Goldstein**
David M. Goldstein
1441 Brickell Avenue
Suite 1003
Miami, FL 33131
305-372-3535
Fax: 577-8232
Email: david@dmgpa.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Palm Beach Gentlemen's Club, LLC**          represented by **Barry G. Roderman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Michael Goldstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Thomas Farese**          represented by **Barry G. Roderman**
*an all others in possession*          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Michael Goldstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Palm Beach Gentlemen's Club, LLC**          represented by **Barry G. Roderman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Michael Goldstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Harald Dude**                    represented by **Marshall Rosenbach**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Aldo Beltrano**
                                   (See above for address)
                                   *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Jeff George**                    represented by **Gregory Schustrin Starr**
*as Assignee of Congress Shopping*                 (See above for address)
*Center, Ltd.*                                     *TERMINATED: 11/13/2008*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                   **Randall Mark Shochet**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Congress Shopping Center Ltd**   represented by **Marshall Rosenbach**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Aldo Beltrano**
                                   (See above for address)
                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2008 | 1 | NOTICE OF REMOVAL Filing fee $350.00 Receipt#: 724760, filed by Thomas Farese, Palm Beach Gentlemen's Club, LLC. (Attachments: # 1 Notice of Removal Part 2)(vp) (Entered: 09/29/2008) |
| 09/30/2008 | 2 | NOTICE by Thomas Farese, Palm Beach Gentlemen's Club, LLC *of Withdrawal of Notice of Removal, or, alternatively, Motion to Dismiss* (Attachments: # 1 Exhibit A)(Goldstein, David) (Entered: 09/30/2008) |
| 10/16/2008 | 3 | ORDER OF PRETRIAL PROCEDURES. Signed by Senior Judge Kenneth L. Ryskamp on 10/16/08. (sh) (Entered: 10/16/2008) |
| 10/17/2008 | 4 | RESPONSE/REPLY to 2 Notice (Other) *of Withdrawal or Alternatively Motion to Dismiss Notice of Removal* filed by Congress Shopping Center Ltd. (Attachments: # 1 Exhibit)(Rosenbach, Marshall) (Entered: |

|            |     | 10/17/2008)                                                                                                                                                                                                                                                                                       |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 10/21/2008 | 5   | NOTICE of Attorney Appearance by Randall Mark Shochet on behalf of Jeff George (Shochet, Randall) (Entered: 10/21/2008)                                                                                                                                                                          |
| 10/21/2008 | 6   | MOTION to Withdraw as Attorney by Gregory S Starr. by Jeff George. Responses due by 11/7/2008 (Attachments: # 1 Text of Proposed Order Order on Mot Withdraw)(Starr, Gregory) (Entered: 10/21/2008)                                                                                              |
| 10/24/2008 | 7   | ORDER OF TRANSFER. Case reassigned to Judge Donald M. Middlebrooks for all further proceedings. Senior Judge Kenneth L. Ryskamp no longer assigned to case. Signed by Senior Judge Kenneth L. Ryskamp on 10/23/2008 and Judge Donald M. Middlebrooks on 10/24/08. (gp) (Entered: 10/24/2008)    |
| 11/07/2008 | 8   | Plaintiff's MOTION to Amend/Correct *Amend Complaint* by Jeff George. Responses due by 11/28/2008 (Attachments: # 1 Exhibit Amended Complaint, # 2 Exhibit Exhibits A-D to Amended Complaint)(Shochet, Randall) (Entered: 11/07/2008)                                                            |
| 11/13/2008 | 9   | ORDER granting 6 Motion to Withdraw as Attorney. Attorney Gregory Schustrin Starr terminated. Signed by Judge Donald M. Middlebrooks on 11/7/2008. (tp) (Entered: 11/14/2008)                                                                                                                    |
| 11/21/2008 | 10  | NOTICE of Pro Se Appearance by Thomas Farese (system updated) (cqs) (Entered: 11/24/2008)                                                                                                                                                                                                        |
| 11/25/2008 | 11  | RESPONSE in Opposition re 8 Plaintiff's MOTION to Amend/Correct *Amend Complaint* filed by Palm Beach Gentlemen's Club, LLC, Thomas Farese. (Goldstein, David) Modified on 12/2/2008 (ls). [Filers modified by Clerk] (Entered: 11/25/2008)                                                      |
| 11/25/2008 | 12  | MOTION to Stay *or Abate* by Palm Beach Gentlemen's Club, LLC, Thomas Farese. Responses due by 12/15/2008 (Goldstein, David) Modified on 12/2/2008 (ls). [Filers modified by Clerk] (Entered: 11/25/2008)                                                                                        |
| 12/01/2008 | 13  | Plaintiff's MOTION for Settlement by Thomas Farese, Palm Beach Gentlemen's Club, LLC. Responses due by 12/18/2008 (Goldstein, David) (Entered: 12/01/2008)                                                                                                                                       |
| 12/02/2008 | 14  | Clerks Notice of Docket Correction and Instruction to Filer re 12 MOTION to Stay *or Abate* filed by Thomas Farese. Error - **Filer not selected/added**; Correction - Filer corrected by the Clerk. Instructions to filer - In the future, please select the proper filer. It is not necessary to refile this document. (ls) (Entered: 12/02/2008) |
| 12/02/2008 | 15  | Clerks Notice of Docket Correction and Instruction to Filer re 11 Response in Opposition to Motion filed by Thomas Farese. Error - **Filer not selected/added**; Correction - Filer corrected by the Clerk. Instructions to filer - In the future, please select the proper filer. It is not |

