

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 06, 2018

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 16-11300-AA
Case Style: Ghahan, LLC v. Palm Steak House, LLC
District Court Docket No: 9:12-cv-80762-KLR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
### For the Eleventh Circuit
_____

No. 16-11300
_____

District Court Docket No.
9:12-cv-80762-KLR

GHAHAN, LLC,
an Ohio Limited Liability,

                              Plaintiff -
                              Third Party Defendant -
                              Counter Defendant -
                              Appellee,

versus

PALM STEAK HOUSE, LLC,
a Florida limited liability company agent of f/k/a Palm Steak House Gentlemen's Club,
THOMAS FARESE,

                              Defendants -
                              Third Party Plaintiffs -
                              Counter Claimants -
                              Appellants,

SUSAN FARESE, et al.,

                              Defendants,

SUZANNE FARESE,

                              Defendant -
                              Third Party Plaintiff -
                              Counter Claimant,

STEVE ROUMAYA,

                              Third Party Defendant -
                              Counter Defendant.
_____

Appeals from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: August 08, 2018
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna Clark

**ISSUED AS MANDATE 09/06/2018**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11300; 16-11732
_____

D.C. Docket No. 9:12-cv-80762-KLR

GHAHAN, LLC,
an Ohio Limited Liability,

    Plaintiff -
    Third Party Defendant -
    Counter Defendant -
    Appellee,

versus

PALM STEAK HOUSE, LLC,
a Florida limited liability company agent of
f/k/a Palm Steak House Gentlemen's Club,

THOMAS FARESE,

    Defendants -
    Third Party Plaintiffs -
    Counter Claimants -
    Appellants,

SUZANNE FARESE,

                   Defendant -
                 Third Party Plaintiff -
                   Counter Claimant,

STEVE ROUMAYA,

                Third Party Defendant -
                  Counter Defendant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(August 8, 2018)

Before WILLIAM PRYOR and MARTIN, Circuit Judges, and HALL,[*] District Judge.

MARTIN, Circuit Judge:

Palm Steak House, LLC and Thomas Farese appeal from the $675,000 judgment entered in favor of Ghahan, LLC and against Palm Steak on a breach-of-contract claim following a jury trial. After careful review and with the benefit of oral argument, we dismiss Mr. Farese's appeal for lack of standing and affirm the District Court in all respects.

## I. Facts

We construe the evidence at trial, including all reasonable inferences, in favor of the winner at trial. See Reeves v. Sanderson Plumbing Prods., Inc., 530

---

[*] Honorable James Randal Hall, United States Chief District Judge for the Southern District of Georgia, sitting by designation.

U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000).  Here, the winner was Ghahan, and the evidence was as follows.

In 2008, Ghahan entered into a management agreement with Palm Steak to manage and invest in a strip club.  Nick Hasan and Steve Roumaya, two of Ghahan's owners, represented Ghahan in its dealings with Palm Steak.  Mr. Roumaya believed Thomas Farese was a part owner of Palm Steak because he was the only person Mr. Roumaya dealt with in matters relating to the club.  By 2011, Ghahan had invested over a million dollars in the club, which was doing well.

In April of 2011, Mr. Roumaya began negotiating with Mr. Hasan and other Ghahan partners to buy out their interests, so that Roumaya could own outright all of the properties under Ghahan's control.  Right after those negotiations began, Mr. Roumaya separately asked Mr. Farese if he wanted to terminate the management agreement under which Ghahan operated the strip club.  Mr. Farese discussed the possible termination with Mr. Hasan and Mr. Roumaya.  As part of these discussions, Mr. Roumaya conveyed to Mr. Farese that he intended to buy out Mr. Hasan's interest in Ghahan, and Mr. Farese never objected to this plan.

Over the next several months, the parties communicated by email to negotiate the terms of a possible termination of the management agreement.  On May 27, 2011, Mr. Farese texted Mr. Roumaya, indicating he agreed to pay $675,000 at 5.5% interest to terminate the agreement.  Mr. Roumaya believed Mr.

3

Farese was agreeing on behalf of Palm Steak to buy out the management agreement.

Before the buyout of the management agreement could be completed, Mr. Roumaya had to buy out his other partners in Ghahan. And in September 2011, he did. Once that was done, Mr. Roumaya's attorney, Thomas Puffenberger, drafted a document titled "Termination of Management [A]greement" and emailed it to Mr. Farese. Farese replied that he would review the agreement with his attorneys, Barry Roderman and David Goldstein, who were copied on his email. Mr. Roderman and Mr. Goldstein are also Palm Steak's counsel in this action.

On November 10, Mr. Farese emailed Mr. Roumaya, copying Mr. Roderman and Mr. Goldstein, stating to Mr. Roumaya and Mr. Puffenberger that they should look at the attached modified termination agreement. The modified termination agreement had language indicating that it came from Palm Steak, and it included highlighted and crossed out terms. The highlighted portions reflected additions by Palm Steak, while the crossed out terms indicated Palm Steak's intent to delete those terms. After receiving the modified draft, Mr. Roumaya met with Mr. Farese in person. Over cigars, Mr. Farese asked Mr. Roumaya whether the revised termination agreement was acceptable. Mr. Roumaya responded that it was. At that point, Mr. Roumaya thought he had a deal to terminate the management agreement for $675,000.

On November 29, 2011, Mr. Roderman sent Mr. Roumaya a letter purporting to terminate the still-in-effect management agreement because of what he deemed a breach by Ghahan. Palm Steak never paid any of the $675,000 owed under the Termination of Management Agreement.

## II. Procedural History

On July 16, 2012, Ghahan sued Palm Steak, Thomas Farese, and Suzanne Farese on seven counts, including claims for breach of contract and fraud arising from the alleged breach of the termination agreement. Ghahan later amended the complaint to add claims against Congress Plaza, LLC.

Before this case was tried, the District Court severed some claims and parties so that the only claim set for trial was Ghahan's claim that Palm Steak breached the termination agreement. Also before the trial, the Court ruled as a matter of law that Mr. Farese had general authority to run the day-to-day operations of the club, but the "exact scope and nature" of his authority to act for Palm Steak would be decided at trial. This order was never challenged by Palm Steak.

The trial started on February 9, 2016. After Ghahan rested its case, Palm Steak moved for judgment as a matter of law, arguing there had not been a meeting of the minds between Palm Steak and Ghahan. The District Court reserved ruling on the motion. Palm Steak renewed its motion for judgment as a matter of law

5

after closing arguments, and the Court again reserved ruling until after the jury's verdict.

The jury returned a verdict in favor of Ghahan and awarded damages of $675,000. By way of special interrogatories answered on the verdict form, the jury found that Mr. Farese had actual or apparent authority to represent Palm Steak in negotiating the termination agreement with Ghahan; the terms of the revised termination agreement were acceptable to Mr. Farese; and Mr. Roumaya accepted those terms and communicated his acceptance to Mr. Farese. After the verdict, the District Court denied Palm Steak's motion for a judgment as a matter of law.

The District Court entered a non-final judgment for $675,000 on Ghahan's breach-of-contract claim against Palm Steak, and ordered Ghahan to notify the Court about whether it intended to proceed with any of its other claims. Ghahan informed the Court that it did not intend to proceed with its remaining claims, including the claims against Mr. Farese. The Court then entered a final judgment on the breach-of-contract claim and dismissed all remaining claims with prejudice.

Palm Steak and Mr. Farese filed notices of appeal. After this Court came to suspect a jurisdictional problem, Palm Steak filed a motion for relief from judgment under Rule 60(b) in the District Court. Among other arguments, Palm Steak contended its motion should be granted because the Court lacked diversity jurisdiction and because the amended pretrial order about Mr. Farese's testimony

had violated its due process and jury trial rights. The District Court denied the motion.

Soon after, this Court remanded the case back to the District Court so it could make findings about the citizenship of the parties and whether jurisdiction existed under 28 U.S.C. § 1332. After discovery and briefing, the District Court found by a preponderance of the evidence that complete diversity existed among the parties when Ghahan filed its complaint on July 16, 2012, so the Court had subject matter jurisdiction. Briefly, it found that Ghahan, the sole plaintiff, was a citizen of Ohio because its sole member, Mr. Roumaya, was a citizen of Ohio. As for the defendants, the Court found Thomas and Suzanne Farese were citizens of Florida. The Court also found Palm Steak and Congress Plaza were either citizens of Florida or citizens of Florida, Virginia, New York, and California, depending on how one of their common members, Nolita Trust, was organized. Most important for this appeal, the Court found that two people, Marc Scott and John Caruso, were not members of Palm Steak when the complaint was filed on July 16, 2012, so their citizenship did not matter for purposes of diversity jurisdiction. Because no defendant shared Ohio citizenship with Ghahan, the District Court found complete diversity existed at the time Ghahan filed its complaint in 2012 and also when Ghahan amended its complaint to add Congress Plaza as a defendant. The Court

then terminated the case, leaving the former judgment intact, and returned the case to this Court.

### III. Discussion

**A.   Thomas Farese lacks standing to appeal.**

Palm Steak and Mr. Farese appealed from the judgment of the District Court. Mr. Farese appealed despite the fact that the District Court entered judgment against only Palm Steak and dismissed the claims against the other defendants, including Mr. Farese. Because Mr. Farese is not injured by the judgment, he does not have standing to appeal. See Wolff v. Cash 4 Titles, 351 F.3d 1348, 1353–54 (11th Cir. 2003). His appeal is therefore dismissed.[1]

**B.   The District Court had subject matter jurisdiction under 28 U.S.C. § 1332.**

On remand from this Court, the District Court found that Ghahan was a citizen of Ohio and the defendants were citizens of either Florida or citizens of Florida, Virginia, New York, and California, depending on how Nolita Trust, one of Palm Steak and Congress Plaza's members, was organized. Based on these findings, the District Court concluded diversity jurisdiction existed. Palm Steak argues Ghahan failed to meet its burden of showing the existence of diversity

---

[1] Congress Plaza and Suzanne Farese also joined in an amended notice of appeal from the District Court's jurisdictional order. We cannot know what they intended to argue on appeal because neither filed briefs. To the extent they intended to appeal one of the District Court's earlier orders, their appeal was not timely. See Fed. R. App. P. 4(a)(1)(A). If instead they intended to challenge the District Court's jurisdictional order, their appeal is dismissed for lack standing for the same reason as Mr. Farese's appeal.

jurisdiction because it did not establish the domicile of Marc Scott and John Caruso, whom it alleges were members of Palm Steak when this action was filed.

"The existence of jurisdiction is a question of law we review de novo." Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013). We review a district court's jurisdictional findings of fact for clear error. Id. at 1269. "A finding is clearly erroneous if the record lacks substantial evidence to support it." Id. Under the clear error standard, this Court will uphold a district court's choice between two permissible views of the evidence even if we were inclined to reach a different result. I.L. v. Alabama, 739 F.3d 1273, 1287 (11th Cir. 2014).

Diversity jurisdiction exists in cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The party asserting diversity jurisdiction has the burden of proving its existence. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007). Diversity of citizenship is assessed at the time the action is filed. PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016).

Palm Steak argues the District Court's findings that Mr. Scott and Mr. Caruso were not members of Palm Steak when Ghahan filed suit on July 16, 2012 are clearly erroneous. Palm Steak's argument goes like this: the record does not show where Mr. Scott or Mr. Caruso was domiciled when this action began. Thus, if either was a member of Palm Steak, then Ghahan has not carried its burden of

9

showing that diversity jurisdiction exists.  See King, 505 F.3d at 1171 (holding that the party invoking federal jurisdiction has the burden of proving its existence); see also Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam) (holding that a limited liability company "is a citizen of any state of which a member of the company is a citizen" (quotation omitted)).

The District Court's jurisdictional findings that Mr. Scott and Mr. Caruso were not members of Palm Steak when the complaint was filed were not clearly erroneous.  Those findings were supported by Ms. Farese's testimony that Palm Beach Gentleman's Club Trust, Nolita Trust, and Mr. Roderman were Palm Steak's only members in 2012.  Her testimony was corroborated by Palm Steak's 2012 tax return and K-1s, which show Mr. Scott as a partner, but lists his profit, loss, and capital, at the beginning and end of 2012 as 0%.  An affidavit from Earl Wald, a certified public accountant, explained that "capital" on this form shows Mr. Scott's membership share, making his membership share 0%.  As for Mr. Caruso, the Court found he was not a member in 2012 because Palm Steak's 2012 tax return did not list him as a member.

Palm Steak draws different inferences from this same evidence and also points to contrary evidence to argue that Mr. Scott and Mr. Caruso were, in fact, members when Ghahan filed the complaint.  Palm Steak says Mr. Scott was a

member because he testified that he invested in Palm Steak in 2007. It also argues that the distribution of funds in the fall of 2012 to Mr. Scott and Mr. Caruso following the sale of a different strip club in 2012 showed they were members when the complaint was filed in July 2012.

Although the record may offer support for the idea that Mr. Scott and Mr. Caruso were members of Palm Steak, the District Court was entitled to choose between two permissible views of the evidence. I.L., 739 F.3d at 1287. We therefore affirm the District Court's citizenship findings. Based on these findings, we affirm its holding that diversity jurisdiction existed.

**C.   There was an enforceable contract.**

Palm Steak also argues the District Court erred by denying its motion for judgment as a matter of law. It contends there was no mutual assent to the terms of the termination agreement.

We review the denial of a motion for judgment as a matter of law de novo, applying the same standards as the district court. McGinnis v. Am. Home Mortg. Servicing, Inc., 817 F.3d 1241, 1254 (11th Cir. 2016). A party is entitled to judgment as a matter of law if the opposing party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [opposing] party on that issue." Fed. R. Civ. P. 50(a).

11

Under Florida law, to establish the existence of an enforceable contract, a party must prove the existence of an offer from one party, its acceptance by another, consideration on the part of both parties, and sufficiently specific essential terms. Kolodziej v. Mason, 774 F.3d 736, 740–41 (11th Cir. 2014). Mutual assent, although not necessarily an independent element, is required for the formation of a contract. Id. at 741. The existence of mutual assent is determined by examining the process through which the parties are purported to reach an agreement. Id. This includes examining their written and spoken words and their conduct on the whole. Id. Whether a party made or accepted an offer is determined by considering how a reasonable, objective person would have understood the party's communication. Id.

There was sufficient evidence to support a finding of mutual assent to the terms of Mr. Farese's revised termination agreement. Based on Mr. Farese's revisions to the original draft and his emailed instruction to Mr. Roumaya and his lawyer that they should review the attached revisions, a reasonable jury could find Mr. Farese intended to make a counteroffer on the revised terms. See Peraza v. Robles, 983 So. 2d 1189, 1190 (Fla. 3d DCA 2008) (holding that demand of additional terms constituted a counteroffer). A reasonable jury could also find Mr. Roumaya accepted those revised terms on behalf of Ghahan based on his testimony that he told Mr. Farese he accepted those terms at a meeting in mid-November

2011.  Together, this evidence was sufficient for a reasonable jury to find there was an enforceable agreement.  See Kolodziej, 774 F.3d at 741.  We therefore affirm the denial of Palm Steak's motion for judgment as a matter of law.

**D.    Palm Steak is not entitled to relief from judgment.**

Palm Steak also argues the District Court violated its due process and jury trial rights by entering an amended pretrial order ruling as a matter of law that Mr. Farese had general authority to act for Palm Steak.  It raised this argument for the first time in a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), which the District Court denied.

Rule 60 provides various grounds for relief from judgment.  Rule 60(b)(6) permits a district court to relieve a party from judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  This is a "catch-all" provision that justifies relief from a final judgment where "the circumstances are sufficiently extraordinary to warrant relief."  Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013) (quotation omitted).  Because exercise of Rule 60(b)(6) is in the District Court's discretion, on appeal, Palm Steak "must demonstrate a justification so compelling that the district court was required to vacate its order."  Id. (quotation omitted).

Palm Steak has not established the extraordinary circumstances that would justify relief from judgment.  To begin, Palm Steak consistently overlooks the

substance of the District Court's ruling.  The court clearly left to the jury the "exact scope and nature" of Mr. Farese's authority, including whether he had actual or apparent authority to negotiate the termination agreement.  As promised, the District Court let the jury decide this issue.  And the jury answered "Yes" to an interrogatory asking whether "Ghahan prove[d] by a preponderance of the evidence that Thomas Farese had actual or apparent authority to represent Palm Steak House in negotiating a contract with Ghahan LLC[.]"  Palm Steak fails to show how these circumstances are so extraordinary as to warrant relief from judgment under Rule 60(b)(6).

### E.     Palm Steak waived its other arguments.

Palm Steak makes two other arguments.  It argues it is entitled to judgment as a matter of law because the alleged agreement violated Florida's statute of frauds.  And it argues the District Court should have granted a new trial because Ghahan suggested in closing argument that Palm Steak's trial counsel's arguments could be used as evidence.

Under the facts and circumstances of this case, Palm Steak waived both arguments and no exception to its waiver applies.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1332 (11th Cir. 2004).  Palm Steak did not make its statute-of-frauds argument in its motion for judgment as a matter of law.  See Softball Country Club-Atlanta v. Decatur Fed. Sav. & Loan Ass'n, 121 F.3d 649,

14

659 (11th Cir. 1997) (finding defendant waived its right to a post-verdict motion for judgment as a matter of law on attorney's fees).  And there was no fundamental miscarriage of justice or fundamental error that warrants our review now. See Austin-Westshore Constr. Co. v. Federated Dep't Stores, Inc., 934 F.2d 1217, 1223 (11th Cir. 1991).  Palm Steak also never objected to Ghahan's closing argument and did not challenge it in a motion for new trial.  See Knight v. Miami-Dade Cty., 856 F.3d 795, 818 (11th Cir. 2017) (finding plaintiff's challenge to closing arguments waived when raised for the first time on appeal).

**AFFIRMED IN PART AND DISMISSED IN PART.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 08, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-11300-AA
Case Style: Ghahan, LLC v. Palm Steak House, LLC
District Court Docket No: 9:12-cv-80762-KLR

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs