UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:12-cv-80762-Middlebrooks

GHAHAN, LLC

    Plaintiff,
vs.

PALM STEAK HOUSE, LLC,
f/k/a PALM STEAK HOUSE GENTLEMENS CLUB, LLC,


SUZANNE FARESE
THOMAS FARESE, individually,

CONGRESS PLAZA, LLC

John Doe 1

Jane Doe 1

    Defendants.
_____/

## GHAHAN'S MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY AND TO IMPLEAD THIRD PARTIES IN TO PROCEEDINGS

Pursuant to Rule 69 of the Federal Rules of Civil Procedure and Section 56.29, Florida Statutes, Plaintiff, Ghahan, LLC ("Ghahan"), hereby moves for commencement of proceedings supplementary and to implead parties into proceedings. In support of this Motion, Ghahan states:

### Background

1.    On July 16, 2012, Ghahan initiated the above-styled action in this Court against Palm Steak Houses, LLC f/k/a Palm Beach Steakhouse Gentlemen's Club, LLC ("Palm"), Susan Farese and Thomas Farese. (D.E. 1).

1

2. From February 8 – 11, 2016, a jury trial was conducted in this case. Prior to the trial, the Court severed claims, and the only claims that went to trial were those as to Palm.

3. On February 24, 2016, this Court entered a Final Judgment on a jury verdict in favor of Ghahan and against Palm in the amount of $675,000.00, on Ghahan's breach of contract claim relating to the buyout agreement, and further ordered that Ghahan shall receive pre and post judgment interest on this amount from the date of November 29, 2011. (the "Judgment") (D.E. 444). (See copy of the Judgement as recorded in the Official Records of Palm Beach County, attached hereto as **Exhibit "A."**)

4. Ghahan obtained a Writ of Execution in an effort to collect on the Judgment (the "Writ of Execution"). (See true and correct copy of the Writ of Execution, attached hereto as **Exhibit "B."**)

5. The Writ of Execution remains unsatisfied and is valid and outstanding. (*See* Affidavit of Steve Roumaya. ("Roumaya Affidavit"), ¶ 5, attached hereto as **Exhibit "C."**)

6. Palm appealed the Judgment, which was affirmed on appeal. [Mandate, DE 588].

7. Pursuant to Fed. R. Civ, P. 69(a), the procedures for proceeding supplementary to and in aid of judgment obtained in a federal district court "shall be in accordance with the practice and procedure of the state in which the district is held." *Id.* Accordingly, the Florida practices and procedure set forth in Section 56.29, Florida Statutes, apply. See, e.g., *MCI Telecommunications Corp. v. O'Brien Marketing, Inc.*, 913 F. Supp. 1536 (S.D. Fla. 1995).

8. Pursuant to Section 56.29, a judgment creditor holding an unsatisfied writ of execution on a judgment is entitled to implead third parties to whom the judgment debtor may have made fraudulent transfers or who may be alter egos of the judgment debtor. See,

e.g., *Exceletech, Inc. v. Williams*, 597 So.2d 275 (Fla. 1992); see also *Allied Industries Intern, Inc. v. AGFA-Gevaert, Inc.*, 688 F. Supp. 1516 (S.D. Fla. 1988).

9. Here, Palm, as the judgment debtor, has acted to defraud, hinder, and delay Ghahan, the judgment creditor, by transferring all of its assets to its insiders, without formality or consideration. See *infra*.; *see also* generally Roumaya Affidavit.

**Party to Implead in Supplemental Proceedings**

10. As discussed more fully herein, based upon the documents and evidence Ghahan obtained, Ghahan believes that Palm Beach Gentlemen's Club Trust with Suzanne Farese and David Goldstein as trustees, Nolita Trust with David M. Goldstein as trustee, and Barry Roderman, received fraudulent transfers of the proceeds of the sale of all of the assets of Palm, which Palm had title to within one (1) year before service of process on the original suit, and further the transfers were made or contrived to delay, hinder or defraud Palm. *See Jackson-Platts v. GE Capital* Group, 727 F. 3d 1127, 1130 and 1135. Accordingly, Palm seeks to implead Supplemental Defendant Suzanne Farese and David Goldstein as Trustees of the Palm Beach Gentlemen's Club Trust and the Palm Beach Gentlemen's Club Trust, David Goldstein as Trustee of the Nolita Trust and the Nolita Trust, and Barry Roderman (hereinafter collectively referred to as "Members of Palm"), in proceedings supplementary for purposes of execution.

11. On September 17, 2012, a contract was entered into between Palm, the Members of Palm and S & J Crazy Lizards Entertainment, LLC, for the sale of all of the assets of Palm. (**See attached Exhibit D**, Agreement of Sale and Purchase, identified at 2/10/16 trial, DE 484, pg. 25, lns. 13-25, admitted over a relevancy objection at trial as Exhibit 16, Transcript, DE 484, pg. 28, lns 16-25, pg. 29, lns. 1-12, and marked trial exhibit 16, found at DE 583.)

12. The total sale price was two million four hundred thousand dollars ($2,400,000.00).

13. The sale closed on October 29, 2012. (*See* **attached Exhibit D,** Closing Statement).

14. Shortly after the sale, Palm Beach Gentlemen's Club Trust received $803,297 from Palm. (*See* **attached Exhibit E**, 2012 Tax Return for Palm, previously filed with the Court by Palm, at DE 556-6).

15. Shortly after the sale, Nolita Trust received $172,135 from Palm. (*See* **attached Exhibit E.)**

16. Shortly after the sale, Barry Roderman received $172,135 from the sale. *See* Tax Return of Palm. (*See* **attached Exhibit E.)**

17. After the sale, Palm had no assets. (*See* **attached Exhibit F**, 2013 Tax Return of Palm, previously filed with the Court by Defendant Palm at DE 556-7).

18. At the time of the above transfers, Palm was indebted to Ghahan for its breach of contract claim relating to the payout agreement, the Complaint for which had been filed prior to the entry into the Agreement of Sale and Purchase, although the Final Judgment had not yet been entered.

19. The Members of Palm knew or reasonably should have known of the breach of contract and liabilities arising therefrom.

20. The Members of Palm were signatories to the Asset and Purchase Agreement, and knew that all the assets of Palm were sold. *See* Asset and Purchase Agreement, pgs. 21 – 23.

21. Palm received nothing in return from the Members of Palm for the aforesaid transfers.

22. The aforesaid transfers were made or contrived to delay, hinder or defraud Ghahan.

23. The aforesaid transfers contained were fraudulent transfers to an insider pursuant to Section 56.29(3)(a). Accordingly, Palm and the Members of Palm have the burden of proof to establish that the transfer of said funds were not fraudulent transfers

24. The statute lists various factors to be considered in determining whether "actual intent" is present, including:

    a. (2) In determining actual intent under paragraph (1)(a), consideration may be given, among other factors, to whether:

        i. (a) the transfer or obligation was to an insider.

        ii. (b) The debtor retained possession or control of the property transferred after the transfer.

        iii. (c) The transfer or obligation was disclosed or concealed.

        iv. (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

        v. (e) The transfer was of substantially all the debtor's assets.

        vi. (f) The debtor absconded.

        vii. (g) The debtor removed or concealed assets.

        viii. (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

        ix. (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

        x. (i) The transfer occurred shortly before or shortly after a substantial debt was incurred.

        xi. (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

25. The factors listed are satisfied in this instance, demonstrating the "actual intent" inter alia: The Members of Palm are insiders, Palm had been sued by Ghahan at the time of the

Transfer, the Transfer was for all of Palm's assets, and Palm became insolvent as a result of the Transfer. The facts support a finding of fraudulent transfer pursuant to Section 726.105(1)(a) and are transfers for which proceedings supplementary may be initiated under Section 56.29 Florida Statutes. The transfers between Palm and the Members of Palm were fraudulent transfers.

26.  Under Section 726.106(1), Florida Statutes:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

27.  Palm received no value for the transfer to the Members of Palm and Palm became insolvent as a result of the transfer. The facts support a finding of fraudulent transfer pursuant to Section 726.106(1) and are transfers for which proceedings supplementary may be initiated under Section 56.29 Florida Statutes The transfers between Palm and the Members of Palm were fraudulent transfers.

WHEREFORE, Plaintiff, Ghahan, LLC, respectfully requests that the Court:

(a) order proceedings supplementary pursuant to Section 56.29, Florida Statutes;

(b) implead Supplemental Defendant Suzanne Farese and David Goldstein as Trustees of the Palm Beach Gentlemen's Club Trust and the Palm Beach Gentlemen's Club Trust, David Goldstein as Trustee of the Nolita Trust and the Nolita Trust, and Barry Roderman ;

(c) issue Notices to Appear to Supplemental Defendant Suzanne Farese and David Goldstein as Trustees of the Palm Beach Gentlemen's Club Trust and the Palm Beach Gentlemen's Club Trust, David Goldstein as Trustee of the Nolita Trust and the Nolita Trust, and Barry Roderman  n, pursuant to Section 56.29(2), Florida Statutes, requiring the Members of Palm to file affidavits, as provided in section 56.16, Florida Statutes, within seven (7) business days from the date of service of the Notice to Appear, stating why the property should not be applied to satisfy the judgment; (*see* **attached Composite Exhibit G, Proposed Notices to Appear).**

(d) award Ghahan, LLC the fees and costs against the judgement debtor associated with the instant Action pursuant to Section 56.29(4); and

(e) grant such other and further relief as is deemed just and proper.

    Respectfully Submitted,

BY: /s/*Gregory R. Elder*
Gregory R. Elder,  Esq.
Law Offices of Gregory R. Elder, LLC
201 N. Ocean Drive, First Floor
Hollywood, Fl. 33019
(305) 546-1061
gelderlaw@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th of   March 2019, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which I understand will serve a copy on all counsel of record, listed below. I further certify that a copy of the forgoing has been furnished to Defendant, Thomas Farese, Pro Se via first class mail and email as follows:

 Barry G. Roderman, Counsel for Defendants Palm Steak House, LLC and Suzanne Farese

David M. Goldstein, Counsel for Defendants Palm Steak House, LLC and Suzanne Farese.

Thomas Farese, Pro Se 126 NE 4th Avenue, Delray Beach, Florida 33483 Facsimile: 561-276-7099 tf511@att.net

    BY: /s/*Gregory Elder*