UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:12-cv-80762-Middlebrooks

GHAHAN, LLC

   Plaintiff,

vs.

PALM STEAK HOUSE, LLC,
f/k/a PALM STEAK HOUSE GENTLEMENS CLUB, LLC,

   Defendant

GHAHAN, LLC

   Third-Party Plaintiff

vs.

SUZANNE FARESE AND DAVID GOLDSTEIN, AS TRUSTEES
OF PALM BEACH GENTLEMEN'S CLUB TRUST,

PALM BEACH GENTLEMEN'S CLUB TRUST

DAVID M. GOLDSTEIN, AS TRUSTEE OF NOLITA TRUST,

NOLITA TRUST,

   AND

BARRY RODERMAN

   Third-Party Defendants.
_____/

**AMENDED IMPLEADER COMPLAINT IN PROCEEDINGS SUPPLEMENTARY TO SET ASIDE FRAUDULENT CONVEYANCE AND TO SATISFY JUDGMENT AND FOR OTHER RELIEF**

Plaintiff, Ghahan, LLC ("Ghahan"), by and through counsel, brings this proceedings supplementary to avoid and recover fraudulent and improper transfers against Third Party Defendants, Suzanne Farese and David Goldstein, as trustees Of Palm Beach Gentlemen's Club

1

Trust, Palm Beach Gentlemen's Club Trust, David M. Goldstein, as trustee of Nolita Trust, Nolita Trust, and Barry Roderman (sometimes collectively, "Third Party Defendants"), and for other relief, and allege in support hereof, as follows:

## The Parties, Jurisdiction and Venue

1. Ghahan is an Ohio limited liability company with its principal place of business in Columbus, Ohio.

2. Ghahan's sole member is Steve Roumaya, who is an Ohio citizen.

3. Suzanne Farese is a citizen of Florida.

4. Barry Roderman is a citizen of Florida.

5. David M. Goldstein is a citizen of Florida.

6. Palm Steak House, LLC, F/K/A Palm Steak House Gentlemens Club, LLC (PBGC") is a Florida Limited Liability Company. All of its members are: Palm Beach Gentlemen's Club Trust, Nolita Trust and Barry Roderman.

7. Suzanne Farese and/or David M. Goldstein are trustees of Palm Beach Gentlemen's Club Trust, and Suzanne Farese is the sole beneficiary of said trust, and a citizen of Florida.

8. David M. Goldstein is the trustee of Nolita Trust, a citizen of Florida, and all of the beneficiaries of said trust are not citizens of Ohio. The sole beneficiaries of Nolita Trust have always been only Heidi Goldstein and Micheline Goldstein. Heidi Goldstein and Micheline Goldstein are David Goldstein's natural born children, and they have never lived in Ohio. From 2010 to present, Heidi Goldstein has been a citizen and domiciled in either New York or California. She has never been domiciled in Ohio. From 2010 to present, Micheline Goldstein has been domiciled and a citizen of either Virginia, New York or California. Micheline Goldstein has never been domiciled and a citizen of Ohio

9. PBGC and all of its members are either citizens of Florida or states other than Ohio.

1

10. Thomas Farese is a citizen of Florida.

11. As alleged below, the assets of PBGC that were sold were located and sold in Florida, and the distributions from said sale to Third Party Defendants took place in Florida.

12. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as this matter involves a dispute between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

13. This Court is an appropriate venue for this action pursuant to 28 U.S.C. § 1391, because the material events or omissions upon which the claims are based occurred in this judicial district, and Third party Defendants' principal place of business and/or domiciles are located in the Southern District of Florida.

## General Background

14. On July 16, 2012, Ghahan initiated the above-styled action in this Court against PBGC, Susan Farese and Thomas Farese. (D.E. 1).

15. From February 8 – 11, 2016, a jury trial was conducted in this case. Prior to the trial, the Court severed claims, and the only claims that went to trial were those as to PBGC.

16. On February 24, 2016, this Court entered a Final Judgment on a jury verdict in favor of Ghahan and against PBGC, in the amount of $675,000.00, on Ghahan's breach of contract claim relating to a buyout agreement, and further ordered that Ghahan shall receive pre and post judgment interest on this amount from the date of November 29, 2011. (the "Judgment") (D.E. 444).

17. Ghahan obtained a Writ of Execution in an effort to collect on the Judgment (the "Writ of Execution").

18. The Writ of Execution remains unsatisfied and is valid and outstanding. Palm appealed the Judgment, which was affirmed on appeal. [Mandate, DE 588].

19. Pursuant to Fed. R. Civ, P. 69(a), the procedures for proceeding supplementary to

and in aid of judgment obtained in a federal district court "shall be in accordance with the practice and procedure of the state in which the district is held." Accordingly, the Florida practices and procedure set forth in Section 56.29, Florida Statutes, apply.

20. Pursuant to Section 56.29, a judgment creditor holding an unsatisfied writ of execution on a judgment is entitled to implead third parties to whom the judgment debtor may have made fraudulent transfers or who may be alter egos of the judgment debtor.

### Fraudulent Transfer

21. PBGC, as the judgment debtor, has acted to defraud, hinder, and delay Ghahan, the judgment creditor, by transferring all of its assets to its insiders, without formality or proper consideration.

22. The insiders are Third Party Defendants, who caused PBGC to make said transfers for their personal benefit.

23. Palm Beach Gentlemen's Club Trust with Suzanne Farese and David Goldstein as trustees, Nolita Trust with David M. Goldstein as trustee, and Barry Roderman, received fraudulent transfers of the proceeds of the sale of all of the assets of PBGC, which PBGC had title to within one (1) year before service of process on the original suit, and further the transfers were made or contrived to delay, hinder or defraud PBGC

24. Ghahan, therefore, hereby impleads Third Party Defendants Suzanne Farese and David Goldstein as Trustees of the Palm Beach Gentlemen's Club Trust and the Palm Beach Gentlemen's Club Trust, David Goldstein as Trustee of the Nolita Trust and the Nolita Trust, and Barry Roderman (hereinafter sometimes collectively referred to as "Members of Palm"), in proceedings supplementary for purposes of execution.

25. On September 17, 2012, a contract was entered into between PBGC, the Members of PBGC and S & J Crazy Lizards Entertainment, LLC, for the sale of <u>all</u> of the assets of

PBGC. (***See*** **attached Exhibit A**, Agreement of Sale and Purchase, identified at 2/10/16 trial, DE 484, pg. 25, lns. 13-25, admitted over a relevancy objection at trial as Exhibit 16, Transcript, DE 484, pg. 28, lns 16-25, pg. 29, lns. 1-12, and marked trial exhibit 16, found at DE 583.)

26. The total sale price was two million four hundred thousand dollars ($2,400,000.00)

27. The sale closed on October 29, 2012. (***See*** **attached Exhibit A,** Closing Statement).

28. Shortly after the sale, Palm Beach Gentlemen's Club Trust received $803,297 from Palm. (***See*** **attached Exhibit B**, 2012 Tax Return for Palm, previously filed with the Court by PBGC, at DE 556-6).

**29.** Shortly after the sale, Nolita Trust received $172,135 from PBGC. (***See*** **attached Exhibit B.)**

30. Shortly after the sale, Barry Roderman received $172,135 from the sale from PBGC. *See* Tax Return of Palm. (***See*** **attached Exhibit B.)**

31. After the sale, PBGC had no assets. (***See*** **attached Exhibit C**, 2013 Tax Return of Palm, previously filed with the Court by Defendant Palm at DE 556-7).

32. At the time of the above transfers, PBGC was indebted to Ghahan for its breach of contract claim relating to the payout agreement, the Complaint for which had been filed prior to the entry into the Agreement of Sale and Purchase, although the Final Judgment had not yet been entered.

33. The Members of PBGC knew or reasonably should have known of the breach of contract and liabilities arising therefrom.

34. The Members of PBGC were signatories to the Asset and Purchase Agreement, and knew that all the assets of Palm were sold. (*See* Asset and Purchase Agreement, Ex. A, pgs. 21 – 23.

35. PBGC received nothing in return from the Members of Palm for the aforesaid transfers.

36. The aforesaid transfers were made or contrived to delay, hinder or defraud Ghahan.

3

## FIRST CAUSE OF ACTION

37. Ghahan re-alleges and re-avers the foregoing paragraphs as though fully re-written herein.

38. The aforesaid transfers were fraudulent transfers to insiders pursuant to Section 56.29(3)(a). Accordingly, Palm and the Members of Palm have the burden of proof to establish that the transfer of said funds were not fraudulent transfers

39. Section 56.29(3) lists various factors to be considered in determining whether "actual intent" is present, including:

   a. (2) In determining actual intent under paragraph (1)(a), consideration may be given, among other factors, to whether:

      i. (a) the transfer or obligation was to an insider.

      ii. (b) The debtor retained possession or control of the property transferred after the transfer.

      iii. (c) The transfer or obligation was disclosed or concealed.

      iv. (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

      v. (e) The transfer was of substantially all the debtor's assets.

      vi. (f) The debtor absconded.

      vii. (g) The debtor removed or concealed assets.

      viii. (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

      ix. (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

      x. (i) The transfer occurred shortly before or shortly after a substantial debt was incurred.

      xi. (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

40. The factors listed are satisfied in this instance, demonstrating the "actual intent," *inter alia*: The Members of PBGC are insiders, PBGC had been sued by Ghahan at the time of the Transfer, the Transfer was for all of PBGC's assets, and PBGC became insolvent as a result of the Transfer.

41. The aforesaid facts support a finding of fraudulent transfer pursuant to Section 726.105(1)(a), and are transfers for which proceedings supplementary may be initiated under Section 56.29 Florida Statutes.

42. Section 56.29(6) gives judgment creditors detailed means by which to void fraudulent transfers from a judgment debtor to another party.

43. Under 56.29(6), when a judgment debtor gifts, transfers, assigns, or somehow conveys personal property to another person in order to delay, hinder, or defraud the judgment creditor, a court shall void the transfer in a supplementary proceeding.

44. And when the transfer is made by the judgment debtor to an insider -- like the judgment debtor's spouse or relative -- within a year of being served with process, it is the judgment debtor's burden to establish a lack of intent to delay, hinder, or defraud the judgment creditor.

45. Third Party Defendants had an intent to delay, hinder, or defraud creditors, a proceeding under that section involves an issue of substantive law that is independent of the underlying action."

46. Ghahan sustained damages as a direct and proximate result of said fraudulent transfer.

WHEREFORE, Ghahan respectfully requests that the Court enter judgment against Third Party Defendants as follows:

    a) issue Notices to Appear to Third Party Defendants Suzanne Farese and David Goldstein as Trustees of the Palm Beach Gentlemen's Club Trust and the Palm Beach Gentlemen's Club Trust, David Goldstein as Trustee of the Nolita Trust and the Nolita Trust, and Barry Roderman, pursuant to Section 56.29(2), Florida Statutes, requiring the Members of Palm to file affidavits, as provided in section 56.16, Florida Statutes, within seven (7) business days from the date of

6

service of the Notice to Appear, stating why the property should not be applied to satisfy the judgment;

b) enter a judgment in Ghahan's favor and against the Third-Party Defendants, jointly and severally: (i) avoiding and/or setting aside the fraudulent transfers; (ii) entering judgment against Third Party Defendants in favor of Ghahan, for the full amount they collectively received from said transfers and which is owed Ghahan; (iii) ordering Third Party Defendants to pay over to Ghahan the full amount owed on its judgment; iv. awarding Plaintiffs their reasonable attorneys' fees and court costs pursuant to Fla. Stat. §§ 56.29(11), Section 56.29 and 57.115,; and (iii) awarding Plaintiffs such further relief deemed equitable and just under the circumstances.

Respectfully Submitted,

BY: /s/*Gregory R. Elder*
Gregory R. Elder,  Esq.
Law Offices of Gregory R. Elder, LLC
2300 NW Corporate Blvd., Suite 215
Boca Raton, Florida 33341
(305) 546-1061
gelderlaw@gmail.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9TH day of April, 2020, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which I understand will serve a copy on all counsel of record, listed below. I further certify that a copy of the forgoing has been furnished to Defendant, Thomas Farese, Pro Se via first class mail and email as follows:

Barry G. Roderman, Counsel for Defendants Palm Steak House, LLC and Suzanne Farese David M. Goldstein, Counsel for Defendants Palm Steak House, LLC and Suzanne Farese.
Thomas Farese, Pro Se 126 NE 4th Avenue, Delray Beach, Florida 33483 Facsimile: 561-276- 7099 tf511@att.net

BY: /s/*Gregory Elder*