UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:12-cv-80762-Middlebrooks

GHAHAN, LLC,

    Plaintiff,

-vs-

PALM STEAK HOUSE, LLC f/k/a
PAL STEAK HOUSE GENTLEMENS
CLUB, LLC,

    Defendants.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED IMPLEADER COMPLAINT IN PROCEEDINGS SUPPLEMENTARY

COMES NOW the Third-Party Defendant, BARRY RODERMAN ("Roderman") by and through the undersigned counsel, and hereby files the Answer and Affirmative Defenses pursuant to Rule 8(b) and 12(b), Federal Rules of Civil Procedure:

### ANSWER

1. The Third-Party Defendant admits the following numbered paragraphs: 4, 5, 9, 10, 14., 15, 16, 17, 25, 26, 27, 28, 29, 30, 31, and 34.

2. The Third-Party Defendant denies the following numbered paragraphs due to the lack of specific knowledge about the allegations set forth therein, but would still demand strict proof thereof: 1, 2, 12, and 13.

3. The Third-Party Defendant expressly denies the following numbered paragraphs due to the falsity of the allegations, or the falsity as stated, as set forth therein, and would demand strict proof thereof: 7, 8, 11, 18, 19, 20, 21, 22, 23, 24, 32, 33, 35, 36, 38, 39 (all parts). 40, 41, 42, 43, 44, 45, and 46.

4. The Third-Party Defendant reavers and realleges the answers to the above numbered paragraphs, which were incorporated into a cause of action though the following numbered paragraphs: 37.

## AFFIRMATIVE DEFENSES

5. For his first affirmative defense, the Third-Party Defendant would show unto the Court that, at all times material hereto: the Third-Party Plaintiff, GHAHAN, LLC (the "Third-Party Defendant") were advised by the Defendant, PALM STEAK HOUSE, LLC ("PSH") of its intent to offer for sale its interest in the Palm Beach Gentlemen's Club (the "Club"), and offered the Third-Party Plaintiff the right of first refusal to acquire its interest in the Club, prior to the initiation of the underlying lawsuit, and as such, no action by any of the Third-Party Defendants were taken to delay, hinder or defraud the Third-Party Plaintiff under Florida Statute § 56.29(3). As a consequence, thereof, the Third-Party Plaintiff is barred from voiding or reversing any of the transfers made to the Third-Party Defendants from the sale of the Defendant's interest in the Club.

6. For his second affirmative defense, the Third-Party Defendant would show unto the Court that, at all times material hereto: the proceeds from the sale of the Defendant's interest in the Club were made to Roderman and David M. Goldstein, as trustee of Nolita Trust/Nolita Trust ("Goldstein") as creditors of the Defendant for attorney's fees and costs that were accrued, due and owing for legal services rendered to the Defendant in multiple legal matters, and as such, no action by Roderman or Goldstein were taken to delay, hinder or defraud the Third-Party Plaintiff under Florida Statute § 56.29(3).  As a consequence, thereof, the Third-Party Plaintiff is barred from voiding or reversing any of the transfers made to Roderman and Goldstein as a creditor of the Defendant from the sale of the Defendant's interest in the Club.

7. For his third affirmative defense, the Third-Party Defendant would show unto the Court that, at all times material hereto: : the proceeds from the sale of the Defendant's interest in the Club were used to pay all of the other creditors of the Defendant which were accrued, due and owing at the time of the sale of the Defendant's interest in the Club, and as such, no action by the PBGC Trust was taken to delay, hinder or defraud the Third-Party Plaintiff under Florida Statute § 56.29(3). As a consequence thereof, the Third-Party Plaintiff is barred from voiding or reversing any of the transfers made to the PBGC Club from the sale of the Defendant's interest in the Club, and subsequently paid to the valid and legitimate creditors of the Defendant.

8. For his fourth affirmative defense, the Third-Party Defendant would show unto the Court that, at all times material hereto: Roderman is not liable to the Third-Party Plaintiff for any attorney's fees and costs that may be generated in the Proceedings Supplementary because, at no time material hereto, he is not a judgment debtor of the Third-Party Plaintiff and attorney's fees and costs can only be assessed against the judgment debtor pursuant to Florida Statute § 56.29(8).

9. For his fifth affirmative defense, the Third-Party Defendant would show unto the Court that, at all times material hereto: Roderman is not liable to the Third-Party Plaintiff for any cause of action based upon any alleged fraudulent transfer from the Defendant to Roderman as it is barred because such cause(s) of action have been extinguished pursuant to Florida Statute § 726.110. As a consequence, thereof, the Third-Party Plaintiff is barred from voiding or reversing any of the transfers made to Roderman as a creditor of the Defendant from the sale of the Defendant's interest in the Club.

10. For his sixth affirmative defense, the Third-Party Defendant would show unto the Court that, at all times material hereto: Roderman is not liable to the Third-Party Plaintiff for any cause of action or theory based upon an express waiver set forth in Section 23.6(ii) of the

Restaurant Nightclub Lounge Management Agreement for Palm Beach Gentlemen's' Club, LLC (the "Management Agreement") which states:

> Notwithstanding anything to the contrary contained in this Agreement Manager [the Third-Party Plaintiff] agrees that . . . (ii) no property or assets or owner (or any of Owner's affiliates) ***shall be subject to levy, execution or other enforcement procedure for the satisfaction of Manager's remedies under or with respect to this Agreement***. [Emphasis added].

As a consequence, thereof, the Third-Party Plaintiff is barred from voiding or reversing any of the transfers made to Roderman as a creditor of the Defendant from the sale of the Defendant's interest in the Club.

11. For his seventh affirmative defense, the Third-Party Defendant would show unto the Court that, at all times material hereto: Roderman is not liable to the Third-Party Plaintiff for any cause of action or theory based upon an express waiver set forth in Section 4 of the Termination of Management Agreement and Mutual Release (the "Termination Agreement") which states:

> Ghahan, on behalf of . . . do hereby release, acquit, and forever discharge and agree to defend, indemnify and hold harmless [the Defendant], its representatives, predecessors, successors, assigns, ***past, present and future members***, officers, agents, servants, and employees, principals, servants, partners, associates, representatives, ***attorneys***, insurers, descendants, dependents, heirs, executors and administrators . . . from any and all past, present and future claims, counterclaims, demands, actions, causes of action, judgments, liabilities, damages, costs, loss of services, expenses, (including reasonable attorney's fees), compensation, ***third-party actions***, suits at law or in equity, or every nature and description, whether known or unknown, suspected or unsuspected, foreseen, or unforeseen, real or imaginary, actual or potential, and whether arising in law or equity, under common law, state or federal law., or any other law, or otherwise. [Emphasis added].

As a consequence, thereof, the Third-Party Plaintiff is barred from voiding or reversing any of the transfers made to Roderman as a creditor of the Defendant from the sale of the Defendant's interest in the Club.

12. The Third-Party Defendant reserves the right to amend his affirmative defenses as additional information becomes known through discovery or investigation.

WHEREFORE, the Third-Party Defendants demands the entry of judgment against the Third-Party Plaintiff for: (a) that the Third-Party Plaintiff recover nothing from the Third-Party Defendant, and go henceforth without day; (b) an award of taxable costs as the prevailing party, (c) trial by jury on all issues so triable as a matter of right and, (d) such further relief as this Court may deem to be just and proper under all of the facts and circumstances of this matter.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was electronically filed with the Clerk of the Courts on the 19th day of November, 2020 with the CM/ECF Filing System and served to counsel of record through the System.

Respectfully Submitted,

BARRY G. RODERMAN & ASSOCIATES, P.A.
*Attorneys for Roderman*
633 S.E. 3rd Avenue, Suite 4R
Ft. Lauderdale, Florida 33301
Telephone: (954) 761-8810
Service: mail@barryroderman.com

By: /s/ Barry G. Roderman
BARRY G. RODERMAN, ESQUIRE
Fla. Bar No.: 105637