UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:12-cv-80762-Middlebrooks

GHAHAN, L.L.C.,

    Plaintiff,

-vs-

PALM STEAK HOUSE, L.L.C. f/k/a
PAL STEAK HOUSE GENTLEMENS
CLUB, LLC,
    Defendants.
_____/

GHAHAN, L.L.C.,
    Third-Party Plaintiff,

-vs-

SUZANNE FARESE and DAVID
GOLDSTEIN, as trustees of Palm
Beach Gentlemen's Club Trust; PALM
BEACH GENTLEMEN'S CLUB TRUST;
DAVID M. GOLDSTEIN, as trustee
Of Nolita Trust, NOLITA TRUST; and
BARRY RODERMAN,
    Third-Party Defendant.
_____/

**JOINT PROPOSED DISCOVERY PLAN OF THIRD-PARTY PLAINTIFF, GHAHAN, LLC AND THIRD-PARTY DEFENDANT, BARRY RODERMAN**

Third-Party Plaintiff, Ghahan, LLC ("Ghahan") and Third-Party Defendant, Barry Roderman ("Roderman"), pursuant to this Court's February 4, 2021 Order Setting Trial Date And Pretrial Schedule [DE 653], and S.D. L.R.16.1 and Rule 26 of the Federal Rules of Civil Procedure, hereby file their Joint Proposed Discovery Plan as follows:

1

ORDERED AND ADJUDGED that the following are the deadlines in this case, including the discovery and trial deadlines:

**(1) An estimated valuation of the case from the perspective of Plaintiff and Defendant**

**Plaintiff** - The Plaintiff's valuation is that the Third Party Defendants are liable for the $675,000.00 judgment, plus interest, it obtained against the Palm Steak House, LLC, F/K/A Palm Steak House Gentlemens Club, LLC ("PBGC"), because they were owners and insiders of PBGC when they sold its only asset during the pendency of this lawsuit, and then distributed the same proceeds to themselves. Plaintiff believes that their liability is based on the transfers being fraudulent transfers.

**Third Party Defendant Roderman**- The Third-Party Defendant, Roderman, disputes the Plaintiff's valuation. The Plaintiff suggests or implies that the Third-Party Defendants are jointly liable for the entire $675,000.00 Judgment against PBGC, when the most that the Third-Party Defendant can be responsible, assuming the Plaintiff can prove its allegations of a fraudulent transfer, is limited to the amount that PBGC made to the Third-Party Defendant, Roderman, upon its sale, or $172,000.00. The Third-Party Defendant, Roderman, contends that PBGC's debt to him, which resulted in an interest in PBGC, occurred on January 30, 2006, and preceded PBGC's debt to the Plaintiff which occurred in October 2011, when the Termination of Management Agreement and Mutual Release became effective. Therefore, the Third-Party Defendant, Roderman, was in actuality a creditor of PBGC, just as the Plaintiff was, with a preexisting debt, and the distribution of $172,000.00 was the payment of a debt, and was not designed to delay, hinder or defraud under Florida Statute § 56.29(3). As such, the Third-Party Defendant, Roderman, takes the position that the discovery sought by the Plaintiff is too broad and invasive when the issues, at least as to the Third-Party Defendant, Roderman, are very narrow.

**(2) The date for exchanging initial disclosures pursuant to Rule 26(a)(1)**

The Parties agree to make the disclosures required by Federal Rule of Civil Procedure 26(a)(1) by March 30, 2021. All documents identified in the initial disclosures will also be produced on March 30, 2021, together with a privilege log. The Parties will bear their own copying costs for any documents exchanged during the initial disclosures.

**(3) The subjects on which discovery may be needed.**

**Plaintiff**: a) The operating agreement and names of members of PBGC, and its acquisition of its subject club.
b) The sale of the asset of PBGC, including the purchase terms, closing statement. and distribution of proceeds.
c) The tracing of all sale proceeds received by Third party Defendants.
d) The tax returns of PBGC and the Third party Defendants relating to the sale proceeds.
e) The bank records of PBGC and the Third party Defendants relating to the sale proceeds.
f). The bank records, operating agreement, tax returns, and purchase and sale of the reality and/or membership interests of New River Point LLC.
g) The names of the trustees, beneficiaries and the terms of The Realty 1122 Trust.
h) The bank records, operating agreement, tax returns of the S. Farese Trust.

2

      i) The names of the trustees, beneficiaries and the terms of the S. Farese Trust.

**Third Party Defendant Roderman**:
a). The Plaintiff's knowledge of PBGC's unpaid debt to the Third-Party Defendant, Roderman, from legal service rendered in the *Farese v. Scherer*, etc.,et.al litigation;
b). The Plaintiff's knowledge of the source of the Third-Party Defendant, Roderman's interest in PBGC;
c). The Plaintiff's knowledge about the sale of PBGC, including the right of first refusal provided by PBGC to the Plaintiff;
d). Any evidence known by the Plaintiff that disputes the claim of Third-Party Defendant, Roderman, that it had a debt payable by PBGC that preceded any debt which PBGC owed to the Plaintiff, and;
e). Any evidence known by the Plaintiff that disputes the claim of Third-Party Defendant, Roderman, that the distribution of $172,000.00 to him from the sale of PBGC was for the payment of a debt which preceded any debt which PBGC owed to the Plaintiff.

**(4) Whether the Parties can agree to limit discovery on particular issues through stipulation.**

The Parties do not believe that they will be able to agree to a limitation of discovery.

**(5) What document discovery is needed.**

All Parties have served written document requests and the responses are not yet due.

Plaintiff's document requests are focus on the issues listed in #3 above, and include the bank records, tax returns, operating agreements, and trust agreements.

Third Party Defendant Roderman's document requests focus on the issues described above, and specifically any evidence in the possession of the Plaintiff which creates a material issue of fact regarding his Motion for Summary Judgment.

**(6) Whether discovery should be conducted in phases.**

The Parties do not believe that discovery should be completed in phases, and the relatively short discovery period would not allowed for phased discovery.

**(7) Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain.**

The Parties do not expect issues with ESI.

**(a) The main information and documents sought.**

N/A

**(b) The expected costs of e-discovery.**

    N/A

**(c) Whether alternatives to e-discovery are possible.**

    N/A

**(8) What individuals each side intends to depose.**

    Plaintiff: a) Barry Roderman
            b) Suzanne Farese
            c) Corporate representative of PBGC
            d) Tax preparers of PBGC, S. Farese and Barry Roderman.
            e) the current and former members of New River Point LLC.

    Third Party Defendant Roderman: Unknown at this time.

**(9) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

    At this time, the Parties do not have any issues relating to any claims of privilege. If any disputes regarding the scope of privilege or of protection as trial-preparation materials cannot be resolved after a good faith conference by counsel, the party challenging the privilege may file an appropriate motion.

**(10) What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules; and**

    None.

**(11) Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

    The Parties believe that early mediation with the Magistrate Judge would be helpful.

## CERTIFICATION

    The undersigned counsel hereby certifies that on Sunday, February 14, 2021, at 12:51PM, he sent a draft proposed joint discovery plan to Third party Defendants via email. The email reminded them that the joint discovery plan was due today per Court Order, and requested that they offer comments and additions by Monday, and confer via telephone Tuesday morning.

    The undersigned conferred via telephone with Mr. Roderman on Monday, and received his additions this morning. This morning, at 11:24AM, the undersigned sent yet another email to Ms. Farese and copied Mr. Roderman (who does not represent Ms. Farese), again reminding her that the joint discovery plan was due today and asking that she respond. The email also attached Mr. Roderman's changes to the joint discovery plan. Ms. Farese has not responded.

    The undersigned does not have any reason to believe that Third Party Defendant Suzanne

Farese did not receive these emails as they were sent to her email address and her husband's email address listed on their filings, which the undersigned has used many times in the past without any transmission issues.

Respectfully Submitted,

BY: */s/Gregory R. Elder*
Gregory R. Elder, Esq.
Law Offices of Gregory R. Elder, PLLC
2300 NW Corporate Blvd., Suite 215
Boca Raton, Florida 33341
gelderlaw@gmail.com
(305) 546-1061

BY: */s/ Barry Roderman*
Barry Roderman
633 SE 3rd Avenue, Suite 4 R
Fort Lauderdale, Florida 33301
mail@barryroderman.com
BGR@barryroderman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of February, 2021, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which I understand will serve a copy on all counsel of record, whose addresses are listed below. I further certify I served the foregoing on the individuals listed below, via first-class mail and e-mail as follows:

Suzanne Farese, 126 NE 4th Avenue, Delray Beach, Florida 33483; E-mail: tf511@att.net andsuzanne511@att.net

Barry Roderman,Esq. 633 SE 3rd Avenue, Suite 4 R, Fort Lauderdale, Florida 33301; E-mail: mail@barryroderman.com and BGR@barryroderman.com