UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:12-cv-80762-Middlebrooks

GHAHAN, LLC,

    Plaintiff,

-vs-

PALM STEAK HOUSE, LLC f/k/a
PALM STEAK HOUSE GENTLEMENS
CLUB, LLC,

    Defendants.
_____/

GHAHAN, LLC,

    Third-Party Plaintiff,

-vs-

SUZANNE FARESE and DAVID
GOLDSTEIN, as trustees of Palm
Beach Gentlemen's Club Trust; PALM
BEACH GENTLEMENT'S CLUB TRUST;
ET AL., and BARRY RODERMAN,

    Third-Party Defendant.
_____/



FILED BY _PCS_ D.C.

APR 07 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES [DE-636] TO GHAHAN'S AMENDED IMPLEADER COMPLAINT [DE-611]**

SUZANNE FARESE, as alleged Trustee of PBGC Trust,[1] Pro Se,("Movant" or the "Alleged Trustee") a Third-Party Defendant, responds to the allegations of Third-Party Plaintiff's Amended Impleader Complaint in Proceedings Supplementary [DE-611], and files the following answer, and amended affirmative defenses, and states as follows:

**ANSWER**

---

[1] Suzanne Farese continues to assert that she is not and never has been a Trustee of the PBGC Trust.

1. Without Knowledge and therefore Denied.

2. Without Knowledge and therefore Denied.

3. Admitted.

4. Without Knowledge and therefore Denied.

5. Without Knowledge and therefore Denied.

6. Without accurate current Knowledge and therefore Denied, except that PBGC Trust and Roderman are believed to be members.

7. Admitted that David Goldstein is a trustee of PBGC Trust, and without accurate knowledge of the remainder, except admitted that Suzanne Farese is a citizen of Florida.

8. Denied. Demand strict proof thereof.

9. Without Knowledge and therefore Denied.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Admitted that Ghahan initiated this action, denied as to the reainder regarding dates and defendants.

15. Without Knowledge and therefore Denied.

16. Without Knowledge and therefore Denied.

17. 18, 19, 20, 21, 22, 23, and 24 are denied.

25. Admitted that Exhibit-A, DE-484, Exhibit 16 and DE 583 speak for itself, otherwise denied.

26. and 27, Without knowledge and therefore denied.

28. Admitted that Exhibit-B speaks for itself, otherwise denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Admitted that Exhibit-C speaks for itself, otherwise denied.

32. Denied.

33. Denied.

34. Admitted that Exhibit-A speaks for itself, otherwise without knowledge and denied.

35. 36. 38, 39, 40, 41, 42, 43, 44, 45, 46, Denied.

37. As to ¶37, the answers to Plaintiff's incorporated paragraphs are realleged.

## AMENDED AFFIRMATIVE DEFENSES

Without regard for which party bears the burden of proof and without waiving its right to require Third-Party Plaintiff to prove each and every element of each claim asserted in the amended Complaint [DE 611], Third-Party Defendant asserts these affirmative defenses:

1. Third-Party Defendant, adopts as her own and incorporates herein the affirmative defenses stated in Third-Party Defendant Barry Roderman's seven Affirmative Defenses [DE-632] as if fully set forth herein. See Exhibit-A.

2. Suzanne Farese is sued as the "Trustee of the PBGC Trust", but Suzanne Farese is not now and never has been the Trustee of the PBGCT. Plaintiff Ghahan has known this since as long ago as 2009 when it entered the Management Agreement with PBGC. See Exhibit-B.

3. Unclean Hands. Guahan's **knowing** and intentional deception. Ghahan's counsel, Mr. Elder, has known this since at least August 2, 2013 when he took the Deposition of Suzanne Farese in this case and Thomas Farese in this case. On behalf of Ghahan, Mr. Elder questioned Suzanne Farese: (See Exhibit-C)

> Q:     And David Goldstein is the Trustee?
>
> A:     Yes.
>
> Q:     And the management agreement ... are you familiar with the management agreement in general?
>
> A:     No, really David took care of all that.

See Deposition Transcript of Suzanne Farese by Elder at p. 4 (August 2, 2013) See Exhibit-D).

Ghahan's deposition of Thomas Farese further belies and exemplifies the deception. The deposition of Thomas Farese (See Exhibit-E) taken by Plaintiff's counsel, Mr. Elder, on August 2, 2013 also discloses that David Goldstein was/is and always has been the Trustee of the PBGC Trust. Ghahan has known this since entry of the Management Agreement on October 1, 2008 and its counsel, Mr. Elder, has known since the 2013 depositions of Thomas Farese and Suzanne Farese. Plaintiff questioned Thomas Farese as follows:

> Q:     [Page 9] And what kind of Trust is the PBGC Trust?
>
> A:     I don't know.
>
> \* \*     \*     \*     \*
>
> Q:     Who is the Trustee?
>
> A:     David Goldstein.
>
> Q:     Any other Trustees?
>
> A:     None that I know of.
>
> Q:     Has he always been the Trustee?
>
> A:     I would say yes, from the beginning.

See Deposition Transcript of Thomas Farese (as Corporate Representative of PSH) by Elder at p. 9-10 (August 2, 2013) See Exhibit-E. Ghahan's (and its counsel) deliberate and intentional perversion of the record and intentional falsities stated in the amended complaint constitute unclean hands and warrant dismissal of Third-Party Defendant Suzanne Farese from this action.

4. Failure to state a claim. In Florida, as a general rule, a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of such trust. By its very terms, legal and equitable title to PBGC is held by the Trustee. Plaintiff's complaint fails to state a claim for relief as to Suzanne Farese as the Trustee of PBGCT because Suzanne Farese is not the Trustee and never has been. See Exhibit-F (Filed under seal for in camera review).

5. Pursuant to the Declaration of Thomas Farese, Marc Scott and others and others, none of the Third-Party Defendants took any action nor did they ever attempt or endeavor in any way to delay, hinder or defraud the Third-Party Plaintiff. It is well known that Ghahan and specifically Mr. Roumaya and others associated representatives of Ghahan, were given notice of Ghahan's right of first refusal to purchase the club weeks, if not months, in advance, prior to the filing of the instant lawsuit. Consequently, this action is due to the dismissed in toto. See Composite Exhibit-G.

6. Statute of Limitations bars this action. Third-Party Defendant asserts that this action is barred by the Florida statute of limitations.

7. The management agreement contains an agreed limitations of liability clause which bars Ghahan to take any collection action for any judgment against third-party Defendants. See Exhibit-H.

8. The Termination Agreement contains an agreed limitations of liability clause which also bars Ghahan to take any collection action for any judgment against third-parties. See Exhibit-I.

9.      Ghahan is a foreign entity that has failed to obtain a certificate of authority and is therefore prohibited from defending or prosecuting a lawsuit in Florida. See Exhibit-J.

10.     Ghahan and Roumaya were given notice directly and indirectly of the offers to buy and or sell the club long before the dispute arose in this case and therefore Third-Party Defendants could not have acted to delay or hinder of defraud collection. See Exhibit-K.

11. Third Party Plaintiff chose the remedy to pursue and knew that said remedy contained a limitation of liability clause prepared by Ghahan's attorneys. Said clause precludes Ghahan from pursuing lawsuit collection attempts against any person or entity except PBGC. See Exhibit-L.

12. Unclean Hands. "[T]the doors of a court of equity" should be closed to Plaintiff because Plaintiff is "tainted with inequitableness or bad faith relative..." to collection of a judgment obtained by unconscionable and improper behavior. Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945).

Third-Party Defendant asserts that Plaintiff's claims are barred because of Plaintiff's unclean hands and Plaintiff's own fault. Defendants' affirmative defense of unclean hands, must demonstrate that "the doors of a court of equity" should be closed to Plaintiff because Plaintiff is "tainted with inequitableness or bad faith relative to the matter in which he seeks relief.... Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945).

Factual Basis for unclean hands: Third Party Plaintiff had unclean hands in the main case where its conduct violated "good faith and conscience" used to wrongly obtain the judgment at issue it now wishes to collect. "Good faith and conscience" are both common equitable standards for evaluating a party's conduct. It was unconscionable conduct by Plaintiff's counsel to repeatedly extoll to the jury, while gesticulating and pointing to Defendant Roderman (while

an attorney in the main case representing PBGC) that Defendant Roderman was a liar and that Roderman testified by lying to the jury. Roderman never testified at the trial. Such statements during jury summation were complete falsities perpetrated on the jury and constituted unclean hands preventing Plaintiff from consideration in a court of equity. Plaintiff has engaged in inequitable behavior of fraud, deceit, unconscionability and bad faith related and or in connection with/to the subject matter of collection of the judgment in these proceedings, which bars any relief. See Exhibit-M. See also [DE-491: Pages 6-25, 38-40].

If an opponent's improper argument during closing argument is prejudicial, the trial court should grant a new trial if the argument was "so highly prejudicial and inflammatory that it denied the party the right to a fair trial. Id at *3. *Cohen v. Philip Morris USA Inc. et al.*, case number 4D13-2681 (September 7, 2016) Fourth District Court of Appeal of Florida.

In this case, the improper unconscionable statements by Plaintiff warrant that "the doors of a court of equity" should be closed to Plaintiff. The validity of the trial itself was called into question and the verdict and judgment could not have obtained but for Plaintiff's inequitable and bad faith conduct.

"[T]he doors of a court of equity" should be closed to Plaintiff where Plaintiff's attorney made repeated improper, degrading, demeaning, disparaging and derisive comments about Defendants' counsel (Roderman) during the closing arguments in the main case. See exhibits attached [DE-491: Pages 6-25, 38-40 and throughout]. Plaintiff's attorney, Mr Elder, made the jury believe that Defendants trial counsel (Roderman) actually testified during the trial and that Roderman's speaking as an attorney was evidence, when Roderman did not testify and his speech –whatever it was—was not evidence which the jury might consider.

Contrary to Plaintiff's attorney (Mr. Elder's) degrading remarks directed to attorney Roderman, Roderman never testified.

> Counsel for Appellee Ghahan:
> And we have all had situations where people have told us untruths. And it reaches a point in time when you stop believing everything that people tell you if they keep telling you untruths. The defense in this case is a cornucopia of untruths. (DE-491 at p.15)
>
> And in the course of their litigation, they like to throw, you know what, as much as they can at the walls to see if they can pull the wool over the eyes of the court and the jury. And that is what is going on here, but I know that you will see through that. (TR 2-112016, DE p.13)
>
> *And on top of this claim and related to this claim that he is not their agent, **you hear Defendants' lawyers say we knew nothing about this negotiation**. I mean, that's their argument. Not only was he not an agent, we didn't know he was negotiating this deal. And therefore, our company, Palm Steak House is not bound.*
>
> **That's their argument. I mean really. Do they really want to tell you as lawyers and owners that – any by the way, they are not just independent lawyers here. They have a personal stake in this outcome. They are owners of this entity. So do they really want to represent to you that They knew nothing. PP 14-15.**
> **....so for them to say they didn't know Farese was negotiating this is a complete utter untruth. P. 16.**
>
> I could have asked him was the sun out and he would tell me what he will have for lunch tomorrow **because they don't want to tell the truth.** They don't want you to hear the truth so they play games on the stand. (p.24).

[DE-491: Pages 6-25, 38-40 and throughout].

### The Judgment and Proceedings Supplementary Would Not Have Occurred but For Plaintiff Ghahan's Unclean Hands

Recently, on February 10, 2021, in *Florida Peninsula Insurance Company v. Nolasco*, ___ So. 3d ___, 46 Fla. L. Weekly D328 (Fla. 3d DCA February 10, 2021) (overturning judgment for referring to defense counsel, ... as "liars" which extinguished party's right to fair trial). The Plaintiff's Attorney's unconscionable bad faith conduct which occurred in the instant

case mirrors the unconscionable bad faith LIAR CALLING employed by the attorneys in

*Florida v Nolasco*, supra, in which the Court held:

> ***Fundamental Error***
> "Fundamental error occurs if the argument 'was so prejudicial as to be incapable of cure by rebuke or retraction,' or if the error extinguishes 'a party's right to a fair trial.'" Id. (citations omitted).
> "[I]t is never acceptable for one attorney to effectively impugn the integrity or credibility of opposing counsel before the jury . . . ." Owens-Corning Fiberglas Corp. v. Crane, 683 So. 2d 552, 555 (Fla. 3d DCA 1996). "[D]erogatory comments specifically attacking the integrity of opposing counsel constitute fundamental error, depriving the plaintiffs of a fair trial." Morse, 653 So. 2d at 411.
> This Court has repeatedly held that arguments claiming opposing counsel "lied to the jury" or accusing counsel of "trickery" and "hiding the ball" are highly prejudicial and improper. Id.; Sun Supermarkets, Inc. v. Fields, 568 So. 2d 480, 481 (Fla. 3d DCA 1990) ("The conduct of the plaintiff's counsel in this case devastated any chance the defendant might have had to secure a fair trial in front of a jury who had been told not to trust the defendant's counsel."); Kendall Skating Ctrs., Inc. v. Martin, 448 So. 2d 1137, 1137 (Fla. 3d DCA 1984) (finding plaintiff's assertion that defendants and their lawyers were "liars" compels reversal). Such comments are of a "nature and type that neither rebuke nor a retraction of the comments would 'destroy their prejudicial and sinister influence.'" Morse, 653 So. 2d at 411 (quoting Sun Supermarkets, 568 So. 2d at 481); E. Steamship Lines, Inc. v. Martial, 380 So. 2d 1070, 1072 (Fla. 3d DCA 1980).
>
> Closing arguments that "attempt to impugn the integrity of a witness by calling him a liar," "fall squarely within that category of fundamental error—requiring no preservation below—in which the basic right to a fair and legitimate trial has been fatally compromised." Kaas v. Atlas Chemical Co., 623 So. 2d 525, 526 (Fla. 3d DCA 1993).
>
> Plaintiffs' counsel repeatedly denigrated the integrity and credibility of defense counsel and their witness by calling them "liars" and ridiculing Ms. Jackson for "her drama". *"[T]hese inflammatory and prejudicial remarks will not be condoned."* Morse, 653 So. 2d at 411. *"We demean ourselves and the system of justice we serve when we permit this to occur."* Borden, Inc. v. Young, 479 So. 2d 850, 851–52 (Fla. 3d DCA 1985).

The judgment and subsequent proceedings supplementary would not have occurred but for

Plaintiff Ghahan's unclean hands,

## PRIVITY IS NOT NEEDED NOR DETERMINATIVE
## OF THE UNCLEAN HANDS DEFENSE.

### The Judgment and Proceedings Supplementary
### Would Not Have Occurred but For Plaintiff Ghahan's Unclean Hands

As in *Quality Roof v Intervest,* the Judgment and these Proceedings Supplementary would not have occurred but for Plaintiff Ghahan's unclean hands. It has long been the rule of law that privity is not an essential element to assert an unclean hands defense. In *Quality Roof Services, Inc., V. Intervest National Bank*, 21 So.3d 883 (FLA 4th DCA 2009), the Court held:

> [P]rivity is not an essential element of the equitable defense. Unclean hands may be asserted by a defendant who claims that the plaintiff acted toward a third party with unclean hands with respect to the matter in litigation. *See Yost v. Rieve Enters., Inc.*, 461 So. 2d 178 (Fla. 1st DCA 1984) ("There is no bar to applying the doctrine of unclean hands to a case in which both the plaintiff and the defendant are parties to a fraudulent transaction perpetrated on a third party."); *see also Hauer v. Thum*, 67 So. 2d 643, 645 (Fla. 1953) ("It would matter not that the [defendants] were parties to the fraudulent transaction nor that the fraud was perpetrated upon a third party."); *Marin v. Seven of Five Ltd.*, 921 So. 2d 699, 700 (Fla. 4th DCA 2006) ("Generally, the conduct constituting the unclean hands must be connected with the matter in litigation.") (citation omitted).
>
> Here, the trial court should have allowed Quality Roof to assert its affirmative defense of unclean hands. The affirmative defense was sufficiently pled and, as a matter of law, is sufficient to be able to prevent a foreclosure. Based on Quality Roof's allegations that the default and foreclosure would not have occurred but for Intervest's unclean hands,... need not be in privity ... to assert its affirmative defense. *Reversed and remanded.*

*Quality Roof Services, Inc., V. Intervest National Bank,* supra; see also *Tribeca Lending Corp v Real Estate Depot,* 42 So. 3d 258 (FLA 4th DCA 2010) (The clean hands doctrine "applies not only to fraudulent and illegal transactions, but to any unrighteous, unconscientious, or oppressive conduct by one seeking equitable interference in his own behalf." *Dale v. Jennings,* 90 Fla. 234, 107 So. 175, 180 (1925).

## RIGHT TO ALLEGE FURTHER DEFENSES

Third-Party Defendant reserve the right to assert any and all other affirmative defenses that become known through the course of discovery and investigation in this case. The defendant requests that the court grant leave to amend her defenses if additional information is discovered.

## DEMAND FOR JURY TRIAL

Third-Party Defendant demands a trial by jury of all triable issues.

WHEREFORE, having fully answered the Amended Complaint, it is respectfully requested that an order entered dismissing Suzanne Farese with prejudice. Further, Third-Party Defendant requests judgment be entered in its/her favor, an award for all her costs of this action, together with any other such relief the Court deems just and proper, and that Third-Party Plaintiff take nothing. If it becomes necessary that Third-Party Defendant Farese engage counsel to defend this action, Suzanne Farese is entitled to all costs and fees thereof.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 3d day of April, 2021, the forgoing document was mailed to the Clerk of Court and to those persons listed below by First Class Mail.

My spouse, Thomas Farese, assisted in the preparation of this document.

Respectfully submitted,
/s/ Suzanne Farese
Suzanne Farese Pro Se
126 N. E. 4th Avenue
Delray Beach, Florida 33483
Suzanne511@att.net and Tf511@att.net
Mobile 954-465-5466

Service:

| BARRY G. RODERMAN & ASSOC., P.A. <br> 633 SE 3rd Avenue, Suite 4 R <br> Fort Lauderdale, FL 33301 | Tel: (954) 761-8810 <br> Tel | Primary mail@barryroderman.com | Gregory R. Elder, Esq. Law Offices <br> 2300 NW Corporate Blvd., Suite 215 <br> Boca Raton, Florida 33341 <br> (305) 546-1061  gelderlaw@gmail.com |
|---|---|

| | |
|---|---|
| BGR@barryroderman.com | |
| Gregory Elder, Attorney<br>2300 NW Corporate Boulevard, Suite 215<br>Boca Raton, Florida 33431 | **Clerk of Court USDC/SDF**<br>701 Clematis Street Room 202<br>West Palm Beach, FL 33401<br>(561) 803-3400 |
| Gavin Tudor Elliot, Esq.,<br>gelliot@elliotlegal.com;<br>elliotlegalgroup@gmail.com<br>3101 N Federal Hwy, Ste 609<br>Fort Lauderdale, Florida 33306<br>Phone: 305-399-3832 | *Attorney for Plaintiff* | The Houston Firm Bart A. Houston, Esquire<br>Counsel for Barry Roderman<br>1301 East Broward Boulevard, Suite 100<br>Fort Ld, Fl. 33301| 954-900-2615<br>bhouston@thehoustonfirm.com<br>dschena@thehoustonfirm.com |

# EXHIBITS TO AMENDED ANSWER AND AFFIRMATIVE DEFENSES [DE-636] TO GHAHAN'S AMENDED IMPLEADER COMPLAINT [DE-611] SEPARATELY FILED BECAUSE OF SIZE

A.  Defendant Barry Ruderman's seven Affirmative Defenses [DE-632]

B.  PBGC/Ghahan Management Agreement with PBGC.

C.  Transcript Excerpt of Suzanne Farese Deposition taken August 2, 2013.

D.  Deposition Transcript of Suzanne Farese by Elder at p. 4 (August 2, 2013)

E.  Ghahan's deposition of Thomas Farese taken August 2, 2013, at p. 9-10

F.  The PBGC Trust. See Exhibit-F (Confidential Doc. Filed under seal in camera review).

G.  Composite Declarations. Thomas Farese, Marc Scott and others

H.  Management Agreement Contains an Agreed Limitations of Liability Clause

I.  "Buy-Out" Agreement's Termination Agreement

J.  Ghahan's foreign entity Ohio

K.  Notices to Ghahan and Roumaya re option first right to buy (Include Trial Exhibit List)

L.  . Transcript of Ghahan's Choice of Election of Remedy and Dismissal with prejudice of all defendants except PBGC.

M.  DE-491: TR Pages 6-25, 38-40 and throughout].

Case No. 9:12-cv-80762-Middlebrooks

GHAHAN, LLC, -vs- PALM STEAK HOUSE, LLC f/k/a
PALM STEAK HOUSE GENTLEMENS
CLUB, LLC,

    Defendants.
_____/

**Clerk of Court USDC/SDF**
701 Clematis Street Room 202
West Palm Beach, FL 33401
(561) 803-3400

Dear Clerk:

I have exhibits that must be filed with the enclosed Amended Answer/ Affirmative Defenses. I am estimating at about 125-150 pages.

Can I mail them to clerk (appropriately indexed); or do I need to have them delivered?

Thanks.
*/s/ Suzanne Farese*
Suzanne Farese, Pro Se
126 N. E. 4th Avenue
Delray Beach, Florida 33483
Suzanne511@att.net and Tf511@att.net
Mobile 954-465-5466



- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited International Insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com.

Retail
US POSTAGE PAID
$7.70
Origin: 33484
04/05/21
1122050490-28

PRIORITY MAIL 1-DAY®
0 Lb 4.90 Oz
1021
EXPECTED DELIVERY DAY: 04/06/21
C028

SHIP TO:
701 CLEMATIS ST
RM 202
West Palm Beach FL 33401-5113

USPS TRACKING® #
9505 5129 9207 1095 8812 11

PS00000000013
EP14 May 2020
OD: 11 5/8 x 15 1/8

Suzanne Farese (Pro Se)
126 NE 4th Ave
Delray Beach, Florida 33483

FROM:



Clerk of Court
Federal Building and U.S. Courthouse
701 Clematis Street Room 202
West Palm Beach, FL 33401
(561) 803-3400

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE