UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:12-cv-80762-Middlebrooks

GHAHAN, LLC,
    Plaintiff,
-vs-
PALM STEAK HOUSE, LLC f/k/a
PALM STEAK HOUSE
GENTLEMENS CLUB, LLC,
    Defendants.
_____/

GHAHAN, LLC,
    Third-Party Plaintiff,
-vs-
SUZANNE FARESE and DAVID GOLDSTEIN,
as Trustees of Palm Beach Gentlemen's Club Trust;
PALM BEACH GENTLEMENT'S CLUB TRUST;
DAVID M. GOLDSTEIN, as Trustee of Nolita Trust,
NOLITA TRUST; and BARRY RODERMAN,
    Third-Party Defendants.
_____/

FILED BY _____ D.C.

MAY 20 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## NOTICE OF FILING

Third-Party Defendant, SUZANNE FARESE, as alleged Trustee, Pro Se, a Third-Party Defendant, respectfully notices filing of the redacted PBGC Trust Agreement, a copy of which is attached hereto as Exhibit-A.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 19th day of May, 2021, the forgoing document was filed with the Clerk of the Court by depositing same in the U. S. Mail Postal system (with prepaid postage) in Delray Beach and was electronically served on all parties listed below by the Court's ECF system.

My husband, Thomas Farese, has assisted me in the preparation of the forging document.

Respectfully submitted,

/s/ Suzanne Farese
SUZANNE FARESE, As the Wrongly
Alleged Trustee of PBGC Trust, Pro Se,

126 N. E. 4th Avenue
Delray Beach, Florida 33483
Suzanne511@att.net; TF511@att.net
Mobile 954-465-5466

Service List:
Gregory R. Elder, Esq. Law Offices of Gregory R. Elder, LLC
2300 NW Corporate Blvd., Suite 215
Boca Raton, Florida 33341
(305) 546-1061  gelderlaw@gmail.com

BARRY G. RODERMAN & ASSOCIATES, P.A.
633 SE 3rd Avenue, Suite 4 R
Fort Lauderdale, FL 33301
Primary email: mail@barryroderman.com
barry roderman (bgr@barryroderman.com)

THE ELLIOT LEGAL GROUP, P.A.
Gavin Tudor Elliot, Esq.
Florida Bar No.0542997
gelliot@elliotlegal.com
elliotlegalgroup@gmail.com
3101 N Federal Highway, Ste 609
Fort Lauderdale, Florida 33306
Phone: 305-399-3832
*Attorney for Third Party-Plaintiff*

The Houston Firm
Bart A. Houston, Esquire (Fla Bar No. 623636)
Counsel for Barry Roderman
1301 East Broward Boulevard, Suite 100
Fort Lauderdale, Florida 33301
954-900-2615
bhouston@thehoustonfirm.com
dschena@thehoustonfirm.com

Mailing Address for Filing:
**Clerk of Court**
**Federal Building and U.S. Courthouse**
701 Clematis Street Room 202
West Palm Beach, FL 33401
(561) 803-3400

EXHIBIT-A

## PBGC TRUST AGREEMENT

THIS TRUST AGREEMENT, dated this 15th day of February, 2007, is to certify that DAVID M. GOLDSTEIN, as Trustee hereunder, is about to take title to the following described Personal Property and Brokerage Account, more particularly described as follows:

### MEMBER INTEREST IN PALM BEACH GENTLEMENS CLUB, LLC

and that when Trustee takes the title thereto, or to any other securities or monies transferred to it as Trustee hereunder, Trustee will hold it for the use and purposes and on the trusts herein set forth.

[redacted]

[redacted]

3. <u>Filing of Income Tax Returns</u>. Trustee shall not be obligated to file any income, profit, or other tax reports or schedules. The beneficiary shall individually make all such reports, and pay any and all taxes on the earnings, avails, and proceeds of the trust property or growing out of their interest hereunder.

[redacted] Trustee acknowledges that he has a fiduciary obligation to the beneficiary hereunder and he will not encumber, hypothecate, transfer, assign or sell the Trust property described hereunder for his own personal gain, obligations or debts.

5. <u>Protection of Third Parties Dealing with Trustee</u>. No party dealing with Trustee in relation to the trust property in any manner whatsoever, and no party to whom the property or any part thereof or interest therein is conveyed, contracted to be sold, or mortgaged by Trustee, shall be obliged to see to the application of the purchase money paid therefore or to inquire into the necessity or expediency of any act of Trustee or the provisions of this instrument.

[redacted]

1

[redacted]

7. <u>Resignation of Trustee</u>.  Trustee may resign at any time by sending a notice of his intention to do so by certified mail to the beneficiary hereunder at his or her address last known to Trustee.  Such resignation shall become effective ten (10) days after the mailing of such notices.  In the event of such resignation, a successor or successors may be appointed by the person or persons then entitled to direct Trustee in the disposition of the Trust property, and Trustee shall thereupon convey the trust property to such successor or successors in trust. [redacted]

8. <u>Duties of Trustee</u>.  Trustee assumes and agrees to perform the following active and affirmative duties under this Agreement, as follows:

8.1 <u>Execution of Instruments</u>.  Trustee shall execute such instruments as shall be necessary to protect and conserve the trust property; to sell, contract to sell, and grant options to purchase the property and any right, title, or interest therein on any terms; to exchange the property or any part thereof for any other real or personal property on any terms; to convey the property by deed or other conveyance to any grantee, with or without consideration; to mortgage, execute principal and interest notes, pledge or otherwise encumber the property or any part thereof.  Any and all mortgages and notes executed by the Trustee may contain provisions exempting and exonerating the Trustee from all personal obligation and liability whatsoever by reason of the execution thereof.  Trustee shall not be required to inquire into the authenticity, necessity, or propriety of any written direction delivered to him pursuant to this paragraph or otherwise hereunder. Additionally, Trustee is empowered to purchase and sell securities of all kinds whatsoever in the Trust name and within the discretion of Trustee, purchase said securities "on margin" as the term of art is used in the securities industry.

[redacted] Trustee shall have no obligation whatsoever with respect to any such contract or the like except only so far as the trust property and funds in the actual possession of Trustee are applicable for its payment and discharge.

8.2 <u>Sale of Trust Property and Distribution of Trust Proceeds</u>.  If any property remains in trust hereunder twenty (20) years from the date hereof, Trustee shall forthwith sell the same at public sale after a reasonable public advertisement and reasonable notice thereof to the beneficiary and, after deducting his reasonable fees and expenses, Trustee shall give the proceeds of such sale to the beneficiary as his interest may then appear without any direction or consent whatsoever, or shall

2

Transfer, set over, convey, and deliver to the then beneficiary of this Trust, his respective undivided interest in any nondivisible assets, or shall transfer set over, and deliver all of the assets of the Trust to the beneficiary thereof in his respective proportionate interest at any time that the assets of the Trust consist solely of cash, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the term of this Trust shall be extended upon the terms and conditions expressed in said Agreement to extend the term of Trust.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

10. <u>Successors Bound Hereby</u>. The terms and conditions of this Agreement shall inure to the benefit of and be binding on any successor trustee hereunder and all successors in interest of the beneficiary.

11. Trustee agrees to perform the obligations contained herein for and in consideration of $100.00 per year.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ employ such accountants, actuaries, investment bankers, bankers. appraisers, other advisors and agents as may be reasonably necessary in collecting, managing, administering, investing, valuing, distributing and protecting the Trust property, and to pay their reasonable fees and out-of-pocket expenses, which shall be deemed to be expenses of the Trust and for which the Trustee shall be reimbursed.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

18. Resignation or Removal of the Trustee. Notwithstanding Section 7 above, the Trustee may at any time resign effective upon ten (10) days notice ▮

19. Appointment of Successor Trustee. In the event of the resignation or removal of the Trustee, or in any other event in which the Trustee ceases to act, a successor trustee may be appointed ▮

22. Confidentiality. This Trust Agreement is confidential. The Trustee shall hold its terms and conditions in strict confidence and shall not disclose the Agreement or any potion of the Agreement to any person or entity without the express consent of the Beneficiary.

4



    (b) Communications to the Trustee shall be addressed to it at: David Goldstein, Esquire, The Four Seasons, 1441 Brickell Avenue Suite 1003, Miami, Florida 33131(Florida Bar No. 156003); provided, however, that upon the Trustee's written request, such communications shall be sent to such other address as the Trustee may specify.

24. Counterparts. This Trust Agreement may be executed in any number of counterparts, each of which shall be deemed to be the original although the others shall not be produced.

    IN WITNESS WHEREOF, this Trust Agreement has been duly executed by the parties hereto as of the day and year first above written.

Witnesses:

Sign: _____
Print Name:

Sign: _____
Print Name:

Trustee

_____, Trustee
DAVID M. GOLDSTEIN, TRUSTEE

Witnesses:

Sign: _Olc_
Print Name: ADAM KLEIN

Sign: _____
Print Name: Linda Hdea

Beneficiary

5