UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:12-cv-80762-Middlebrooks

GHAHAN, LLC,

      Plaintiff,

-vs-
PALM STEAK HOUSE, LLC f/k/a
PALM STEAK HOUSE GENTLEMENS
CLUB, LLC,
      Defendants.

_____/

GHAHAN, LLC,
      Third-Party Plaintiff,
-vs-
SUZANNE FARESE and DAVID
GOLDSTEIN, as trustees of Palm
Beach Gentlemen's Club Trust; PALM
BEACH GENTLEMENT'S CLUB TRUST;
ET AL., and BARRY RODERMAN,
      Third-Party Defendants.

_____/



FILED BY _____ D.C.

JUN 01 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## MOTION FOR JUDGMENT ON THE PLEADINGS
## ON THE BASIS OF IMPROPER PARTY BEING SUED

      SUZANNE FARESE, as alleged Trustee, of the PBGC Trust, Pro Se, ("Movant") a

Third-Party Defendant, respectfully moves pursuant to FED. R. CIV. P. 12(c) and pursuant to

Fla.R.Civ.P.  Rule 1.140(c) and 1.420 (b) and (c) for judgment on the pleadings and file this,

Defendant's Motion for Judgment on the Pleadings and Incorporated Memorandum of Law and

as grounds therefore, states:

      1.      On April 9, 2020, Third Party Plaintiff, Ghahan LLC, filed an Impleader Complaint

in this Court. [DE-611].   The Complaint seeks to implead third parties to collect a prior judgment

in this case.

2.      Plaintiff's sued SUZANNE FARESE and DAVID GOLDSTEIN, as trustees of Palm Beach Gentlemen's Club Trust, Third-Party Defendants.

### The Discombobulation of the Parties Named

3.      However, Plaintiff's operative pleading (DE-611) identifies the alleged Trustees in a variety of ways. For example, as "SUZANNE FARESE *AND* DAVID GOLDSTEIN, AS TRUSTEES OF PALM BEACH GENTLEMEN'S CLUB TRUST," in the caption (DE-611 page 1), as "Suzanne Farese *and/or* David M. Goldstein are trustees of Palm Beach Gentlemen's Club Trust," (DE-611 at ¶7), as "Palm Beach Gentlemen's Club Trust *with* Suzanne Farese *and* David Goldstein as trustees," (DE-611 at ¶23); as  "Suzanne Farese and David Goldstein as Trustees of the Palm Beach Gentlemen's Club Trust," (DE-611 at ¶24); "Suzanne Farese *and* David Goldstein as Trustees of the Palm Beach Gentlemen's Club Trust," (DE-611 at ¶46(a);  and so on throughout the operative pleading and other fillings. It is improper and confusing to discombobulate the intended parties so that no one knows precisely who and or what is being sued.

4.      Movant should be dismissed on grounds of failing to join or the name the correct indispensable party, suing the wrong party, improperly serving summons, failure to state a claim on which relief can be granted and as a sanction for Plaintiff (and its counsel) to stubbornly continue the harassment and abuse, knowing that Suzanne Farese is not he Trustee of PBGC Trust.

5.      Defendant filed her "Amended Motion to Amend [her] Affirmative Defenses Pleading" [DE-672] which was granted [DE-682]. Defendant filed her "Affirmative Defenses Pleading" ("AADP") [DE-683/705 with Exhibits thereto]. The AADP includes Exhibits relied on by Defendant, some of which are already part of the record and/or included in Plaintiff's Amended Complaint (DE 611).

6.      The pleadings are closed as of February 22, 2021.  All Discovery ends as of June 1,

2021. The deadline to file all pretrial motions, including summary judgment motions is June 14,

2021. Plaintiff has not scheduled a mediation conference as of this writing, nor has any other

defendant within Defendant's knowledge.

7.      Count I of the Amended Complaint [DE-611] fails to state a cause of action for which

relief may be granted against SUZANNE FARESE, as trustee of Palm Beach Gentlemen's Club

Trust (the "PBGC Trust") for the following reasons and grounds:

(a) Suzanne Farese, is not now and never has been a trustee of the Palm Beach
Gentlemen's Club Trust resulting in a violation of Florida Rule of Civil
Procedure for suing an improper wrong person constituting a failure to state a
claim in Count I.

(b) Suzanne Farese, as Trustee of the PBGC Trust, should also be dismissed
because Plaintiff Ghahan has failed to comply with the Court's order requiring
tha Plaintiff file notices of service:

*i.*   (5) This order, along with the Motion for Proceeding Supplementary (DE
598), SHALL BE SERVED in the same manner as process. ***Plaintiff shall
file a Notice of Service with this Court."***

(d)  Suzanne Farese has been prejudiced by defectively and needlessly being
pulled into a lawsuit, naming her as a Trustee when she clearly is not, in which
she should not be a party.

See Order Commencing Proceeding Supplementary (DE 592) at p. 5 ¶5.
**THE PLEADINGS ESTABLISH THE FOLLOWING UNDISPUTED FACTS**

8.      The following facts are undisputed and uncontroverted.

9.      Suzanne Farese is sued as the "Trustee of the PBGC Trust", but Suzanne Farese is

not now and never has been the Trustee of the PBGCT.  As directed by the court (order of

11/19/2020 [DE-630], Defendant responded to Ghahan's amended complaint and participated (to

the extent possible in that Defendant could not plausibly do so with the disability of not being the

Trustee and being without specific knowledge, as Suzanne Farese responded to Mr. Elder at the August 2, 2013 deposition:

> Q:       And the management agreement … are you familiar
>          with the management agreement in general?
>
> A:       No, really David took care of all that.

10.       Unclean Hands. Guahan's **knowing** and intentional deception.  Ghahan's counsel, Mr. Elder, has known this since at least August 2, 2013 when Mr. Elder took the Deposition of Suzanne Farese and Thomas Farese in this case.  Ghahan's counsel questioned Suzanne Farese: (See DE-683, Third-Party Defendant's AAD to Ghahan's Amended Impleader Complaint [DE-611] and DE-705, Exhibits-C and -D):

### Transcript Deposition of Suzanne Farese

> Q:       And David Goldstein is the Trustee?
>
> A:       Yes.
>
> Q:       And the management agreement … are you familiar
>          with the management agreement in general?
>
> A:       No, really David took care of all that.

See TR Deposition of Suzanne Farese by Elder at p. 4 (August 2, 2013) at DE-705 and attached as Ex to Farese's AAD [DE-683/705].

### Transcript Deposition of Thomas Farese

Ghahan's deposition of Thomas Farese further belies and exemplifies the deception. Plaintiff's counsel deposed Thomas Farese [DE-683/705] on August 2, 2013 also discloses that David Goldstein was/is and always has been the Trustee of the PBGC Trust. Plaintiff questioned Thomas Farese as follows:

> Q: [Page 9] And what kind of Trust is the PBGC Trust?

A: I don't know.

\*   \*      \*      \*      \*

Q:         Who is the Trustee?

A:         David Goldstein.

Q:         Any other Trustees?

A:         None that I know of.

Q:         Has he always been the Trustee?

A:         I would say yes, from the beginning.

See Deposition TR of Thomas Farese (as Corporate Representative of PSH) by Elder at p. 9-10 (August 2, 2013) See [DE-683/705, Exhibit-E]. Ghahan's deliberate and intentional perversion of the record and intentional falsities stated in the amended complaint constitute unclean hands and warrant dismissal of Third-Party Defendant Suzanne Farese from this action.

11.      Failure to state a claim. In Florida, a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of such trust. By its very terms, legal and equitable title to member interest PBGC is held by the Trustee. Plaintiff's complaint fails to state a claim for relief as to Suzanne Farese as the Trustee of PBGCT because Suzanne Farese is not the Trustee and never has been. See [DE-683/705] Exhibit-F, and DE-703, the Redacted Trust Agreement.

### The Court's and Goldstein Exchange Re Discussion of The PBGC Trust

12.      Plaintiff's counsel was present at the following December 4, 2015 pre-trial conference during the Court's and Goldstein Exchange Re Discussion of the PBGC Trust:

MR. GOLDSTEIN:  It had nothing to do with me,

Mr. Roderman, or PBG trust, *which is Mrs. Suzanne Farese. I'm the trustee of that particular trust. Suzanne Farese --*

THE COURT: Tell me about that trust.

MR. GOLDSTEIN: I will, Your Honor.

THE COURT: Who is the beneficiary of it?

MR. GOLDSTEIN: Suzanne Farese is, Your Honor.

THE COURT: Where did the assets come from?

MR. GOLDSTEIN: She bought the assets in the original litigation that we tried the case.

And you are right, we had a percentage fee. We ended up with a percentage with a shopping strip mall where the strip club was located, as well as the business. **And what took place was Mrs. Farese bought that strip center with her own money back in 1997,** or whenever it happened. Mr. Farese put not one penny up, and that's why she had it in trust and she had --

THE COURT: She had it in trust for herself?

MR. GOLDSTEIN: For herself.

THE COURT: She is the donor or grantee under the trust, and she is the beneficiary.

MR. GOLDSTEIN: She is the beneficiary under the trust.

THE COURT: What would be the purpose of that?

MR. GOLDSTEIN: **The purpose of that was -- I was her trustee, and she was the beneficiary under the trust.**

See DE-379, Transcript of Pre-Trial Hearing at page 25 regarding discussion by the Court of the

PBGC Trust in the presence of Plaintiff's counsel, Mr. Roderman, Mr. Goldstein and Mr. Farese.

See DE 683, Exhibit D to the AAD (DE-705).

13.     The Management Agreement dated October 1, 2008 (attached to Plaintiff's

Amended Complaint (DE-611) shows at page 26 at ¶23.28 the notice requirement requiring notices

to be sent to the *PBGC Trust, Trustee, David Goldstein, Trustee* (among others). See DE-636/705,

EXHIBIT-B, p. 26 ¶23.28.

<u>**NAMING SUZANNE FARESE TAX MATTER PERSON**</u>
<u>**FOR THE TRUST IS MANDATED BY THE TRUST AGREEMENT**</u>

14.   Plaintiff wrongly asserts that because Suzanne Farese was named as the tax matters person in the filing of various tax returns, she is also the Trustee. That is a ludicrous position to advance and again, is belied by the evidence. ¶ 3 of the Trust Agreement is pertinent and countermands all of Plaintiff's wrongful assertions as to who the Trustee is. The Trust Agreement certifies and is executed by *David Goldstein as Trustee*.  Furthermore, as to this point, ¶3 of the PBGCT Trust Agreement mandates in part:

> 3. *Filing of Income Tax Returns*. Trustee shall not be obligated to file any income, profit or other tax reports or schedules. **The - - - - - shall individually make  all such reports.** (emphasis supplied.)

See DE-636/705, EXHIBIT-F at ¶3; also see redacted Trust Agreement at DE-703.

15.   Based on the forgoing and the exhibits attached (including the Trust Agreement) the evidence clearly demonstrates who the Trustee is, and it undeniably is not and never has been Suzanne Farese.

<u>**MEMORANDUM**</u>

**16.**   Plaintiff's complaint fails to state a claim for relief as to Suzanne Farese as the Trustee of PBGCT. Defendant is further entitled to dismissal for violation of Rule 1.420 (b) for failure to comply with rules by intentionally suing an improper wrong party.

17. After the pleadings are closed...a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment on the pleadings is appropriate when there are no material facts in dispute and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs, Georgia*, 831 F.3d 1342, 1345 (11th Cir. 2016), citing *Horsley v. Rivera*, 292 F. 3d 695, 700 (11th Cir. 2002);

*see also*, *Gelsomino v. Horizon Unlimited, Inc.,* 2008 WL 4194842*2 (S.D. Fla. 2008) (Marra, J.) (same); *Hill v. Gaylord Entertainment*, 2008 WL 783756*1 (S.D. Fla. 2008) (Marra, J.,) (same). In reviewing whether judgment is appropriate, the court accepts the facts pled within the complaint as true and views them in the light most favorable to the non-moving party. *Flanigan's Enterprises*, 831 F. 3d at 1345 (internal citations omitted); *Gelsomino,* 2008 WL 4194842 at *2; *Hill*, 2008 WL 783756 at *1.

18. However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Long v. Fulton Cnty. Sch. Dist.,* 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011) (internal quotation omitted).

Under these standards Defendant Suzanne Farese as Trustee of the PBGC Trust, is entitled to judgment.1

19.    ***Florida State law, which governs these proceedings states***: A judgment on the pleadings may be granted only if a party is entitled to judgment as a matter of law based on the content of the pleadings. The trial court's consideration is limited to only the pleadings. The trial court must consider all well pled material allegations and fair inferences to be true. Domres v. Perrigan, 760 So.2d 1028, 1029 (Fla. 5th DCA 2000); Rule 1.140(h)(2).

20.    The pleadings include attached exhibits. Rule 1.130(b) ("Any exhibit attached to a pleading shall be considered a part thereof for all purposes"). ***If there is an inconsistency between***

---

[1] Due process is implicated in these circumstances where Suzanne Farese is being forced to exercise a futile and fettered attempt to defend herself and otherwise comply with the rules of procedure and court orders when she is not the proper person identified in Plaintiff's complaint. The Court denied Defendant's first and renewed motions to dismiss before Defendant answered or stated affirmative defenses. [See DE-630]. The Court noted that motions for judgment on the pleadings and for summary judgment would be available to hear Defendant's claims after discovery.

***the general allegations of material facts in the complaint and the specific facts revealed by an
attached exhibit, they have the effect of neutralizing each allegation against the other, thus
rendering the pleading objectionable.*** Hillcrest Pacific Corporation v. Yamamura, 727 So.2d
1053, 1056 (Fla. 4th DCA 2009).  A judgment on the pleadings may be entered against the plaintiff
if the complaint and exhibits thereto show that the moving party is entitled to judgment as a matter
of law. Shay v. First Federal of Miami, Inc., 429 So.2d 64, 65 (Fla. 3d DCA 1983).

21.     In the instant case, the pleadings are now closed as of February 22, 2021 and
discovery is closed as well as of June 1, 2021.

**CONCLUSION**

In conclusion, as in ***G.B. Holdings v. Steinhauser***, 862 So. 2d 97, 100 (Fla. Dist. Ct. App.
2003), "This is not a case of mere misnomer ….   Likewise, this is not a case of a clerical mistake
…. This is not a case where an intended defendant was sued in a related corporate name or its
fictitious name. This is not a case where the intended defendant appeared in the proceedings.
Instead, this is a case where despite being told by both the party sued and the intended defendant
that [Plaintiff] had sued the wrong party, the plaintiff failed to …" [to have the proper person/party,
David Goldstein as the Trustee of the PBGC Trust served with process].

> This is not a case of mere misnomer suggesting amendment to conform
> to the evidence or in the interests of justice, because K.B. Holdings,
> Inc. is not a misdescription of G.B. Holdings, Inc., but an entirely
> separate corporate entity. Likewise, this is not a case of a clerical
> mistake or any other demonstrated grounds for amendment. This is not
> a case where an intended defendant was sued in a related corporate
> name or its fictitious name. This is not a case where the intended
> defendant appeared in the proceedings.
>
> Instead, this is a case where despite being told by both the party sued
> and the intended defendant that she had sued the wrong party, the
> plaintiff failed to amend the complaint to sue the proper defendant in
> the proper name. This is a case where an intended defendant was
> brought into a case as an entirely new party at the conclusion of that

case and where a judgment was imposed against the party without an opportunity to defend. Accordingly, because the trial court abused its discretion, the orders allowing the amendment of the complaint and final judgment and requiring G.B. Holdings, Inc. to provide financial documents in aid of execution are reversed.
REVERSED.

*G.B. Holdings v. Steinhauser*, 862 So. 2d 97, 100 (Fla. Dist. Ct. App. 2003).

**Local Rule 7.1(a)(3) Certification.** Local Rule 7.1(a)(3) exempts Motions for Judgment on the Pleadings from the conference requirement otherwise imposed by the rule. Therefore, the parties have not conferred prior to the filing of this motion.

WHEREFORE, on the basis of the foregoing, Third-Party Defendant Suzanne Farese respectfully requests that the Court enter final judgment in its favor as to the Amended Complaint filed against it by Plaintiff, Ghahan LLC.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 26th day of May, 2021, the forgoing document was mailed to the Clerk of Court who will electronically serve those persons listed below.

My spouse, Thomas Farese, assisted in the preparation of this document.

Respectfully submitted,

/s/ Suzanne Farese
Suzanne Farese Pro Se
126 N. E. 4th Avenue
Delray Beach, Florida 33483
Suzanne511@att.net and Tf511@att.net
Mobile 954-465-5466

Service:

| | |
|---|---|
| BARRY G. RODERMAN & ASSOC., P.A. 633 SE 3rd Avenue, Suite 4 R Fort Lauderdale, FL 33301 | Tel: (954) 761-8810 Tel \| Primary mail@barryroderman.com BGR@barryroderman.com | Gregory R. Elder, Esq. Law Offices 2300 NW Corporate Blvd., Suite 215 Boca Raton, Florida 33341 (305) 546-1061  gelderlaw@gmail.com |
| The Houston Firm Bart A. Houston, Esquire Counsel for Barry Roderman 1301 East Broward Boulevard, Suite 100 Fort Ld, Fl. 33301\| 954-900-2615 | **Clerk of Court USDC/SDF** 701 Clematis Street Room 202 West Palm Beach, FL 33401 (561) 803-3400 |

Def's Motion for Judgment on the Pleadings

SUZANNE FRESE

126 NE 4th Ave

Delray Beach, Fl. 33483

CPU

Clerk of Court
USDC SDF
701 Clematis St
Roo
West Palm Beach, Fl