UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA PALM BEACH
DIVISION

CASE NO.: 9:12-cv-80762-Middlebrooks

GHAHAN, LLC

    Plaintiff,

vs.

PALM STEAK HOUSE, LLC,
f/k/a PALM STEAK HOUSE
GENTLEMENS CLUB, LLC,

    Defendant,

GHAHAN, LLC

    Third-Party Plaintiff

vs.

SUZANNE FARESE AND DAVID
GOLDSTEIN, AS TRUSTEES OF
PALM BEACH GENTLEMEN'S
CLUB TRUST,

PALM BEACH GENTLEMEN'S
CLUB TRUST

DAVID M. GOLDSTEIN, AS

TRUSTEE OF NOLITA TRUST, NOLITA TRUST,

    AND

BARRY RODERMAN

    Third-Party Defendants.
_____/

### THIRD-PARTY PLAINTIFF, GHAHAN, LLC'S, MOTION FOR LEAVE TO FILE SECOND AMENDEDCOMPLAINT TO CONFORM WITH NEWLY DISCOVERED EVIDENCE

COMES NOW, Third-Party Plaintiff, GHAHAN, LLC ("GHAHAN"), by and through its undersigned attorneys and pursuant to Fed. R. Civ. P. 15 and Fed. R. Civ. P. 16, and the authoritycited herein, and files this, its Motion for Leave to File the Second Amended Complaint **(A copy of the proposed Second Amended Complaint is attached hereto as Exhibit "A")** due to newly discovered evidence on the 8th day of March, 2021 and confirmed as accurate on the 26th day of May 2021, and states:

### I.     Introduction

This Motion to Amend is brought based upon evidence newly discovered on the 8th day of March, 2021, after the amendment and joinder cut-off date, and confirmed as accurate on the 26th day of May 2021. This newly discovered evidence reflects that SUSAN FARESE individually, and not the PALM BEACH GENTLEMEN'S CLUB TRUST ("FARESE TRUST"), received proceeds from the sale of the Defendant, despite SUSAN FARESE not being a member or interest holder in the Defendant. This newly discovered evidence stands in contrast to a variety of documents provided in the Original Litigation and these Proceedings Supplementary and the Answers filed by Third-Party Defendants in this Proceeding Supplementary.

From the filing of suit in the Original Litigation through the entirety of these Proceedings Supplementary, SUSAN FARESE, whether individually or on behalf of the FARESE TRUST, has engaged in a course of obstructionist tactics for the purpose of frustrating the truth finding purpose of this Court. FARESE TRUST was afforded the opportunity to amend its pleadings after the amendment cut-off date, albeit upon the consent of Third-Party Plaintiff, and still did

not seek to refute the allegation that the FARESE TRUST received the proceeds from the sale of the Defendants assets.

Finally, the newly discovered evidence does not require additional discovery as to liability. All that need take place is an amended complaint adding Suzanne Farese as a Defendant.

## II.     Procedural Background

1. This Proceeding Supplementary was initiated by the filing of an Impleader Complaint on October 8, 2019 [D.E. 595].

2. BARRY RODERMAN ("RODERMAN) and FARESE TRUST each filed Motions to Dismiss in response [D.E. 600 and 605].

3. SUZANE FARESE ("FARESE") has participated in all aspects of the present litigation as "counsel" for the FARESE TRUST from the FARESE TRUST'S first responsive pleading in this Proceeding Supplementary [D.E. 605].

4. On March 27, 2020, this Court entered an Order Granting in Part and Denying in part Third-Party Defendants' Motions to Dismiss [D.E. 610].

5. On April 9, 2020, GHAHAN filed its Amended Impleader Complaint [D.E. 611].

6. RODERMAN and FARESE TRUST each filed Motions to Dismiss in response to the Amended Impleader Complaint [D.E. 614, 617, 619 and 626].

7. On November 10, 2020, this Court entered an order denying RODERMAN'S pending Motions to Dismiss the Amended Impleader Complaint [D.E. 629].

8. On November 19, 2020, this Court entered an order denying FARESE TRUST'S pending Motions to Dismiss the Amended Impleader Complaint [D.E. 630].

9. On November 19, 2020, RODERMAN filed his answer to the Amended Impleader Complaint [D.E. 632].

10. On December 16, 2020, FARESE TRUST filed her Answer and Affirmative Defenses to the Amended Impleader Complaint [D.E. 636].

11. On February 4, 2021, this court entered a Scheduling Order [D.E. 653].

12. The Scheduling Order provided that February 22, 2021 was the deadline for joinder of additional parties and to amend the pleadings.

13. The Scheduling Order provided only eighteen (18) days to amend the pleadings.

14. At the time of the entry of the Scheduling Order, the documents provided by Third-Party Defendants in the Original Litigation, along with the Third-Party Defendants' Answers and Affirmative Defenses, reflected that the Third-Party Defendants were the proper parties to these Proceedings Supplementary.

15. The Third-Party Defendants constant pleading and motion practice regarding the proper parties, along with documents produced in support thereof, gave no indication whatsoever that anyone but the Third-Party Defendants were the proper parties to these Proceedings Supplementary. If there had been a single factual or documentary dispute regarding the proper parties, GHAHAN would have sought additional time to allow for amendment so as to conduct discovery on the issue of amendment to add proper parties.

16. On February 22, 2021, FARESE TRUST filed a Motion to Correct its Affirmative Defenses [D.E. 662].

17. On March 8, 2021, FARESE TRUST filed a Motion to Amend/Correct its Answer to the Amended Impleader Complaint [D.E. 672].

18. FARESE TRUST sought to Amend its Answer [D.E. 672] after the amendment deadline.

19. On March 30, 2021, this Court entered a PAPERLESS ORDER granting [672] Third-Party Defendant Suzanne Farese's "Amended Motion to Amend the Affirmative Defenses Pleading" [D.E. 682].

20. On April 8, 2021, FARESE TRUST filed its Amended Answer and Affirmative Defenses [D.E. 636] to GHAHAN'S Amended Impleader Complaint [D.E. 611][D.E. 683].

21. FARESE TRUST was allowed to amend its Answers and Affirmative Defenses after the amendment deadline had passed [D.E. 682].

### III. Old Evidence and the Discovery of New Evidence

22. During the litigation that proceeded this Proceeding Supplementary, GHAHAN was able to obtain documents referent to the sale out of which funds were fraudulently transferred ("Sale").

23. As is germane to the present matter, two (2) of those types of documents are the Agreement of Sale and Purchase and Tax Returns of the Defendant. [D.E. 595 and 611 Exs. A, B & C].

24. The Agreement of Sale and Purchase reflected that the Defendant and Third-Party Defendants were the parties and signatories to the Agreement of Sale and Purchase [D.E. 595 and 611 Ex. A].

25. Tax Returns of the Defendant reflected that all of the assets of the Defendant were sold, and all the proceeds of the Sale were distributed to Third-Party Defendants as distributions. [D.E. 595 and 611 Exs. B & C]

26. In the Amended Impleader Complaint [D.E. 611], GHAHAN alleged that the FARESE TRUST received $803,297 from the proceeds of the Sale, the Nolita Trust received $172,135 from the proceeds of the Sale, and Barry Roderman received $172,135 from the proceeds of the Sale [D.E. 611, ¶¶ 28, 29 AND 30].

27. In RODERMAN'S Answer, RODERMAN admitted that FARESE TRUST received $803,297 from the proceeds of the Sale, the NOLITA TRUST received $172,135 from the proceeds of the Sale, and RODERMAN received $172,135 from the proceeds of the Sale [D.E. 632 ¶1].

28. In FARESE TRUST'S Answer, in regards to the distribution of the Sale proceeds to it, FARESE TRUST admitted that the document speaks for itself and otherwise denied the allegation, and averred that it was without knowledge as to the distributions to RODERMAN and the NOLITA TRUST.

29. On January 16, 2021, GHAHAN propounded its First Set of Requests for Production upon the FARESE TRUST. After GHAHAN agreed to an extension of time to respond, FARESE TRUST filed its responses and objections on March 24, 2021.

30. FARESE TRUST did not produce a single document in response to GHAHAN'S First Set of Requests for Production upon the FARESE TRUST.

31. GHAHAN'S First Set of Requests for Production on FARESE TRUST, sought, amongst other things, documents related to the distribution of the Sale proceeds and as a result, the proper parties to these Proceedings Supplementary.

32. GHAHAN submitted Requests for Production on RODERMAN.

33. The response from RODERMAN, and related documents, were received on

March 8, 2021.

34. RODERMAN'S production contained, among other things, a ledger and checks from the Sale. *See* **Amended Complaint – Exhibit E - Checks and Ledger.**

35. The Checks and Ledger revealed that FARESE individually, and not the FARESE TRUST, received proceeds from the Sale of the Defendant, despite FARESE not being a member or interest holder in the Defendant. *See* Exhibit A.

36. The revelation from the production of RODERMAN was for matters sought from FARESE TRUST that FARESE TRUST has refused to provide.

37. On April 26, 2021, GHAHAN was forced to file a Motion to Compel Production against FARESE TRUST to address FARESE TRUST'S meritless objections and continued obstructionist tactics designed to frustrate the truth finding purpose of this Court [D.E. 687].

38. On May 26, 2021, the veracity and authenticity of the Checks to Farese were confirmed in the deposition of RODERMAN.

39. On May 27, 2021, at the deposition of FARESE, FARESE confirmed that she individually had received the Checks to Farese and deposited the Checks to Farese.

### IV.   Memorandum of Law, With Argument

1. Under Rule 15(a)(2), courts should freely give leave to amend the pleadings "whenjustice so requires." Here, good cause has been shown and the amendment will not be futile underthe law.

### The Amendment is Not Futile

2. In Carollo v. Boria, 833 F.3d 1322, 1332-33 (11th Cir. 2016), the court held that a district court should freely give leave to amend "when justice so requires." Id., Fed. R. Civ. 7P. 15(a)(2);

see Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340 (11th Cir. 2014). In Carolla, the district court set a "[c]ut-off date for adding parties or amended pleadings" of May 8, 2015, admittedly with a stay in place. Id. The court believed that justice required giving Carollo an opportunity to file an amended complaint that resurrects those portions of his complaint that the court dismissed by pleading facts that support the claim. Id. The same result is called for in the present matter.

    3.    Indeed, there are no set of circumstances under the amendment sought here whereby this court can make the legal conclusion that GHAHAN'S Second Amended Complaint will fail. St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 822-23 (11th Cir. 1999); see also Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("a proposed amendment of is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").

    4.    The amendment would merely have a party added who shares the status of an insider with the Third-Party Defendants and is otherwise factually on all fours with the allegation as to the present Third-Party Defendants that have survived dismissal.

    5.    The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he [or she] ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Thus, the court must have a substantial reason to deny a motion to amend. Id. Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undueprejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Foman, 371 U.S. at 182, 83 S.Ct. 227; see also Hargett v. Valley Fed. Savings Bank, 60 F.3d 754, 761 (11th Cir.1995). In the instant matter, none of the negative conducts set out by Foman are present and, as such, leave should be granted to file the Second Amended Complaint as it is notfutile. Taylor v. Fla. State Fair Auth., 875 F. Supp. 812 (M.D. Fla. 1995)(finding that the amendment was not futile).

## Good Cause

6. Next, in a civil action, the district judge shall issue a scheduling order limiting the time to amend pleadings. Fed. R. Civ. P. 16(b)(3)(A). A party must demonstrate good cause for seeking leave to amend its complaint after the deadline set by the scheduling order. Fed. R. Civ. P. 16(b)(4).

7. The Eleventh Circuit has thoroughly explained the factors that courts consider in determining whether a party has shown good cause:

> The key to establishing good cause for an untimely amendment under the Eleventh Circuit's case law is to demonstrate diligence. To this end, the Eleventh Circuit has found three factors to consider when evaluating the diligence of a plaintiff seeking to amend a pleading: "(1) [whether] the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) [whether] the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, [whether] the plaintiff delayed in asking for amendment."
> See Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc., 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (citing Pioneer Int'l (USA), Inc. v. Reid, 2007 U.S. Dist. LEXIS 103739, 2007 WL 4365637, at *2 (M.D. Fla. Dec. 12, 2007)).

8. GHAHAN has NOT failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period. The information supporting the proposed amendment was NOT timely made available to the GHAHAN, rather contrary information and responsive pleadings were submitted by Third-Party Defendants. Whether intentional or not, the pleadings, evidence, testimony and documents tendered by the Defendant and Third-Party Defendants throughout the course of the Original Litigation and these Proceedings Supplementary led to the conclusion that the current Third-Party Defendants were the proper parties to this Proceeding Supplementary. The newly obtained Checks and Ledger are the only item demonstrating that FARESE needs to be added as a party, and fill in gaps that had

heretofore been unknown in the sale agreement and the apparently falsely prepared tax returns.

9. GHAHAN has not delayed in seeking this amendment after acquiring information based on the facts and circumstances outlined above. The information sought was timely sought. The FARESE TRUST still refuses to provide a single document in the discovery of this Proceeding Supplementary. GHAHAN has filed this Motion just two (2) months after its production, three (3) business days after the confirmation of the veracity and authenticity of the information in deposition and two (2) business days after FARESE confirmed her receipt and deposit of the checks made out to her individually.

10. "Good cause" does not have a precise definition or description; nor should it. Instead, it is a context-dependent determination to be made by a district court, and a court's assessment will depend on the particular facts. See Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) ("It is also a liberal [standard]—but not so elastic as to be devoid of substance."). Based on the facts above, goodcause has been shown by GHAHAN. Allowing the amendment would ensure that the "procedural tail of the law does not wag the substantive dog." McCoy v. R.J. Reynolds Tobacco Co., 229 So. 2d 827 (Fla. 4th DCA 2017).

V. CONCLUSION

The impact of the newly discovered evidence is the indisputable conclusion that SUSAN FARESE, individually and as an insider, received more than $1 million from the sale of the Defendant, despite being neither a member nor interest holder in the Defendant. SUSAN FARESE has gone to great lengths throughout the entirety of the Original Litigation and these Proceedings Supplementary to conceal this fact from this Court. GHAHAN now seeks to amend

the pleadings to join SUSAN FARESE, in name only as she has been a constant participant in the litigation, based upon newly discovered evidence and with good cause shown. GHAHAN would respectfully request that this Court grant this motion to amend so as to add SUSAN FARESE as a Third-Party Defendant, and in doing so demonstrate that the procedural and substantive malfeasance of SUSAN FARESE will not be tolerated in this Court.

WHEREFORE, for all of the foregoing reasons, GHAHAN respectfully requests that an order be entered granting it leave to File a Second Amended Complaint, deeming the Second Amended Complaint filed, and for such other and further relief as justice so requires.

## CERTIFICATE OF GOOD FAITH CONFERENCE

**I HERERBY CERTIFY** that pursuant to S.D. Fla. L. R. 7.1(a)(3), the undersigned made reasonable efforts to confer with Barry Roderman and Suzane Farese, representatives for Third-Party Defendants, via e-mail on June 6, 2021, in an effort to resolve the matters set forth herein and Defendants oppose the relief requested herein.

Respectfully Submitted,

BY: /s/*Gregory R. Elder*
Gregory R. Elder, Esq.
Law Offices of Gregory R. Elder, LLC
2300 NW Corporate Blvd., Suite 215
Boca Raton, Florida 33341
(305) 546-1061
gelderlaw@gmail.com

## CERTIFCATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of June, 2021, I served the foregoing on the individuals listed below, via First Class US Mail and e-mail as follows:
    Suzanne Farese, 126 NE 4th Avenue, Delray Beach, Florida 33483; E-mail: tf511@att.net and suzanne511@att.net

    Barry Roderman, c/o Bart Houston E-mail: bhouston@thehoustonfirm.com

*BY: /s/Gregory Elder*
*Gregory R. Elder, Esq.*