UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:12-cv-80762-Middlebrooks

GHAHAN, LLC,

    Plaintiff,

-vs-

PALM STEAK HOUSE, LLC f/k/a
PALM STEAK HOUSE GENTLEMENS
CLUB, LLC,

    Defendants.

    _____/

## **THIRD-PARTY DEFENDANT'S RENEWED STATEMENT OF MATERIAL FACTS**

COMES NOW the Third-Party Defendant, BARRY RODERMAN ("Roderman") by and through the undersigned counsel, and hereby files the following Renewed Statement of Material Facts in support of the Motion for Summary Judgment and Supporting Memorandum of Law pursuant to Rule 56.1, Local Rules for the Southern District of Florida:

### MATERIAL FACTS

1. Roderman entered an appearance on behalf of Thomas R. Farese ("Farese") in the Case Styled Thomas R. Farese v. Kenneth J. Sherer, etc., et.al., Case No.: 00-8950-CIV-MIDDLEBROOKS/VITUNAC in the Southern District of Florida (the "'8950 Case") on or about May 5. 2005. (See, Exhibit A – Notice of Appearance).

2. Roderman's legal representation of Farese in the '8950 Case was made on a contingency basis as trial counsel for a percentage of any final judgment that was rendered in favor of Farese as result of Roderman's legal services. (See, Exhibit B - Declaration of Barry Roderman).

1

3. On or about January 30, 2006 a Final Judgment was rendered on '8950 Case, following a jury verdict, in favor of Farese, in the amount of $13,875,000.00. (See, Exhibit C – Final Judgment.

4. PALM STEAK HOUSE GENTLEMENS CLUB, LLC ("PSHGC") was incorporated in the State of Florida on March 8, 2007. (See, Exhibit D – SunBiz Registration).

5. The Annual report of PSHGC that was filed with the State of Florida on August 4, 2008 listed Roderman as a non-managerial member of PSHGC. (See, Exhibit E – 2008 Annual Report).

6. The 2000 Annual Report coincided with PSHGC granting Roderman a fifteen (15%) interest in the Club to secure his compensation for the legal services rendered on behalf of Farese in the '8950 Case. (See, Exhibit B - Declaration of Barry Roderman).

7. On or about October 1, 2008, PSHGC entered into a Restaurant Nightclub Lounge Management Agreement (the "Management Agreement") with the Third-Party Plaintiff, GHAHAN, LLC (the "Third-Party Plaintiff"). (See, Exhibit F – Management Agreement).

8. Roderman was not involved in the negotiation, preparation, or execution of the Management Agreement, and did not render any legal services to PSHGC regarding any facet of the Management Agreement. (See, Exhibit B - Declaration of Barry Roderman).

9. Section 23.6(ii) of the Management Agreement between the Third-Party Defendant and the Judgment Debtor expressly states:

> Notwithstanding anything to the contrary contained in this Agreement Manager [the Third-Party Plaintiff] agrees that . . . (ii) no property or assets or owner (or any of Owner's affiliates) ***shall be subject to levy, execution or other enforcement procedure for the satisfaction of Manager's remedies under or with respect to this Agreement***. [Emphasis added].

(See, Exhibit F – Management Agreement).

10. In October 2011, PSHGC, now PALM STEAK HOUSE, LLC entered into a Termination of Management Agreement and Mutual Release (the "Termination Agreement"). (See, Exhibit G – Termination Agreement).

11. Roderman was not involved in the negotiation, preparation, or execution of the Termination Agreement, and did not render any legal services to PSHGC regarding any facet of the Termination Agreement. (See, Exhibit B - Declaration of Barry Roderman).

12. Section 4 of the Termination Agreement) between the Third-Party Plaintiff and the Judgment Debtor expressly states as follows:

> Ghahan, on behalf of . . . do hereby release, acquit, and forever discharge and agree to defend, indemnify and hold harmless [the Defendant], its representatives, predecessors, successors, assigns, ***past, present and future members***, officers, agents, servants, and employees, principals, servants, partners, associates, representatives, ***attorneys***, insurers, descendants, dependents, heirs, executors and administrators . . . from any and all past, present and future claims, counterclaims, demands, actions, causes of action, judgments, liabilities, damages, costs, loss of services, expenses, (including reasonable attorney's fees), compensation, ***third-party actions***, suits at law or in equity, or every nature and description, whether known or unknown, suspected or unsuspected, foreseen, or unforeseen, real or imaginary, actual or potential, and whether arising in law or equity, under common law, state or federal law., or any other law, or otherwise. [Emphasis added].

(See, Exhibit G – Termination Agreement).

13. Roderman was not involved in the negotiation, preparation, or execution of the Sale of the Club in 2012, and did not render any legal services regarding any facet of the sale of the Club, with the exception that he was directed to sit through the closing of the transaction, as a last minute substitution for the closing attorney, and was authorized by the closing attorney to sign the closing documents regarding the sale of the Club. (See, Exhibit B - Declaration of Barry Roderman).

14. Following the closing of the sale of the Club, the amount of $172,000.00 from the proceeds of the sale was distributed to Roderman, as a creditor, in satisfaction of the legal fees earned for services rendered in the '8950 Case. (See, Exhibit B - Declaration of Barry Roderman).

15. The Third-Party Defendant served the Third-Party Plaintiff with a Request for Production and Interrogatories to determine the factual support for the allegations contained in the Amended Third-Party Complaint, as well as the liability of the Third-Party Defendant under Florida Statute § 56.29(3).

16. The Third-Party Plaintiff responded or answered the Request for Production and Interrogatories on or about February 22, 2021. (True and correct copies of the Response to the Request to Produce and Answers to the Interrogatories are attached hereto as Composite Exhibit "H").

17. The Response to the Request to Produce and Answers to the Interrogatories provide no tangible evidence from the Third-Party Plaintiff (other than its subjective opinions) that any transfer by the Third-Party Defendant by the Defendant was intended or designed to delay, hinder, or defraud creditors under Section 56.29(3), including the Third-Party Plaintiff.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing was electronically filed with the Clerk of the Courts on the 14th day of June, 2021 with the CM/ECF Filing System and served to counsel of record through the System.

Respectfully Submitted,

BARRY G. RODERMAN & ASSOCIATES, P.A.
*Attorneys for Roderman*
633 S.E. 3rd Avenue, Suite 4R
Ft. Lauderdale, Florida 33301
Telephone: (954) 761-8810
Service: mail@barryroderman.com

By: /s/ Barry G. Roderman
BARRY G. RODERMAN, ESQUIRE
Fla. Bar No.: 105637