UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:12-cv-80762-Middlebrooks

FILED BY _____ D.C.

JUN 16 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

GHAHAN, LLC,

     Plaintiff,

-vs-

PALM STEAK HOUSE, LLC f/k/a
PALM STEAK HOUSE GENTLEMENS
CLUB, LLC,
     Defendants.
_____/

GHAHAN, LLC,
     Third-Party Plaintiff,
-vs-
SUZANNE FARESE and DAVID
GOLDSTEIN, as trustees of Palm
Beach Gentlemen's Club Trust; PALM
BEACH GENTLEMENT'S CLUB TRUST;
ET AL., and BARRY RODERMAN,
     Third-Party Defendants.
_____/

**MOTION FOR SUMMARY JUDGMENT
BY THIRD PARTY DEFENDANT ALLEGED TRUSTEE
AND NOTICE OF ADOPTING THIRD-PARTY DEFENDANT RODERMAN'S
MOTION FOR SUMMARY JUDGEMENT (DE-720 AND 721)**

     SUZANNE FARESE, as alleged Trustee, of the PBGC Trust, Pro Se, ("Movant") a

Third-Party Defendant, respectfully moves pursuant to FED. R. CIV. P. 56 AND 56.1 OF THE

Local Rules of SDF for summary judgment and as grounds therefore, states:

     1.  Movant hereby adopts Third-Party Defendant Ruderman's motion for Summary

Judgement (DE-720 and 721) to the extent the following statements, argument and memorandum of

law apply to Movant.  Specifically, Movant adopt ¶¶ 5, 6, 7, 8, 9, 10, 11, 12,13, 14, and Ruderman's

entire memorandum of law.

     2.  Movant adds with respect to ¶8 regarding the Termination of Management Agreement

and Mutual Release (Termination Agreement) that the Termination Agreement *was **implicitly*** (if not explicitly and expressly) found in the jury verdict to be enforceable and must be enforced. This fact cannot be disputed as it was the main issue put to the jury was whether or not the Termination Agreement was enforceable in its entirety. By its verdict, the jury found that the Termination Agreement and specifically as well, Section 4 thereof, was an enforceable contract / agreement.

3. Movant's motion for summary judgment should be granted.

4. There is no genuine issue of material fact. There is no genuine dispute of material fact.

5. To the extent, and in an abundance of caution, that a separate motion may be required seeking a permissive order by the Court to adopt said motion, Defendant Farese hereby seeks an order granting same, that Defendant Farese be allowed to adopt Defendant Ruderman's motion for summary judgment (DE-720).

6. Due process issues arise in the unusual circumstance here where Suzanne Farese as the alleged Trustee of the PBGC Trust is the wrong party being sued in that she is not a trustee of the PBGC Trust. And as such she has been deprived of the normal routine rights of due process. For example, she has been ordered to produced relevant documents in this action, when she clearly has no such documents in her custody, possession or control, except tax return records which she has produced to Ghahan in the main case, and which was also produced by Roderman and Thomas Farese, spouse to Suzanne.

7. By filing the instant motion, Suzanne Farese as the alleged Trustee of the PBGC Trust, does not waive her pending Motion for Judgment on the Pleadings (DE-707).

8. It is noteworthy, that Plaintiff Ghahan made little if no effort to have the real Trustee, David M Goldstein, of the PBGC Trust, served with process. In Florida, a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of such trust. By its

very terms, legal and equitable title to member interest PBGC is held by the Trustee. Plaintiff's complaint fails as to Suzanne Farese as she is not the Trustee of PBGCT. See [DE-683/705] Exhibit-F, and DE-703, the Redacted Trust Agreement.

### The Court's and Goldstein Exchange Re Discussion of The PBGC Trust

1.      Everyone involved –all parties and the prior court—know that Suzanne Farese is not the Trustee of PBGC Trust. Plaintiff's counsel was present at the December 4, 2015 pre-trial conference during the Court's and Goldstein Exchange Re Discussion of the PBGC Trust:

> MR. GOLDSTEIN:   It had nothing to do with me,
>
> Mr. Roderman, or PBG trust, *which is Mrs. Suzanne Farese. I'm the trustee of that particular trust. Suzanne Farese --*
>
> THE COURT: Tell me about that trust.
>
> MR. GOLDSTEIN: I will, Your Honor.
>
> THE COURT: Who is the beneficiary of it?
>
> MR. GOLDSTEIN: Suzanne Farese is, Your Honor.
>
> THE COURT: Where did the assets come from?
>
> MR. GOLDSTEIN: She bought the assets in the original litigation that we tried the case.
>
> And you are right, we had a percentage fee. We ended up with a percentage with a shopping strip mall where the strip club was located, as well as the business. **And what took place was Mrs. Farese bought that strip center with her own money back in 1997,** or whenever it happened. Mr. Farese put not one penny up, and that's why she had it in trust and she had --
>
> THE COURT: She had it in trust for herself?
>
> MR. GOLDSTEIN: For herself.
>
> THE COURT: She is the donor or grantee under the trust, and she is the beneficiary.
>
> MR. GOLDSTEIN: She is the beneficiary under the trust.
>
> THE COURT: What would be the purpose of that?

MR. GOLDSTEIN: **The purpose of that was -- I was her trustee, and she was the beneficiary under the trust.**

See DE-379, Transcript of Pre-Trial Hearing at page 25 regarding discussion by the Court of the

PBGC Trust in the presence of Plaintiff's counsel, Mr. Roderman, Mr. Goldstein and Mr. Farese.

See DE 683, Exhibit D to the AAD (DE-705).

## CONCLUSION

WHEREFORE, on the basis of the foregoing, Third-Party Defendant Suzanne Farese

respectfully requests that the Court enter an order granting her summary judgment.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of June, 2021, the forgoing document was mailed by United States Postal Service in Delray Beach to the Clerk of Court who will electronically serve those persons listed below.

My spouse, Thomas Farese, assisted in the preparation of this document.

Respectfully submitted,

/s/ Suzanne ~~Suzanne~~ Farese
Suzanne Farese/Pro Se
126 N. E. 4th Avenue
Delray Beach, Florida 33483
Suzanne511@att.net and Tf511@att.net
Mobile 954-465-5466

Service:

| | |
|---|---|
| BARRY G. RODERMAN & ASSOC., P.A.<br>633 SE 3rd Avenue, Suite 4 R<br>Fort Lauderdale, FL 33301 | Tel: (954) 761-8810<br>Tel | Primary mail@barryroderman.com<br>BGR@barryroderman.com | Gregory R. Elder, Esq. Law Offices<br>2300 NW Corporate Blvd., Suite 215<br>Boca Raton, Florida 33341<br>(305) 546-1061  gelderlaw@gmail.com |
| The Houston Firm Bart A. Houston, Esquire<br>Counsel for Barry Roderman<br>1301 East Broward Boulevard, Suite 100<br>Fort Ld, Fl. 33301| 954-900-2615 | **Clerk of Court USDC/SDF**<br>701 Clematis Street Room 202<br>West Palm Beach, FL 33401<br>(561) 803-3400 |

Suzanne Farese
126 NE 4th Ave
Delray Beach, Florida 33483

WEST PALM BCH FL 334

14 JUN 2021 PM 4 L



**Clerk of Court USDC/SDF**
701 Clematis Street Room 202
West Palm Beach, FL 33401
(561) 803-3400

33401-511352