| | | necessary to refile this document. (ls) (Entered: 12/02/2008) |
|---|---|---|
| 12/04/2008 | 16 | NOTICE by Palm Beach Gentlemen's Club, LLC, Thomas Farese (Roderman, Barry) (Entered: 12/04/2008) |
| 12/04/2008 | 17 | STATUS REPORT and Notice of Agreed Mediation by Palm Beach Gentlemen's Club, LLC, Thomas Farese. (Attachments: # 1 Text of Proposed Order Order)(Goldstein, David) text Modified on 12/5/2008 (ail). (Entered: 12/04/2008) |
| 12/09/2008 | 18 | RESPONSE/REPLY *Response* filed by Jeff George. (Rush, Christopher) (Entered: 12/09/2008) |
| 12/09/2008 | 19 | REPLY to Response to Motion re 8 Plaintiff's MOTION to Amend/Correct *Amend Complaint* filed by Jeff George. See DE 18 for image (tp) (Entered: 12/10/2008) |
| 12/10/2008 | 20 | Clerks Notice of Docket Correction and Instruction to Filer re 18 Response/Reply (Other) filed by Jeff George. Error - **Wrong Event Selected**; Correction - Redocketed by Clerk as "Reply to Response to Motion". Instruction to Filer - In the future, please select the proper event. It is not necessary to refile this document. Error - **No Link to Motion**; Correction - Document linked properly by Clerk. Instruction to filer - In the future, please link the document to the proper entry. It is not necessary to refile this document. (tp) (Entered: 12/10/2008) |
| 12/10/2008 | 21 | NOTICE by Palm Beach Gentlemen's Club, LLC, Thomas Farese *Demand for Jury Trial* (Roderman, Barry) (Entered: 12/10/2008) |
| 12/10/2008 | 22 | Plaintiff's MOTION for Leave to File *Rejoinder in Opposition to Plaintiff George's Response to PBGC Response to Motion for Leave to File Amended Complaint* by Palm Beach Gentlemen's Club, LLC, Thomas Farese. (Attachments: # 1 Exhibit Rejoinder in Opposition to Plaintiff Jeff George Response to Palm Beach Gentlemen's Club, LLC Response to Motion for Leave to File Amended Complaint)(Roderman, Barry) (Entered: 12/10/2008) |
| 12/10/2008 | 23 | DEMAND for Trial by Jury by Thomas Farese, Palm Beach Gentlemen's Club, LLC, Thomas Farese. See DE 21 for image (tp) (Entered: 12/11/2008) |
| 12/11/2008 | 24 | Clerks Notice of Docket Correction and Instruction to Filer re 21 Notice (Other) filed by Thomas Farese, Palm Beach Gentlemen's Club, LLC. Error - **Wrong Event Selected**; Correction - Redocketed by Clerk as "Demand for Jury Trial" event found in "Other Documents". Instruction to Filer - In the future, please select the proper event. It is not necessary to refile this document. (tp) (Entered: 12/11/2008) |
| 12/16/2008 | 25 | MOTION for Extension of Time to File *by Congress Shopping Center, Lt.d and* by Harald Dude. (Rosenbach, Marshall) (Entered: 12/16/2008) |

| | | |
|---|---|---|
| 12/17/2008 | 26 | NOTICE by Thomas Farese, Palm Beach Gentlemen's Club, LLC, Thomas Farese *Notice of Filing Amended Agreed Order Re Payment Rent & Mediation* (Attachments: # 1 Exhibit Amended Agreed Order)(Roderman, Barry) (Entered: 12/17/2008) |
| 12/19/2008 | 27 | RESPONSE in Opposition re 12 MOTION to Stay *or Abate of Harald Dude and Congress Shopping Center, Ltd.* filed by Congress Shopping Center Ltd. (Rosenbach, Marshall) (Entered: 12/19/2008) |
| 01/07/2009 | 28 | RESPONSE/REPLY *Response to Order to Show Cause (DE 1407) Agreeing to Consolidation* filed by Thomas Farese, Palm Beach Gentlemen's Club, LLC, Thomas Farese. (Roderman, Barry) (Entered: 01/07/2009) |
| 01/07/2009 | 29 | RESPONSE TO ORDER TO SHOW CAUSE by Thomas Farese, Palm Beach Gentlemen's Club, LLC, Thomas Farese. See DE 28 for image (tp) (Entered: 01/08/2009) |
| 01/08/2009 | 30 | Clerks Notice of Docket Correction and Instruction to Filer re 28 Response/Reply (Other) filed by Thomas Farese, Palm Beach Gentlemen's Club, LLC. Error - **Wrong Event Selected**; Correction - Redocketed by Clerk as "Response to Order to Show Cause" event found in "Other Documents". Instruction to Filer - In the future, please select the proper event. It is not necessary to refile this document. (tp) (Entered: 01/08/2009) |
| 01/12/2009 | 31 | RESPONSE TO ORDER TO SHOW CAUSE by Congress Shopping Center Ltd. (Rosenbach, Marshall) (Entered: 01/12/2009) |
| 01/27/2009 | 32 | NOTICE by Palm Beach Gentlemen's Club, LLC, Thomas Farese *of Filing Letter of Temporary Cancellation of Mediation by Judge Mager on Request of Defendant Dude* (Attachments: # 1 Exhibit Letter of Temporary Cancellation by JUdge Mager)(Roderman, Barry) (Entered: 01/27/2009) |
| 03/12/2009 | 33 | NOTICE by Palm Beach Gentlemen's Club, LLC, Thomas Farese *of Filing Proof of Insurance for Diamonds Club* (Attachments: # 1 Exhibit Insurance Certificate for Diamonds)(Roderman, Barry) (Entered: 03/12/2009) |
| 04/08/2009 | 34 | NOTICE by Jeff George (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H.1, # 9 Exhibit H.2, # 10 Exhibit H.3, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K)(Shochet, Randall) (Entered: 04/08/2009) |
| 04/10/2009 | 35 | NOTICE by Palm Beach Gentlemen's Club, LLC, Thomas Farese *Filing Proof of Payment of Rent Into Registry of 15th Judicial Circuit Court for April 10.2009 Rent* (Attachments: # 1 Exhibit Deposit Receipt for April 10.2009 Rent to Registry of 15th Judicial Circuit Court)(Roderman, Barry) (Entered: 04/10/2009) |

| 04/20/2009 | 36 | MOTION to Remand to State Court by Thomas Farese, Palm Beach Gentlemen's Club, LLC, Thomas Farese. (Roderman, Barry) (Entered: 04/20/2009) |
| 04/22/2009 | 38 | AMENDED COMPLAINT, filed by Harald Dude, Jeff George, Palm Beach Gentlemen's Club, LLC, Thomas Farese, Congress Shopping Center Ltd.(tb) (Entered: 04/30/2009) |
| 04/23/2009 | 37 | ORDER granting 8 Motion to Amend/Correct; denying 12 Motion to Stay; striking 13 Motion for Settlement; denying 22 Motion for Leave to File; denying as moot 25 Motion for Extension of Time to File. Signed by Judge Donald M. Middlebrooks on 4/22/2009. (tb) (Entered: 04/24/2009) |
| 05/04/2009 | 39 | Defendant's MOTION to Strike 38 Amended Complaint, 37 Order on Motion to Amend/Correct,, Order on Motion to Stay,, Order on Motion for Settlement,, Order on Motion for Leave to File,, Order on Motion for Extension of Time to File, *Motion to Strike Court's Order (DE 37) and George's Amended Complaint (DE 38) Pending Resolution of Motion to Remand (DE 36)*, Defendant's MOTION to Dismiss for Lack of Jurisdiction 36 MOTION to Remand to State Court, 38 Amended Complaint, 37 Order on Motion to Amend/Correct,, Order on Motion to Stay,, Order on Motion for Settlement,, Order on Motion for Leave to File,, Order on Motion for Extension of Time to File, *Motion to Dismiss Amended Complaint Based on Lack of Subject Matter Jurisdiction* by Thomas Farese, Palm Beach Gentlemen's Club, LLC. Responses due by 5/21/2009 (Attachments: # 1 Exhibit Order Consolidating Actions, # 2 Exhibit Motion for Remand, # 3 Exhibit Order Denying Mot for Release of $39592 In Court Registry & Hold Evidentiary Hearing May 15, 2009)(Roderman, Barry) (Entered: 05/04/2009) |
| 05/05/2009 | 40 | Plaintiff's MOTION for Default Judgment *of Possession* by Jeff George. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(Shochet, Randall) (Entered: 05/05/2009) |
| 05/05/2009 | 41 | NOTICE by Jeff George re 40 Plaintiff's MOTION for Default Judgment *of Possession* (Attachments: # 1 Exhibit Exhibit A.1)(Shochet, Randall) (Entered: 05/05/2009) |
| 05/06/2009 | 42 | Plaintiff's MOTION for Default Judgment by Jeff George. (Shochet, Randall) (Entered: 05/06/2009) |
| 05/06/2009 | 43 | *Farese and PBGC's* ANSWER and Affirmative Defenses to Complaint with Jury Demand, Defendant's COUNTERCLAIM *s* against Harald Dude, Jeff George, Congress Shopping Center Ltd by Thomas Farese, Palm Beach Gentlemen's Club, LLC.(Roderman, Barry) (Entered: 05/06/2009) |

| 05/06/2009 | 44 | FINAL ORDER granting 36 Motion to Remand to State Court. Signed by Judge Donald M. Middlebrooks on 5/5/2009. (tb) (Entered: 05/07/2009) |
|---|---|---|
| 05/13/2009 | 45 | Transmittal Letter Sent With certified copy of remand, To: 15th Judicial Circuit of Florida (tb) (Entered: 05/13/2009) |
| 05/20/2009 | 46 | ACKNOWLEDGMENT OF RECEIPT as to 45 Transmittal Letter Sent (cqs) (Entered: 05/21/2009) |
| 06/04/2009 | 47 | MOTION for Attorney Fees *Pursuant to Title 28 U.S.C. Section 1447(c) and Rule 11* by Jeff George. Responses due by 6/22/2009 (Shochet, Randall) (Entered: 06/04/2009) |
| 06/16/2009 | 48 | Plaintiff's MOTION for Extension of Time to File Response *to George's 47 Motion for Attorney Fees* by Palm Beach Gentlemen's Club, LLC, Thomas Farese. (Roderman, Barry) Modified added link on 6/17/2009 (tp). (Entered: 06/16/2009) |
| 06/17/2009 | 49 | Clerks Notice of Docket Correction and Instruction to Filer re 48 Plaintiff's MOTION for Extension of Time to File Response *to George's Motion for Attorney Fees* filed by Thomas Farese, Palm Beach Gentlemen's Club, LLC. Error - **No Link**; Correction - Document linked properly by Clerk. Instruction to filer - In the future, please link the document to the proper entry. It is not necessary to refile this document. (tp) (Entered: 06/17/2009) |
| 06/18/2009 | 50 | ORDER denying 48 Motion for Extension of Time to Respond. Signed by Judge Donald M. Middlebrooks on 6/18/2009. (sw) (Entered: 06/18/2009) |
| 06/19/2009 | 51 | RESPONSE in Opposition re 47 MOTION for Attorney Fees *Pursuant to Title 28 U.S.C. Section 1447(c) and Rule 11* filed by Palm Beach Gentlemen's Club, LLC, Thomas Farese. (Attachments: # 1 Exhibit Order, # 2 Exhibit B-Motion to Dismiss, # 3 Exhibit Order, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Roderman, Barry) (Entered: 06/19/2009) |
| 06/26/2009 | 52 | Statement of: Letter from Paralegal Christine Trombley *regarding Plaintiff's Reply to 51* by Jeff George re 47 MOTION for Attorney Fees *Pursuant to Title 28 U.S.C. Section 1447(c) and Rule 11*, 51 Response in Opposition to Motion,. (Rush, Christopher) (Entered: 06/26/2009) |
| 07/14/2009 | 53 | ORDER denying without pejudice 47 Motion for Attorney Fees. George is granted leave to re-file a corrected motion for attorney's fees within five days of posting of this order. Signed by Judge Donald M. Middlebrooks on 7/13/2009. (cqs) (Entered: 07/15/2009) |

---

**PACER Service Center**

| **Transaction Receipt** | | |
|---|---|---|
| 01/05/2013 07:53:31 | | |
| **PACER Login:** | ▓▓▓▓ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 9:08-cv-81048-DMM |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |